9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN

UNITED STATES OF AMERICA,

Plaintiff,

vs.

D-1 PAUL NICOLETTI,

Defendant.

Case: 2:15-cr-20382
Judge: Rosen, Gerald E.
MJ: Stafford, Elizabeth A.
Filed: 06-23-2015 At 12:41 PM
Sealed Matter (LG)

HONORABLE VICTORIA ROBERTS

VIOLATIONS:
Ct.1: 18 U.S.C. §1349
Cts.2-4: 18 U.S.C. §§1344, 2

OFFENSES:
Ct.1: Bank Fraud Conspiracy
Cts.2-4: Bank Fraud, Aiding and Abetting

/

# *INDICTMENT*

THE GRAND JURY CHARGES:

**GENERAL ALLEGATIONS**

*At all times pertinent to this Indictment:*

1. Fifth Third Bank [5/3] was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation;

2. D-1 PAUL NICOLETTI was an attorney, licensed in the State of Michigan, and the president of Continental Title Insurance Agency, Inc. [Continental], a title insurance agency incorporated in the state of Michigan;

3. Robert Hance was employed by 5/3 as a loan originator;

4. Tyrone Hogan was a real estate developer doing business as Rockridge Holdings, Inc.;

5. Matthew Flynn was a real estate developer doing business as Flynn Financial Services, Inc.;

6. Alan Lucia was, among other things, a mortgage broker doing business as Direct Financial Home Loans;

7. A "straw buyer" was an individual who allowed his/her name and credit history to be used, for a fee, to apply for and obtain a mortgage loan, with no intention to occupy or exercise any of the rights of ownership in the property. These individuals generally had good credit scores, but did not have enough income, or sufficient assets, to qualify for the loans for which they applied;

8. "Primary residence" referred to a question asked by lenders on mortgage applications in order to determine the borrower's intent to live in the residence being purchased. A borrower's intent to occupy the property being purchased was material to the lender in making lending decisions because borrowers who occupy their property as their primary residence are more likely to make the mortgage payments in a timely manner and more likely to take care of the property which is used to secure the mortgage loan;

9. The source of the down payment was material to the lender in making

lending decisions because buyers who have the resources to contribute toward the purchase of a home have proven to be better credit risks;

10. "Sworn Statements" refer to cost statements for prospective construction projects to be undertaken with funds disbursed for mortgage loans for construction and were required by 5/3 bank as part of a construction loan application package;

11. "Sworn Statements" were material to financial institutions' decisions to extend credit because they directly affected the calculations pertaining to the value of the property used as collateral securing mortgage loans for construction.

## COUNT ONE
### (18 U.S.C. §1349 – BANK FRAUD CONSPIRACY)

1. The General Allegations are included in this count;

2. Beginning in or before May 2005, and continuing to in or about November 2005, in the Eastern District of Michigan, Southern Division,

D-1 PAUL NICOLETTI, Robert Hance, Tyrone Hogan, Matthew Flynn, Alan Lucia, and others known and unknown to the grand jury, did knowingly and willfully combine, conspire and agree together to knowingly execute a scheme to defraud 5/3 and to obtain money by material false and fraudulent pretenses and representations from 5/3, in violation of 18 U.S.C. §1344;

## OBJECT OF THE SCHEME AND CONSPIRACY

3. The object of the scheme and conspiracy was to defraud 5/3 and to obtain money from 5/3 in the form of mortgage loans based on false pretenses and representations concerning the mortgage loan applicants, construction costs, and the real estate transactions that the mortgage loans were to finance;

## METHOD, MANNER AND MEANS

4. It was part of the scheme and conspiracy that one or more of the conspirators would find and recruit straw buyers to serve as mortgage loan applicants for the purchase of real property which the conspirators wanted to purchase and develop;

5. It was further part of the scheme and conspiracy that the straw buyers were paid a fee for the use of their names and credit histories in the loan applications and real estate transactions, and were promised a portion of the expected profit after the property was developed and resold;

6. It was further part of the scheme and conspiracy that false information pertaining to the income and assets of the straw buyers was included in the mortgage loan applications to qualify them for mortgage loans that they did not have the resources to repay;

7. It was further part of the scheme and conspiracy that false documents purporting to verify the straw buyers' false income and asset information contained in the mortgage loan applications were created and submitted to 5/3 by one or more of the conspirators;

8. It was further part of the scheme and conspiracy that the mortgage loan applications would falsely allege that the purported purchasers of the properties intended to use the properties as their primary residences;

