UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                Criminal No. 15-cr-20382

v.

                                HON. VICTORIA A. ROBERTS

D-1 PAUL NICOLETTI,

                                MJ MONA K. MAJZOUB

                Defendant.

_____/

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR DISCOVERY (Doc. #25)**

The United States of America, through its undersigned counsel,
responds to Defendant's Motion for Discovery (Doc. #25) as follows:

(1-4) The government admits the allegations in Paragraphs One
through Four of the motion;

(5) The government admits that Fifth Third Bank has been
investigated by government agencies, but has insufficient information
upon which to form an opinion as to the other allegations contained in
Paragraph Five of the motion;

(6-7) The government admits that the defendant has made the
requests described in Paragraphs Six and Seven of the motion;

(8) The government admits that there have been public announcements concerning certain conduct of Fifth Third Bank which led to certain payments by Fifth Third Bank in the form of penalties and compensation, but affirmatively states that those matters were entirely unrelated to the activities underlying the present case.

The government admits that the defendant is seeking "consent orders or stipulations or admissions, as well as underlying investigative documents" pertaining to these other matters but affirmatively states that such orders, stipulations, admissions and underlying investigative documents are not in the possession of the government, are wholly irrelevant to the present case, would be inadmissible in the present case for that and other reasons, would not lead to any evidence helpful to the defense, and cannot be construed as "exculpatory information," "impeachment information," or items "material to preparing the defense." For all of these reasons, as more fully developed in the attached Memorandum in Opposition to Defendant's Motion for Discovery, the requested items are not discoverable;

(9-11) The government denies as untrue and erroneous the

allegations and legal conclusions contained in Paragraphs Nine through Eleven of the motion;

(12) The government admits that it opposes the relief sought in the defendant's Motion for Discovery;

WHEREFORE, the United States respectfully requests that the Court deny the defendant's Motion for Discovery.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

s/CRAIG A. WEIER (P33261)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone: (313) 226-9678
E-Mail: craig.weier@usdoj.gov

Date:   September 2, 2016

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                  Criminal No. 15-cr-20382

v.

                                    HON. VICTORIA A. ROBERTS

D-1 PAUL NICOLETTI,

                                  MJ MONA K. MAJZOUB

                Defendant.

_____/

**GOVENRMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR DISCOVERY (Doc. #28)**

## I.    INTRODUCTION.

    D-1 PAUL NICOLETTI [NICOLETTI], fourteen months after his

four-count indictment for mortgage fraud and mortgage fraud

conspiracy, eleven months after his arraignment, and after having

received discovery of thousands of pages of documents and records in

September 2015, and hundreds of pages of witness statements in

February 2016, as well as digital recordings of consensually monitored

conversations and transcripts thereafter, now asks this Court to order

the government to produce what may well amount to hundreds of

thousands of additional records and investigative materials underlying three civil cases and enforcement actions and settlements involving Fifth Third Bank [FTB] in entirely unrelated matters in different jurisdictions.   NICOLETTI asserts that these documents are discoverable under Fed.R.Crim.P.16(a)(1)(E)(i) as being "material to preparing a defense" (i.e., to rebut evidence on the element of materiality) and as exculpatory/impeachment information under *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. NICOLLETTI is wrong.

First and foremost, the discovery he seeks, even if establishing what he claims it might, can have no bearing whatsoever on the issue of materiality of the misrepresentations alleged in this case. The materiality of a misrepresentation in federal fraud cases is judged by application of an objective standard, that is, whether the misrepresentation was one capable of influencing a reasonably prudent lender.   Materiality has nothing to do with whether FTB itself was influenced or whether the misrepresentation was capable of influencing it subjectively. Thus, the records NICOLETTI seeks, even if they

2

established the absurd proposition that FTB routinely made mortgage loans without regard to the information contained in the loan applications or other lending documents submitted, would have no bearing whatsoever on the element of materiality, defined as what would influence a *reasonably prudent lender*. They can therefore not be material to the defense under either Rule 16 or *Brady*.

