## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,     CRIMINAL ACTION NO. 15-cr-20382

  v.        DISTRICT JUDGE VICTORIA A. ROBERTS

PAUL NICOLETTI,     MAGISTRATE JUDGE MONA K. MAJZOUB

   Defendant.

_____/

### OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY [28]

This matter comes before the Court on Defendant Paul Nicoletti's Motion for Discovery. (Docket no. 28.) Defendant filed an Errata Sheet with regard to his Motion (docket no. 29), Plaintiff United States of America responded to Defendant's Motion (docket no. 33), and Defendant replied to Plaintiff's Response (docket no. 35). The parties have also filed a Joint Statement of Resolved and Unresolved Issues relative to Defendant's Motion. (Docket no. 36.) The Motion has been referred to the undersigned for consideration. (Docket no. 30.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

### I. BACKGROUND

On June 23, 2015, Defendant was indicted on one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and three counts of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344 & 2. (Docket no. 1.) Specifically, the Indictment alleges that from approximately May 2005 to November 2005, Defendant, an attorney licensed in the State

of Michigan and the President of Continental Title Insurance Agency, Inc., did knowingly and willfully conspire with and aid and abet others to execute and attempt to execute a scheme to defraud and obtain money from Fifth Third Bank by securing three multi-million dollar mortgage/construction loans under material false and fraudulent pretenses and representations. (*Id.*) The Indictment also alleges that as part of the scheme and conspiracy, Defendant and his alleged co-conspirators employed straw buyers to serve as mortgage loan applicants for the purchase of real property that the conspirators wanted to purchase and develop. (*Id*. at 4.) It was also allegedly part of the scheme and conspiracy to provide false information in the loan applications regarding the income and assets of the straw buyers, the source of the down payments for the loans, and the intentions of the purported purchasers to use the properties as their primary residences to qualify the straw buyers for the loans. (*Id*. at 4-5.) According to the Indictment, Defendant's role in the conspiracy was to knowingly facilitate the fraudulent real estate transactions by acting as the title agent, coordinating and conducting real estate closings, preparing HUD-1 Settlement Statements, and disbursing the proceeds of the mortgage loans. (*Id*. at 5-6.)

Defendant filed the instant Motion for Discovery on August 5, 2016, through which he seeks a court order compelling Plaintiff to produce evidence of Fifth Third Bank's alleged misconduct or improper practices related to the issuance and sale of mortgage loans during the time period relevant to the allegations in the Indictment, which evidence was allegedly generated through investigations conducted by other government agencies, such as the United States Department of Justice, the Securities and Exchange Commission, and the Residential Mortgage-Backed Securities Working Group. (Docket nos. 28 and 29.)

## II.     GOVERNING LAW

Defendant asserts that the information requested is discoverable under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).  (Docket no. 29 at 11-12.) Under Rule 16, upon a defendant's request, the government must permit the defendant to inspect and copy documents within its possession, custody, or control that are material to preparing the defense.  Fed. R. Crim. P. 16(a)(1)(E)(i).  Under *Brady v. Maryland,* a defendant's due process rights are violated when the government withholds evidence favorable to the defendant that is material to guilt or sentencing.  *Brady*, 373 U.S. at 87.  Evidence is material under *Brady* "when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different."  *Cone v. Bell,* 556 U.S. 449, 469-70 (2009) (citing *United States v. Bagley,* 473 U.S. 667, 682 (1985)).  Nevertheless, "[t]he Supreme Court has made clear that the *Brady* rule is not an evidentiary rule which grants broad discovery powers to a defendant."  *United States v. Todd,* 920 F.2d 399, 405 (6th Cir. 1990).  "The Court also has made it clear that while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure."  *United States v. Presser,* 844 F.2d 1275, 1281 (6th Cir. 1988).

