UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No: 15-20382
                                             Hon. Victoria A Roberts

v.

PAUL NICOLETTI,

        Defendant.

_____/

**ORDER OVERRULING DEFENDANT'S
OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER**

Paul Nicoletti ("Nicoletti") seeks to compel the United States Government to produce evidence generated from its investigations into mortgage fraud. He says it is relevant to prove that Fifth Third Bank systematically approved fraudulent loan applications to generate profits. Given Fifth Third Bank's misconduct, Nicoletti says that "materiality" is an essential element of the bank fraud and bank fraud conspiracy charged in this case, and that any misrepresentations he may have made were not material to Fifth Third's decision to approve his loan applications.

Nicoletti filed objections to Magistrate Judge Majzoub's Order Denying Defendant's Motion for Discovery. The objections are fully briefed.

When reviewing objections to a magistrate judge's order on a non-dispositive matter, a district court must modify or set aside any part of the order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001).

1

Nicoletti makes a pure legal argument in his objections, which merely reiterates his earlier argument: he says the Sixth Circuit's objective standard to measure materiality is contrary to Supreme Court precedent, particularly *Neder v. United States*, 527 U.S. 1, 22 (1999). Nicoletti argues *Neder* applies a subjective standard and defines materiality with regard to the actual decisionmaker. These objections lack merit.

First and foremost, Nicoletti expects this Court to ignore Sixth Circuit precedent. The Sixth Circuit has well-settled law that the Court applies an objective standard to determine the materiality element in fraud cases. See *United States v. Bravata*, 636 F. App'x 277, 283 (6th Cir. 2016) ("to satisfy the materiality requirement, the fraudulent scheme must 'be credible enough to deceive persons of ordinary prudence and comprehension.'"); *citing United States v. Jamieson*, 427 F.3d 394 (6th Cir. 2005).

The test for materiality was not before the *Neder* Court. The issues presented in *Neder* were: (1) whether the court's omission of an element in jury instructions is subject to harmless error; and (2) whether materiality is an element of federal mail fraud, wire fraud, and bank fraud. *Neder v. United States*, 527 U.S. 1, 2.

Importantly, the *Jamieson* Court did not interpret *Neder* to indicate that the Sixth Circuit should not apply an objective test to determine materiality. *Jamieson*, 427 F.3d 394, 415-416 ("We do not read *Neder* to indicate that we must change the requirement in this circuit that a mail fraud scheme be credible enough 'to deceive persons of ordinary prudence and comprehension.'").

An independent review of the Magistrate Judge's order shows that none of her legal conclusions is clearly erroneous or contrary to Sixth Circuit law.

The Court **OVERRULES** Nicoletti's objections and **UPHOLDS** Magistrate Judge Majzoub's order.

**IT IS ORDERED.**

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: February 17, 2017

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 17, 2017.
>
> s/Linda Vertriest  
> Deputy Clerk