UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No: 15-20382
                                                  Honorable Victoria A. Roberts

PAUL NICOLETTI,

    Defendant.
_____.

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
IMPROPER EVIDENCE AND ARGUMENT [Doc. 48]**

    **I.    INTRODUCTION**

The United States charged Paul Nicoletti ("Nicoletti") in a four-count indictment with conspiracy to commit bank fraud and aiding and abetting bank fraud. The United States filed a motion in *limine* to preclude Nicoletti from introducing evidence and argument which: (1) suggests that the victim financial institution invited or could have prevented the fraud; (2) suggests that the victim financial institution subjectively did not rely on his misrepresentations or omissions; and, (3) references the foreclosure crisis and the Government's actions in seeking to resolve the crisis.

Nicoletti says that he does not intend to raise the issue of reliance or refer to the foreclosure crisis at trial. Thus, the only issue in dispute is the relevancy of evidence or argument related to Fifth Third Bank's own efforts to prevent fraud.

The Court **GRANTS** the Government's motion in *limine*, based on the evidence Nicoletti proffers in his Response to the Government's motion.

## II. BACKGROUND

Nicoletti is an attorney licensed in the State of Michigan and President of Continental Title Insurance Agency, Inc. The United States indicted him on one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and three counts of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344 & 2.

The Indictment alleges Nicoletti willfully conspired with and aided and abetted others to obtain multi-million dollar mortgage/construction loans from Fifth Third Bank under material false and fraudulent pretenses and representations.

The Indictment also alleges that as part of the scheme and conspiracy, Nicoletti and others employed straw buyers to serve as mortgage loan applicants to purchase and develop real property. The Government says these straw buyers supplied false information concerning income and assets, the sources of down payments for the loans, and their intentions to use the properties as primary residences.

According to the Indictment, Nicoletti's role in the conspiracy was to knowingly facilitate the fraudulent real estate transactions by acting as title agent, coordinating and conducting real estate closings, preparing HUD-1 Settlement Statements, and disbursing proceeds of the mortgage loans.

## III. STANDARD OF REVIEW

District courts have broad discretion over matters involving the admissibility of evidence at trial. *U.S. v. Seago*, 930 F.2d 482, 494 (6th Cir.1991). In determining the admissibility of evidence, the Court must first decide whether the evidence is relevant. Under the Federal Rules of Evidence, relevant evidence

is that which has "any tendency to make a fact more probable or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Under Fed. R. Evid. 402, all relevant evidence is admissible, unless a statute or rule provides otherwise. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Further, "the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

## IV.   ELEMENTS OF BANK FRAUD

To obtain a conviction for bank fraud under 1818 U.S.C. § 1344, the government must prove three elements: (1) the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; (2) the defendant did so with the intent to defraud; and, (3) the financial institution was insured by the FDIC.'" *United States v. Warshak*, 631 F.3d 266, 312 (6th Cir. 2010).

## V.   DISCUSSION

The Government argues the Court should preclude Nicoletti from offering evidence to support a "blame the victim" defense. Generally, the Government seeks to preclude "any evidence and argument that suggest that Fifth Third Bank invited or could have prevented the fraud." This could potentially cover a broad range of evidence. The Government does not tell the Court what specific evidence it seeks to exclude.

In response, Nicoletti says the evidence he will present will show that his alleged representations were not material to the bank's decision to approve the loan applications.

Nicoletti's response outlines the specific evidence he seeks to admit, which he says is relevant to materiality. Specifically, Nicoletti seeks to introduce evidence that:

1. His alleged representations in the HUD-1 statements were based on closing instructions from Fifth Third Bank;
2. Fifth Third Bank made its lending decision before the time of closing;
3. Fifth Third Bank employees manipulated the loan processing, including the underwriters who waived "red flags," whom Nicoletti had no control over or contact with;
4. Fifth Third Bank employee conduct demonstrates that the alleged misrepresentations were not material; and,
5. Government witnesses have an incentive to protect themselves.

The Government does not address Nicoletti's specifics. Instead, it asserts a general argument that the Court should preclude Nicoletti from advancing a "blame the victim" defense because it is not relevant to materiality.

The Court agrees with the Government that evidence not relevant to prove or disprove the elements of the crimes charged, should be excluded.

Motions in *limine* are to be specific, so the Court can know exactly what evidence a party seeks to include or exclude. The Court will not exclude broad categories of evidence. The Court will only address the specific evidence that Nicoletti seeks to introduce that he says is relevant to materiality.

