UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No.: 15-20382
                                           Honorable Victoria A. Roberts

PAUL NICOLETTI,

    Defendants.

_____/

**ORDER DENYING MOTION IN LIMINE TO PRECLUDE
THE GOVERNMENT FROM CALLING ONE AGENT ON MULTIPLE
OCCASIONS IN ITS CASE IN CHIEF (Doc. 53)**

**I. INTRODUCTION**

The United States Government charged Paul Nicoletti ("Nicoletti") in a four-count indictment with conspiracy to commit bank fraud and aiding and abetting bank fraud. Nicoletti filed a motion *in limine* to preclude the Government from calling F.B.I case agent, S.A. Christine Taylor, and Fifth Third Investigator, Darrin Morgan, multiple times in its case in chief. The Government says that splitting their testimony would substantially reduce the possibility of jury confusion and will aid the jury in determining the truth.

Nicoletti's Motion is **DENIED**.

**II. BACKGROUND**

Nicoletti, an attorney licensed in the State of Michigan and President of Continental Title Insurance Agency, Inc., was indicted on one count of conspiracy to

1

commit bank fraud in violation of 18 U.S.C. § 1349 and three counts of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344 & 2.

The indictment alleges that Nicoletti willfully conspired with and aided and abetted others to execute and attempt to execute a scheme to defraud and obtain money from Fifth Third Bank. Each of the three counts is for a separate multi-million dollar mortgage/construction loan that Nicoletti allegedly secured under materially false and fraudulent pretenses and representations.

The Indictment also alleges that as part of the scheme and conspiracy, Nicoletti and his alleged co-conspirators employed straw buyers to serve as mortgage loan applicants for the purchase of real property that the conspirators wanted to purchase and develop. It was also allegedly part of the scheme and conspiracy to provide false information in the loan applications regarding the income and assets of the straw buyers, the source of the down payments for the loans, and the intentions of the purported purchasers to use the properties as their primary residences to qualify the straw buyers for the loans.

According to the Indictment, Nicoletti's role in the conspiracy was to knowingly facilitate the fraudulent real estate transactions by acting as the title agent, coordinating and conducting real estate closings, preparing HUD-1 Settlement Statements, and disbursing the proceeds of the mortgage loans.

### III. STANDARD OF REVIEW

District courts may rule on motions in limine under their authority to manage trials. The Court "has substantial discretion in its control of the presentation of evidence at trial" under Fed. R. Evid. 611(a), this includes whether a witness may testify multiple times

throughout a trial. *See Davis v. City of Memphis Fire Dept.*, 576 Fed.Appx. 464 (6th Cir. 2014) (the district court did not err by not permitting the plaintiff to recall a witness to repeat earlier testimony); *see also Roush v. Burt*, 2005 WL 6365795 *11 (E.D. MI., Jan. 18, 2015) ("the recall of a prosecution's witness to the stand is within the sound discretion of the trial court.").

## IV. DISCUSSION

The Government intends to call F.B.I case agent, S.A. Christine Taylor ("Taylor"), and Fifth Third Investigator, Darrin Morgan ("Morgan"), multiple times in its case in chief to summarize, publish and/or explain numerous documents which are expected to be admitted at trial pertaining to six mortgage/construction loans that Fifth Third Bank funded. The witnesses will testify as summary, overview, and fact witnesses for each loan. The Government says that this strategy is the most effective procedure to reduce the possibility of jury confusion, and will improve its ability to determine the truth.

The Court notes that at least three other judges in this district have followed this format – with a limiting instruction – in complex fraud cases and found that it moves the case along expeditiously, and avoids jury confusion. *See e.g. United States v. John Bravata, et al.*, Judge Paul Borman, an eight-week investment fraud trial; *United States v. Kwame Kilpatrick*, Judge Nancy G. Edmonds, a six-month jury trial; *United States v. James Wiese, et al.*, Judge John Corbett O'Meara, a three-week mortgage fraud trial. All of these cases were complex and involved thousands of documents.

Nicoletti says this case is different. He says that it is not complex or so long that the jury will not be able to follow the facts. Nicoletti says that the Court should preclude

3

the Government from calling Morgan and Taylor to testify multiple times. Specifically, Nicoletti has an issue with Morgan and Taylor as summary witnesses.

He says the Government's proposed strategy will allow the government to unfairly present its theory multiple times; unfairly enhance the witnesses' credibility; consume needless time; and present testimony in an episodic manner.

To support his motion, Nicoletti relies on *United States v. Baker*, 2010 WL 3173036, at *4 (N.D. Ill. Aug. 9, 2010). The *Baker* court denied the Government's motion *in limine* to recall witnesses during its case in chief, because the government did not show "that proceeding in an episodic manner will aid the jury's understanding of the case or avoid the needless consumption of time," despite the lack of objection from the defendant.) *Id.*

*Baker* does not persuade the Court. The case does not give any background information – such as how the testimony is relevant to the charges, the type of testimony the witnesses will give, or what the witnesses were going to testify about – to aid the Court in its decision.

Nicoletti's arguments are unavailing. The Government charged him with three separate counts of bank fraud for three different loan transactions. The Court finds that allowing the witnesses to testify several times for each loan, will avoid jury confusion and will move the case along expeditiously.

The Court will allow the Government to recall Taylor and Morgan during the trial. The Court will instruct the jury that this scenario does not elevate the testimony of either witness above that of any other witness. The Court invites the parties to file a stipulated-to instruction for the Court to consider.

In his Reply to the Government's Response, Nicoletti makes the request for his expert to testify multiple times as well. The Court reserves ruling.

### V. CONCLUSION

This Court **DENIES** Nicoletti's Motion in Limine to preclude the government from calling F.B.I Agent, Christine Taylor, and Fifth Third Investigator, Darrin Morgan, multiple times in its case in chief.

**IT IS ORDERED.**

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 18, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 18, 2017.

s/Linda Vertriest
Deputy Clerk