UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v                                        Case No. 15-20382
                                          Hon. Victoria A. Roberts

PAUL NICOLETTI,

    Defendant.

_____/

## DEFENDANT'S RESPONSE TO DEFENSE COUNSEL'S MOTION TO WITHDRAW

Now comes Paul Nicoletti, Esq. by and through his Firm, Nicoletti Law PLC, that is appearing for the limited and special purpose of responding to Defense Counsel's Motion to Withdraw, (DE 62), and states as follows:

1.    Admitted.

2.    Admitted, however Defense Counsel was appointed approximately six months prior to actual indictment.

3.    Admitted with the explanation that the breakdown was caused by Defense Counsel's lack of preparation and his admission one month ago, when "he stated that perhaps you should hire someone with more knowledge regarding mortgage fraud cases."

4.    Denied as untrue.  A copy of Defendant's April 21, 2017, email[1], will be presented for the court's in-camera review at the hearing in this matter.  The bottom line is that Defense Counsel is trying to withdraw based upon Defendant's legitimate concerns regarding the AUSA's

---

[1] Note:  The email sets forth a detailed list of what has not been done by Defense Counsel over the last two years, as well as what needs to be done so that a computer forensic expert can be retained.

1

prosecutorial misconduct. The Defendant's concerns stem from Nicholas Weier, Esq. (the son of Craig Weier that was living at home with Craig Weier) initiating contact with the Defendant via email, texting, and then appearing at Defendant's Office for a job interview, three years prior to Defendant's indictment in this matter. While Craig Weier claims it was all a coincidence, it is virtually impossible for it to be, especially since Nicholas Weier was applying for his first real job as a lawyer after passing the bar exam. Recent political events have demonstrated far more unusual events involving the government, the FBI, and others. The appearance of impropriety is astonishing and Defense Counsel has flat out refused for the duration of his appointment to shed light on what is claimed to be a coincidence.

5. Admitted. According to the Grand Jury Transcripts, both the FBI and the AUSA admit that the underlying case "is the most voluminous case in Oakland County Circuit Case history." Defense counsel has one Paralegal/Part-Time Lawyer helping him and it is the proverbial David and Goliath situation where Defense Counsel is fighting against an army of lawyers from Fifth Third Bank, the U.S. Attorney's Office, and the FBI. From the inception, Defendant has been asking Defense Counsel to request more resources from the Federal Defender's Office, but Defense Counsel has declined to do so.

In closing, Defendant submits that even though Mr. Minock has engaged in malpractice and ethical violation[2], he should not be allowed to withdraw and force another lawyer to clean up the mess he has made. New Defense Counsel should be appointed but Mr. Minock should be ordered to assist new counsel in forming a competent Defense Team.

                                                                  Respectfully submitted,

                                                                  NICOLETTI LAW PLC

---

[2] Note: Defense Counsel cites MRPC 1.116(b)(3), which does not exist. Defendant assumes it was a typo, however a typo in a court pleading could potentially be a disaster.

April 26, 2017                                        /s/ Paul J. Nicoletti
                                                      _____
                                                      Paul J. Nicoletti P44419
                                                      Limited Appearance as Attorney for
                                                      Defendant
                                                      33717 Woodward Avenue, Suite 433
                                                      Birmingham, MI 48009
                                                      (248) 203-7800

## PROOF OF SERVICE

Paul Nicoletti, being first duly sworn deposes and states that on the 26th day of April, he served a copy of the foregoing documents on all parties of record, or their counsel of record, if represented by counsel, by ECF/Pacer to their respective addresses.

                                        /s/ Paul J. Nicoletti
                                        _____