9. It was further part of the scheme and conspiracy that false information about the source of down payments for the purchase of the properties was provided to 5/3 by one or more of the conspirators;

10. It was further part of the scheme and conspiracy that false "sworn statements" pertaining to construction costs would be prepared and submitted with the loan application packet to 5/3 bank in order to falsely inflate the prospective value of the property to support the issuance of a higher mortgage loan for construction;

11. It was part of the scheme and conspiracy that D-1 PAUL NICOLETTI would knowingly facilitate the fraudulent real estate transactions by acting as the title agent, coordinating and conducting the real estate closings, preparing the

HUD-1 Settlement Statements, and disbursing the proceeds of the mortgage loans, all in violation Section 1349 of Title 18 of the United States Code.

## COUNT TWO
(18 U.S.C. §§1344 & 2 -- Bank Fraud, Aiding and Abetting)

1. The General Allegations and paragraphs 3-11 of Count One are included in this count;

2. On or about August 30, 2005, in the Eastern District of Michigan, Southern Division, D-1 PAUL NICOLETTI and others, aiding and abetting one another, did knowingly execute and attempt to execute a scheme to defraud and for obtaining money from 5/3 by means of material false and fraudulent pretenses and representations, by obtaining a mortgage/construction loan totaling $2,660,000 for the purchase and improvement of 3935 Quarton Road, Bloomfield Hills, Michigan, and by obtaining an initial disbursement of that loan in an amount of $1,754,380, all in violation of Sections 1344 and 2 of Title 18 of the United States Code.

## COUNT THREE
(18 U.S.C. §§1344 & 2 -- Bank Fraud, Aiding and Abetting

1. The General Allegations and paragraphs 3-11 of Count One are included in this count;

2. On or about October 18, 2005, in the Eastern District of Michigan, Southern Division, D-1 PAUL NICOLETTI and others, aiding and abetting one

another, did knowingly execute and attempt to execute a scheme to defraud and for obtaining money from 5/3 by means of material false and fraudulent pretenses and representations, by obtaining a mortgage/construction loan totaling $2,660,000 for the purchase and improvement of 3941Quarton Road, Bloomfield Hills, Michigan, and by obtaining an initial disbursement of that loan in an amount of $1,385,959, all in violation of Sections 1344 and 2 of Title 18 of the United States Code.

## COUNT FOUR
(18 U.S.C. §§1344 & 2 -- Bank Fraud, Aiding and Abetting

1. The General Allegations and paragraphs 3-11 of Count One are included in this count;

2. On or about October 21, 2005, in the Eastern District of Michigan, Southern Division, D-1 PAUL NICOLETTI and others, aiding and abetting one another, did knowingly execute and attempt to execute a scheme to defraud and for obtaining money from 5/3 by means of material false and fraudulent pretenses and representations, by obtaining a mortgage/construction loan totaling $3,570,000 for the purchase and improvement of "Vacant Lone Pine Court," Bloomfield Hills, Michigan, and by obtaining an initial disbursement of that loan in an amount of

$1,824,156.05, all in violation of Sections 1344 and 2 of Title 18 of the United States Code.

THIS IS A TRUE BILL.

s/Foreperson
GRAND JURY FOREPERSON

BARBARA L. McQUADE
United States Attorney

s/John K. Neal
John K. Neal
Chief, White Collar Crimes Unit

s/Craig A. Weier
Craig A. Weier (P33261)
Assistant United States Attorney
White Collar Crimes Unit
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9678
craig.weier@usdoj.gov

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | Criminal Case C | Case: 2:15-cv-12241<br>Judge: Cox, Sean F.<br>MJ: Majzoub, Mona K.<br>Filed: 06-19-2015 At 12:11 PM<br>CMP GRAY ET AL V. CITY OF DEARBORN<br>ET AL (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   [ ]

| **Companion Case Information** | **Companion Case Number:** 11-20236 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☒ Yes   ☐ No | AUSA's Initials: _CW_ |

**Case Title:** USA v. Paul Nicoletti

**County where offense occurred:** Oakland

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

    ✓ Indictment/ ____ Information --- **no** prior complaint.
    ____ Indictment/ ____ Information --- based upon prior complaint [Case number:                ]
    ____ Indictment/ ____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

---

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

June 23, 2015
    Date

Craig A. Weier
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9678
Fax:    (313) 226-2873
E-Mail address: Craig.Weier@usdoj.gov
Attorney Bar #:  P33261

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.   04/13