Second, the government does not possess the records NICOLETTI seeks within the meaning of Rule 16 or *Brady*, because they are not in the possession, custody or control of the prosecution team in this case.

## II.   THE INDICTMENT: THE NATURE AND ELEMENTS OF THE BANK FRAUD CHARGES.

NICOLETTI is charged with conspiring to commit bank fraud and with aiding and abetting three substantive counts of bank fraud. (Doc. 1: Indictment). The indictment alleges a rather generic form of origination-type mortgage fraud, the conspirators being charged with recruiting unqualified straw buyers to purchase high-end residential property in Oakland County using the proceeds of multi-million-dollar mortgage loans from FTB both for the purchases and renovations. (*Id.*).

3

It is alleged that various false statements were used in the mortgage application process to obtain the loans from FTB, including false information about the buyers' income, assets, intent to reside in the homes, the source of down payments and the costs of renovations. (*Id.*) The indictment alleges NICOLETTI's role in the conspiracy and substantive bank fraud counts follows:

> It was part of the scheme and conspiracy that D-1 PAUL NICOLETTI would knowingly facilitate the fraudulent real estate transactions by acting as the title agent, coordinating and conducting the real estate closings, preparing the HUD-1 Settlement Statements, and disbursing the proceeds of the mortgage loans.

(*Id.* at 5-6, Ct.1, ¶11).   He did so in his role as the owner of Continental Title Insurance Agency, Inc. (*Id.* at 1, ¶).

The elements of bank fraud are (1) knowingly executing or attempting to execute a scheme to defraud a financial institution or to obtain money in the control of the financial institution by means of false or fraudulent pretenses, representations or promises; (2) the scheme related to a material fact or included a material misrepresentation or concealment of a material fact; (3) done with the intent to defraud; and

4

(4) the financial institution was federally insured. (Sixth Circuit Pattern Criminal Jury Instructions, §10.03 (2013)).

## III.   THE DISCOVERY SOUGHT IS NOT MATERIAL TO ANY DEFENSE AND IS NOT SUBJECT TO DISCLOSURE UNDER RULE 16 OR *BRADY*.

Rule 16 requires disclosure, upon request, of "documents. . . within the government's possession, custody, or control. . .material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i).   A mere assertion that certain documents are or might be material to preparing the defense, however, is not sufficient to compel disclosure. "It is a defendant's burden to make a prima facie showing of materiality in order to obtain disclosure of a document under Rule 16." *United States v. Dobbins*, 482 F. App'x. 35, 41 (6th Cir.2012) (quoting *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir.1991)).   In *United States v. Lykins*, 428 F.App'x. 621, 623-24 (6th Cir. 2011) the Sixth Circuit explained:

> Materiality under Rule 16 has not been authoritatively defined in this Circuit. However, the Supreme Court has determined that "defense" within the meaning of Rule 16 means the "defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996).

5

> Therefore, the rule applies only to 'shield' claims that 'refute the Government's arguments that the defendant committed the crime charged.'
>
> \* \* \*
>
> [T]here must be an indication that pre-trial disclosure would have enabled the defendant to "alter the quantum of proof in his favor," not merely that a defendant would have been dissuaded from proffering easily impeachable evidence. *Id.* In assessing materiality, we consider the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole. See *id.*

*Lykins* at 624.

*Brady v. Maryland*, 373 U.S. 83, 87 (1963) requires the disclosure of information that is favorable to the defendant and "material" to the defendant's guilt. Applying this rule, the Supreme Court has stressed that "[t]he mere possibility that an item of undisclosed information might . . . help[] the defense, or might . . . affect[] the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109-110 (1976). To the contrary, evidence or information is "material" "only if there is a reasonable probability that," if disclosed, "the result of the proceeding [will be]