## III.    ANALYSIS

"To obtain a conviction for bank fraud under 18 U.S.C. § 1344, the government must demonstrate three elements: '(1) that the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; (2) that the defendant did so with the intent to defraud; and (3) that the financial institution was insured by the FDIC.'"  *United States v. Warshak*, 631 F.3d 266, 312 (6th Cir. 2010) (quoting *United States v. Everett,* 270 F.3d 986, 989

(6th Cir. 2001)).   Consistent with the common-law definition of "fraud," the government must also demonstrate that the alleged falsehood made by the defendant was material.   *United States v. Gordon*, 493 F. App'x 617, 629 (6th Cir. 2012) (citing *Neder v. United States,* 527 U.S. 1, 22 (1999)); *United States v. Murray*, 152 F. App'x 492, 494 (6th Cir. 2005) (citing *Neder*, 527 U.S. at 25).   "In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." *Neder*, 527 U.S. at 16 (citations and internal quotation marks omitted).

Defendant asserts that the evidence he seeks is relevant to the element of materiality. (Docket no. 29 at 3.)   Specifically, Defendant believes that the evidence will show that Fifth Third Bank systemically approved volumes of fraudulent loan applications without regard to the accuracy of the information therein or to the borrower's ability to pay, in an effort to generate profits.   (*Id.* at 3, 12-14.)   Defendant explains that this evidence will negate the element of materiality because it indicates that any misrepresentations or omissions in the loan applications would not have had a tendency to influence the decision makers at Fifth Third Bank to approve or deny the loan applications.   (*Id.* at 3.)   Defendant expounds that "[i]f the decision-makers at Fifth Third did not care whether representations in loan applications were accurate so long as the representations qualified the applicants for the loans that they were seeking, Fifth Third cannot have been defrauded, because any misrepresentations were not material to their decisions." (*Id.* at 10-11 (footnote omitted).)

Plaintiff asserts that where it has been over fourteen months since the Indictment and Defendant has already received thousands of pages of discovery, Defendant's request for "what may well amount to hundreds of thousands of additional records and investigative materials underlying three civil cases and enforcement actions and settlements involving Fifth Third Bank

4

[] in entirely unrelated matters in different jurisdictions" is improper. (Docket no. 33 at 4-5.) Plaintiff continues that the discovery Defendant seeks has no bearing on the materiality of the misrepresentations alleged in this case. (*Id.* at 5.) Plaintiff argues in this regard that materiality in federal fraud cases is judged under an objective standard, that is, whether the misrepresentation was one capable of influencing a reasonably prudent lender, and it has nothing to do with whether the misrepresentation actually influenced or was capable of influencing Fifth Third Bank subjectively. (*Id.*) Plaintiff further argues that it does not have possession of or access to the documents Defendant seeks, as they are in the possession of other government agencies. (*Id.* at 6, 20-23.)

Defendant replies that the materials sought are relevant because Fifth Third Bank's underwriting and lending practices were at issue in the subject government investigations. (Docket no. 35 at 1.) Defendant also replies that the objective "reasonably prudent lender" standard of materiality advocated by Plaintiff is contrary to Supreme Court precedent, particularly *Neder, supra*, which Defendant asserts defines materiality with regard to the actual decisionmaker. (*Id.* at 1-6.) According to the parties' Joint Statement of Resolved and Unresolved Issues, the parties have been unable to resolve the issue of whether the test for materiality is objective or subjective, but they agree that if it is determined to be an objective standard, then the discovery Defendant seeks is not material to his defense under Rule 16 or *Brady*. (Docket no. 36 at 1-2.)

The law of this Circuit is well settled that the element of materiality in fraud cases is governed by an objective standard. In *United States v. Jamieson,* 427 F.3d 394 (6th Cir. 2005), the Sixth Circuit held that "a scheme to defraud, as prohibited by the mail fraud statute,[1] 'must

---

[1] "The bank, mail and wire fraud statutes all employ identical 'scheme to defraud' language and thus are to be interpreted *in pari materia.*"  *United States v. McAuliffe*, 490 F.3d 526, 532 n.3 (6th Cir. 2007) (citations omitted).