*a. Materiality*

The Government must prove that the alleged misrepresentations made by Nicoletti were material. *United States v. Gordon*, 493 F.App'x 617, 629 (6th Cir. 2012) (citing *Neder v. United States*, 527 U.S. 1, 22 (1999)). "In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." *Neder*, 527 U.S. at 16 (citations and internal quotation marks omitted).

The Court must apply an objective standard to determine materiality in fraud cases. See *United States v. Bravata*, 636 F.App'x 277, 283 (6th Cir. 2016) ("to satisfy the materiality requirement, the fraudulent scheme must 'be credible enough to deceive persons of ordinary prudence and comprehension.'") citing *U.S. v. Jamieson*, 427 F.3d 394, 415 (6th Cir. 2005).

Nicoletti explains that his evidence will negate the element of materiality because it indicates that any misrepresentations or omissions in the loan applications would not have had a tendency to influence the decision makers at Fifth Third Bank to approve or deny the loan applications. Nicoletti says that "[i]f the decision-makers at Fifth Third did not care whether representations in loan applications were accurate so long as the representations qualified the applicants for the loans that they were seeking, Fifth Third cannot have been defrauded, because any misrepresentations were not material to their decisions."

Other courts have rejected Nicoletti's theory. For example, in *United States v. McCloud*, 10-20743, R. 28 (E.D. Mich., Aug. 22, 2012), the Defendant sought to introduce evidence that negated materiality. The government moved to exclude evidence

5

that would blame the victim or suggest that the bank did not rely on the defendant's alleged misrepresentations.

The *McCloud* Court instructed the jury that "whether or not the lenders actually relied on the false representations and omissions is…irrelevant…the negligence, carelessness, gullibility, or even complicity of others, is no defense to a charge of such fraud or false statement." *McCloud*, 10-20743, R. 19 (E.D. Mich., Sept. 7, 2012).

In *United States v. Benchick*, No. 13-cr-20453, 2014 WL 4181970 (ED. MI. Aug. 21, 2015), the Defendant sought to introduce evidence that supported his theory that the alleged "inaccuracies in his loan application were not material because the loan applications were submitted when the lending culture at [the banks] was such that anyone could get a loan, regardless of the content of the loan application." *Benchick* at *3.

The *Benchick* court rejected the Defendant's argument. It held that evidence relating to the lending practices of the subject banks is not relevant to the materiality of the defendant's alleged misrepresentations or guilt. *Id.* at *6.

*Nicoletti* makes an argument almost identical to Benchick's. Nicoletti argues that his evidence will show that Fifth Third Bank systematically approved numerous mortgage loan applications regardless of the accuracy of the information or the borrower's ability to pay, in an effort to generate profits and bonuses.

As *Benchick* makes clear, even if Nicoletti's contentions were true, it would bear only on whether Fifth Third Bank actually relied on the false statements.

While Nicoletti says that he will not introduce evidence and argument that Fifth Third Bank did not rely on his misrepresentations or omissions to approve loan applications, his motion papers appear to argue reliance.

*Reliance* and *materiality* are separate concepts, and reliance is not an element of bank fraud. *See e.g. Benchick supra*, ("the test for determining whether a misrepresentation is material is an objective standard; actual reliance is not required."); *see also United States v. Ovist*, No. 3:11-CR-00076-BR, 2013 WL 119674, at *2 (D. Or. Jan. 9, 2013) (The court held that "the lender's alleged misconduct regarding their loan underwriting [was] irrelevant when determining whether Defendant made the alleged false statements with the intent to influence the lender's decision.").

To the extent Nicoletti intends to present evidence to demonstrate lack of reliance, it will be excluded.

Furthermore, any negligence on the part of Fifth Third Bank in approving Nicoletti's loan applications is not relevant to the materiality of Nicoletti's alleged misrepresentations. Because Nicoletti's alleged false statements could influence a bank's decision whether to approve a loan, Nicoletti's arguments concerning materiality and his "blame the victim" approach fail.

## VI. CONCLUSION

The Court **GRANTS** the Government's motion in limine, to the extent Nicoletti intends to present evidence that Fifth Third Bank was to blame for what he allegedly did.

Specifically, Nicoletti's evidence that he proffers (and that is listed on pg. 4 of this Opinion), is excluded to prove: (1) Nicoletti's materiality argument; (2) reliance; or, (3)

that Nicoletti's alleged misrepresentations were immaterial to First Third Bank's decision to approve the loan applications.

**IT IS ORDERED**.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: April 18, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 18, 2017.

s/Linda Vertriest
Deputy Clerk