6

different." *United States v. Bagley,* 105 S. Ct. 3375, 3383 (1985). Stated differently, the evidence or information must "put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995). To support a *Brady* claim, the burden is on the defendant to show that the desired evidence is favorable and material to his claim of innocence. *United States v. Taylor*, 802 F.2d 1108, 1118 n. 5 (9th Cir. 1986).[1]

Here, NICOLETTI speculates that there exist investigative reports, records and other undescribed documents which are "material to preparing the defense," resulting from civil settlements, one between FTB and the SEC, and two with the United States Attorney's Office for the Southern District of New York, that, he claims, suggest "systemic misconduct. . .relevant to the defense" showing that ". . .Fifth Third as an institution, did not care about the accuracy of information in loan

---

[1] Although the Supreme Court has stated that "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one," (*Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)), the government is mindful that a "district court has general authority to order pretrial disclosure of *Brady* material to ensure the effective administration of the criminal justice system." *United States v. Starusko,* 729 F.2d 256, 261 (3rd Cir.1984).

applications." (Doc.#28: Defendant's Brief at 6, 10).   These investigative reports, records and documents, he asserts, are "material to preparing the defense" under Rule 16 and "material" within the meaning of *Brady,* because they tend to rebut an element of bank fraud, namely, that "the scheme related to a material fact or included a material misrepresentation." (Sixth Circuit Pattern Criminal Jury Instructions, 10.03 (2013)). But NICOLETTI is simply wrong about this element, and has confused or conflated two separate and distinct concepts: *materiality* and *reliance.*   Although the discovery he seeks may be relevant to whether FTB relied on the misrepresentations,[2]  it is certainly not relevant to whether the misrepresentations were material.

It is well settled that the element of the materiality of a

---

2 Nicoletti has not even really shown that the requested items would tend to show that FTB did not *rely on* the misrepresentations in this case. First, none of the settlements are shown to involve the mortgages in this case. Second, none of the settlements concern any allegation that FTB itself practiced or accepted fraud in the origination of mortgages; rather, they involve failing to report to the SEC at the proper time its intent to sell bad mortgages (Doc. 28-2, 28-3), its sale of mortgages as "insurable" by the FHA when it allegedly knew they were not (Doc. 28-4, 28-5), and its buyback of $25m of defective mortgages from Freddie Mac (Doc. 28-6).

misrepresentation in a fraud case is to be determined using an objective

standard, and that reliance on a false statement is not an element of

the offense of bank fraud. Indeed, these concepts are so well ingrained

that they have been incorporated into the Pattern Criminal Jury

Instructions for this Circuit:

> A misrepresentation or concealment is 'material'
> if it has a natural tendency to influence or is
> capable of influencing the decision of *a person of
> ordinary prudence and comprehension.*
> * * *
> Moreover, it is not necessary that the government
> prove that the alleged scheme actually succeeded
> in defrauding anyone, *that someone relied on the
> misrepresentation or false statement*, or even that
> the financial institution suffered a loss.

(emphasis added)(Sixth Circuit Pattern Criminal Jury Instructions,

§10.03, ¶¶2(D), 3 (2013)).   As noted in the committee commentary:

> As to whether the fraud must be capable of
> deceiving persons based on a subjective ("however
> gullible") standard or an objective ("person of
> ordinary prudence") standard, in most cases the
> objective standard provided in paragraph (2)(D)
> of the instruction is appropriate. The Sixth
> Circuit has stated that the standard to be used is
> an objective one. *See, e.g.*, *United States v.
> Jamieson*, 427 F.3d 394, 415-16 (6th Cir. 2005);
> *Berendt v. Kemper Corp.*, 973 F.2d 1291, 1294
> (6th Cir. 1992); *Blount Fin. Servs., Inc. v. Walter*

9

> *E. Heller and Co.*, 819 F.2d 151, 153 (6th Cir.
> 1987); *United States v. Van Dyke*, 605 F.2d 220,
> 225 (6th Cir. 1979); and *United States v. Bohn*,
> 2008 WL 2332226 at 9, 2008 U.S. App. LEXIS
> 12474 at 26 (6th Cir. 2008) (unpublished).