involve misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension.'"  *Jamieson*, 427 F.3d at 415 (quoting *Berent v. Kemper Corp.,* 973 F.2d 1291, 1294 (6th Cir. 1992) (quoting *Walters v. First Tenn. Bank,* 855 F.2d 267, 273 (6th Cir. 1988))).  Notably, the *Jamieson* court found that a plain reading of *Neder* did not change this requirement.  *Id*. at 415-16.  Moreover, as recently as this year, the Sixth Circuit held that "[t]o satisfy the materiality requirement, the fraudulent scheme must 'be credible enough to deceive persons of ordinary prudence and comprehension.'"  *United States v. Bravata*, 636 F. App'x 277, 283 (6th Cir. 2016), *cert. denied*, No. 15-9456, 2016 WL 3002210 (U.S. Oct. 3, 2016) (quoting *Jamieson*, 427 F.3d at 416).  *See also United States v. Benchick*, No. 13-cr-20453, 2014 WL 4181970, at *3 (E.D. Mich. Aug. 21, 2014) (("The test for determining whether a misrepresentation is material is an objective standard.").  Furthermore, as both Plaintiff and Defendant point out, the Sixth Circuit's Pattern Jury Instructions for bank fraud employ an objective standard: "A misrepresentation or concealment is 'material' if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension."  (Docket no. 33 at 12 (quoting Sixth Circuit Pattern Criminal Jury Instructions, § 10.03, ¶ 2(D) (2013)); docket no. 35 at 3.)

Additionally, courts in this Circuit and others nationwide have addressed and rejected arguments virtually identical or substantially similar to those advanced by Defendant regarding the element of materiality in bank fraud cases.  In *United States v. Benchick, supra*, the defendant argued that the alleged inaccuracies in his loan applications were immaterial because the applications were submitted at a time when the lending culture of the subject banks was such that anyone could get a loan, regardless of the content of the loan applications.  2014 WL 4181970, at *3.  The court held that the defendant's argument was without merit because materiality is

governed by an objective standard, and the defendant's allegedly false statements could influence a bank's decision to approve or deny a loan. *Id.* The court reasoned that the banks' alleged negligence in lending would only speak to the question of whether the banks actually relied on the false statements, not to the materiality of the defendant's alleged misrepresentations. *Id.* (citing *United States v. Ovist*, No. 3:11-CR-00076-BR, 2013 WL 119674, at *2 (D. Or. Jan. 9, 2013)). *See also United States v. Reynolds*, 189 F.3d 521, 525 (7th Cir. 1999) ("Evidence that the bank would not have relied on [the defendant's] representations . . . does not establish that the representations were immaterial."); *United States v. Appolon*, 715 F.3d 362, 368 (1st Cir. 2013) ("The fact that [the] loan application explicitly sought [] information from the applicant [regarding income, assets, and intent to reside in the property, all of which assess creditworthiness,] indicates that [the defendant's] responses were capable of influencing [the bank's] decision."); *United States v. Lindsey*, 827 F.3d 865, 867 (9th Cir. 2016) ("[W]hen a lender requests specific information in its loan applications, that information is objectively material as a matter of law, regardless of the lenders' policies or practices with respect to use of that information.").

In light of the precedent discussed above, this Court finds that Defendant's argument that the element of materiality in fraud cases is governed by a subjective standard lacks merit. Notably, Defendant has failed to support his argument with any binding post-*Neder* authority, and the Court finds none. Through *Jamieson* and *Bravata, supra*, the Sixth Circuit has made clear that materiality as an element of fraud is determined under an objective standard. And, as both Defendant and Plaintiff conceded in the Joint Statement of Resolved and Unresolved Issues, where materiality is determined on an objective basis, the discovery Defendant seeks through the instant Motion regarding Fifth Third Bank's lending practices is not material to his defense under

Federal Rule of Criminal Procedure 16 or otherwise discoverable under *Brady v. Maryland*. (*See* docket no. 36 at 1-2.) Accordingly, the Court will deny Defendant's Motion for Discovery.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Discovery [28] is **DENIED**.

## <u>NOTICE TO THE PARTIES</u>

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  November 16, 2016          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## <u>PROOF OF SERVICE</u>

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated:  November 16, 2016          s/ Lisa C. Bartlett
                                   Case Manager