(Committee Commentary Instruction 10.03, Sixth Circuit Pattern
Criminal Jury Instructions).   The Committee went on to observe that,
in a case where a vulnerable victim is targeted because of their
vulnerability, a subjective determination of materiality should be
considered. (*Id.*).

Other circuits agree. The Ninth Circuit explained that the
objective standard is appropriate because the inquiry turns on the
defendant's state of mind, not the lender's. "The Supreme Court has
confirmed that the government need not prove reliance to establish
materiality." *United States v. Blixt*, 548 F.3d 882, 889 (9th Cir. 2008).
"[A] misrepresentation may be material without inducing any actual
reliance. What is important is the intent of the person making the
statement that it be in furtherance of some fraudulent purpose." *Id.*
(citation omitted). Accordingly, "[t]here is no requirement that the
statements actually influence those to whom they are addressed."

10

*United States v. Jenkins*, 633 F.3d 788, 802 n.3 (9th Cir. 2011).

The objective, defendant-focused test for materiality means that a lie is material without regard to whether the person to whom the lie is directed actually knows the truth and cannot possibly act in reliance on the lie.   A false statement to a person who knows of the statement's falsity and would not rely on it is still material. *United States v. Goldfine*, 538 F.2d 815, 820 (9th Cir. 1976). *See also, United States v. Lupton,* 620 F.3d 790 806-807 (7th Cir. 2010) ("When statements are aimed at misdirecting agents and their investigation, even if they miss spectacularly or stand absolutely no chance of succeeding, they satisfy the materiality requirement."); *United States v. Mehanna*, 735 F.3d 32, 54-55 (1st Cir. 2013) *cert. denied*, No. 13-1125, 2014 WL 1052438 (U.S. Oct. 6, 2014) ("[W]here a defendant's statements are intended to misdirect government investigators, they may satisfy the materiality requirement of section 1001 even if they stand no chance of accomplishing their objective.").

In fact, "a misrepresentation may be material even if evidence demonstrates that the misrepresentation would not have actually

11

influenced or actually deceived the lender." *United States v. Haischer*, 2:11-CR-00267 MMD CWH, 2012 WL 5288006, *3 (D. Nev. Oct. 24, 2012); *see, United States v. Litos*, No. 2:12-cr-00175-PPS, 2014 WL 2216096, at *4 (N.D. Ind. May 28, 2014) ("[T]he fact that the fraud was a lot easier to commit than the defendants expected doesn't mean that the defendants didn't intend to commit fraud, or that the information wasn't objectively material with respect to a loan application."); *United States v. Lankford*, No. 2:10-CR-00398 AWI BAM, 2013 WL 2295988, *2-3 (E.D. Cal. May 24, 2013); *United States v. Maximov*, 2:10-CR-822 PHX DGC, 2011 WL 4915162, *1-*2 (D. Ariz. Oct. 17, 2011); *see also United States v. Reynolds*, 189 F.3d 521, 525 (7th Cir. 1999) ("Reliance is not an element of proving a § 1344 violation. . . Evidence that the bank would not have relied on [defendant's] representations, and instead would have made an exception for him, does not establish that the representations were immaterial; that is, the representations would not have a tendency to influence the bank's decision-making."); *United States v. Menichino*, 989 F.2d 438, 440 (11th Cir. 1993) (quotations omitted) ("So long as a defendant, in order to cause a bank to take some

action, makes a misrepresentation that a reasonable bank would consider important in deciding whether to act as the defendant wishes, and intends by this representation to deceive the bank, in the furtherance of fraud, the misrepresentation is material, even if the bank does not act as the defendant desires or does not actually rely on the misrepresentations").

Because reliance is not an element of any of the counts of conviction in this case, even if NICOLETTI's arguments are credited, the lies submitted to FTB are still material because they had a natural tendency to influence or were capable of influencing a reasonably prudent lender. The relevant question is the objective tendency or capability of a false statement to influence a decision, and not the subjective or actual reliance on that statement by the victim. That is "[b]ecause the focus of the mail fraud statute, like any criminal statute, is on the violator, [and] the purpose of the element of materiality is to ensure that a defendant actually intended to create a scheme to defraud." *United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009); *see, Blixt*, 548 F.3d at 889 ("'A misrepresentation may be material

13

without inducing any actual reliance. What is important is the intent of the person making the statement that it be in furtherance of some fraudulent purpose.'"), *quoting United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981).

Because this concept is so well established, the First and Ninth Circuits have adopted a bright-line test for the materiality of a misrepresentation in a bank fraud case. In *United States v. Appolon,* 715 F.3d 362, 368 (1st Cir. 2013), the court explained that "[t]he fact that the loan application explicitly sought this information [income, assets, intent to reside at the property] from the applicant indicates that the responses were capable of influencing its decision."   Likewise, in *United States v. Prieto,* 812 F.3d 6, 14 (1st Cir. 2016), the Court observed:

> Even in the face of anecdotal evidence that, at the time, residential lenders were devoting scant resources to the verification of applicants' income levels, it is nevertheless fair to presume that a loan applicant's stated income level and plan for using the property in question would have a "natural tendency" to influence a lender's decision. Why else, after all, did the lender demand the information and Prieto take the risk of providing false information?"

14

Recently, the Ninth Circuit, relying on these decisions, held "as a matter of law, that when a lender requests specific information in its loan applications, false responses to those specific requests are objectively material for purposes of proving fraud." *United States v. Lindsey,* --Fed.Appx.--, 2016 WL 3552955 (9th Cir. June 28, 2016).

There is no doubt in this case that NICOLETTI has misapprehended the meaning of the element of materiality. He claims first that the government "must prove beyond a reasonable doubt that the decision-makers at Fifth Third would have refused to make the loans…had they known that facts that [sic] were being misrepresented," (Doc.28: Defendant's Brief at 6). This is wrong on two levels. First, it employs a subjective test: what the decision-makers at *Fifth Third* would have done rather than what a *reasonably prudent lender* would have done. But, second, it suggests that the false statement must be the sole basis for the decision rather than "capable of influencing" it. NICOLETTI also asserts that "[i]f the decision-makers at Fifth Third did not care whether representations in loan applications were accurate so long as the representations qualified the applicants for the loans they

15

were seeking, Fifth Third cannot have been defrauded." (*Id*.). This characterization clearly shows that NICOLETTI believes that the test for materiality is subjective rather than objective.   But the law is clear.   It really does not matter what the decision-makers at FTB thought, what they may or may not have done, whether they were negligent or reckless or even complicit in the fraud.   The test for materiality is whether the misrepresentation "has a natural tendency to influence or is capable of influencing the decision of *a person of ordinary prudence and comprehension.*" (Sixth Circuit Pattern Instruction, §10.03(2)(D))[3].

Because the test to be employed to determine materiality is an objective standard, what FTB knew or did not know, or believed or did

---

[3] Taking Nicoletti's argument to its logical conclusion also exposes its fallacy. Assuming that his assertions are correct and that FTB as an institution was simply giving away money knowing that the mortgages would be securititized and sold upstream, thus becoming implicit in fraud against the purchasers of the mortgages, it would still be important, subjectively, that the loan applications and related documents contain the misrepresentations, and FTB would not have made loans without them, so as to insure the mortgages would be marketable upstream. Either way, applying the correct objective standard, or applying the subjective standard as Nicoletti erroneously espouses, in this scenario, the misrepresentations are material.

16

not believe, is entirely immaterial to the determination, and, thus, not material to the defense.   Because it is NICOLETTI's burden to show the discovery he seeks is material, either under Rule 16 or *Brady,* his motion should be denied.

## IV.   EVEN IF NICOLETTI COULD SHOW THE REQUESTED INFORMATION IS MATERIAL TO THE DEFENSE, IT IS NOT WITHIN THE POSSESSION, CUSTODY, OR CONTROL OF THE PROSECUTION IN THIS CASE.

NICOLETTI's request should also be denied because the records he seeks are not within this EDMI prosecution's possession, custody or control.   U.S. Attorneys exercise plenary authority in their respective districts. 28 U.S.C. § 547 (2006); U.S.A.M. § 9-2.001. The U.S. Attorney for the EDMI cannot direct an out-of-district U.S. Attorney, or his assistants. 28 U.S.C. § 542. Only the Attorney General can resolve a dispute between offices. 28 U.S.C. § 541; 28 C.F.R. § 0.195 (2013). Rule 16 does not contemplate the USAO-EDMI producing, as material to the defense, items not within its "possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E)(i). NICOLETTI bears the burden of establishing that the information sought in his discovery request is "within the possession, custody or control" of the government in this

17

case. *United States v. Santiago,* 46 F.3d 885, 893 (9th Cir. 1995). He has failed to do so, as the settlement information and documents underlying it are in the possession of the S.E.C., the SDNY United States Attorney, and their investigators, and have never been in the possession, custody or control of the prosecution team in this case.

Similarly, while *Brady* places an affirmative obligation on the prosecution "to learn of any favorable evidence known to the others acting on the government's behalf in this case," *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), courts have held that "*Kyles* cannot be read as imposing a duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in this investigation or prosecution at issue."  *United States v. Merlino*, 349 F.3d 144, 154 (3d Cir. 2003) (citing *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996)) (prosecutor didn't have obligation to turn over BOP tapes); *see also Morris*, 80 F.3d at 1169-70 (in prosecution for mail and wire fraud, prosecutor had no duty to search for, and was not charged with knowledge of, allegedly exculpatory information held by the Office of Thrift Supervision, the Securities and Exchange

18

Commission, or the Internal Revenue Service, where the prosecutor was unaware of the existence of the information and those agencies were not part of the investigation or prosecution team).

Here, NICOLETTI seeks reports, documents and records created or obtained during the investigations leading to a settlement between the SEC and FTB.   The SEC has never been part of the prosecution team in this case.   Next, he seeks the same information stemming from an $85 million settlement in a civil case investigated by SIGTARP. SIGTARP has never been part of the prosecution team in this case. Lastly, NICOLETTI seeks information about a $25m civil settlement between Freddie Mac and FTB, apparently also out of the SDNY, referenced in a Wall Street Journal article he cites. There is no indication who investigated this matter, but no federal agent involved in this case took part.   As NICOLETTI points out, the Ninth Circuit has held that information "is 'in the possession of the government' if the prosecutor 'has knowledge of and access to the documents sought by the defendant.'" Santiago, 46 F.3d at 893. The prosecution team in this case does not have knowledge and access to the documents NICOLETTI

19

seeks.   Consequently, there is no obligation to produce them under either Rule 16 or *Brady*.

## V.   CONCLUSION.

Because the discovery NICOLETTI seeks, even if establishing what he claims it might, can have no bearing on the issue of materiality of the misrepresentations at issue here, and because the government does not possess those records within the meaning of Rule 16 or *Brady*, NICOLETTI's Motion for Discovery should be denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

s/CRAIG A. WEIER (P33261)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone: (313) 226-9678
E-Mail: craig.weier@usdoj.gov

Date:   September 2, 2016

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-1 PAUL NICOLETTI,

                Defendant.

_____/

Criminal No. 15-cr-20382

HON. VICTORIA A. ROBERTS

MJ MONA K. MAJZOUB

## CERTIFICATE OF SERVICE

I hereby certify that on **September 2, 2016**, I filed the foregoing document with the Court via CM/ECF, which will serve notice on counsel of record, John Minock, Esq. of 339 E. Liberty Street, Suite 200, Ann Arbor, Michigan 48104

/s Craig A. Weier
Craig A. Weier (P33261)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9678

21