UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v                                                     Case No. 15-20382
                                                     Hon. Victoria A. Roberts

PAUL NICOLETTI,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO MICHAEL HARRISON'S MOTION TO WITHDRAW PURSUANT TO USDC ED LCr$^1$R 57.1(b)

Now comes Paul Nicoletti, Esq. by and through his Firm, Nicoletti Law PLC, which is appearing for the limited and special purpose of responding to Defense Counsel's Motion to Withdraw, and states as follows:

1.    Admitted$^2$.

2.    Denied as untrue, since the "difficulties" were that Defense Counsel had ceased all contact with the Defendant because "he will be out of action for a while$^3$" as of December 7, 2017.  Further, Defense Counsel's Footnote #1 states, "Harrison was hospitalized in December 2018."  It is presumed that Defense Counsel meant 2017.  More importantly, Defense Counsel's Father appeared either via phone or in person, without Defendant's knowledge *or consent* on December 27, 2017, resulting in a change of trial date until

---

$^1$ Note:  Defense counsel presumably meant to cite LCrR 57.1.
$^2$ Note:  Docket Entries #16 and #17, entered in October of 2015, resulted in an order from the court declaring this case as a "Complex Case" for budgeting purposes.  Despite repeated demands from Defendant, Defense Counsel refused to submit an updated budget in order to facilitate the creation of an adequate team to assist in the review of documents by experts, paralegals, and associate attorneys.  It is important to recall that AUSA, Craig Weier and the FBI, have documented that this case is based on the "largest civil suit filed by volume of documentation" in Oakland County history.
$^3$ Note:  Email dated 12/7/17 to Jessica Lieberman.

1

July 17, 2018[4].

3.      Denied as untrue[5]. In fact, it was at this time that the Prosecutor attempted to "persuade" Defense Counsel from filing a dispositive motion and stated: "…Sarah, on the issue of the wholly owned subsidiary as "lender", are you handling that? I am cobbling together some quick research in anticipation of a meeting with you and/or Mike next week sometime so that we might persuade[6] you not to file it…" Needless to say, the meeting never took place to this writer's knowledge, however, Defense Counsel then failed to file said motion for fear of backlash from the DOJ and the FBI.

4.      Denied as untrue since there were attorney client discussions, but there were no "disagreements".

5.      Neither admitted nor denied since Defense Counsel has never articulated to Defendant any of the details regarding his "serious medical issues[7]."

6.      Denied as untrue since Defense Counsel had already stated that 64 days was more than enough time to prepare for trial and stated:



It is critical to note that the email set forth above states "Subpoenas are out." This was a false statement since Defense Counsel's June 19, 2018, email indicates the subpoenas are going out.

7.      Admitted with the explanation that AUSA, Craig Weier also wanted an adjournment so as to not tie up his summer with a lengthy trial.

---

[4] Note: Email dated 12/27/17 from Jessica Lieberman.

[5] Note: The text message sent from Harrison on January 16, 2018, shows just the opposite and states: "Hi paul. Kevin and I are on our way to Ann Arbor this morning. No one will be there at 10 AM. Kevin intends to call you within the hour to arrange for a pick up time later this afternoon. I also read the latest iteration of the motion and like it very much I am having all of the cases pulled And will read them today and give The team my thoughts this week."

[6] Note: Email from AUSA Craig Weier to Sarah McKenzie dated 12/29/17.

[7] Note: Defense Counsel informed Defendant that the court "had his medical records" explaining his serious medical issues. If so, how and when did the court receive any such documents and why wasn't the Defendant informed since it had an impact on his ability to represent the Defendant and to insure rights to a speedy trial.

8. Admitted.

9. Denied as untrue since the email was dated June 7, 2018, and it did not contain accusations of malpractice, incompetence, or ethical violations[8].

10. Paragraph #3 set forth herein is incorporated by reference.

11. Denied as untrue.

12. Denied as untrue since an Emergency Status Conference was unilaterally scheduled by Defense Counsel and the AUSA, Craig Weier, without Defendant's knowledge or input[9].

13. Denied as untrue since Defense Counsel indicated he spoke with two other lawyers and they agreed that Defense Counsel should withdraw based on malpractice concerns conveyed by Defense Counsel and not by Defendant.

14. Denied as untrue since there are no serious conflicts of interest.  Defense Counsel admits in an email dated June 7, 2018: "As we discussed, if you are unwilling to concur, or are otherwise unsatisfied with my representation, please advise.  As I cannot proceed on July 17th, I will file a motion to withdraw, placing no blame on you, so that you will not be prejudiced in any way."  Contrary to the aforementioned quoted language, Defense Counsel does just the opposite and places blame on Defendant as his reason to withdraw.

15. Admitted with the explanation set forth in Paragraph 7.

WHEREFORE in closing, Defendant requests that Defense Counsel provide Defendant with the same medical issue documents that the court has had the opportunity to review.  In the event that the medical issue is legitimate, Defendant would then welcome Defense Counsel to continue his representation.

Respectfully submitted,

NICOLETTI LAW PLC

---

[8] Note: Email dated June 7, 2018
[9] Note: Email dated June 11, 2018, to Case Manager Carol Pinegar from Defendant.

June 22, 2018                                      /s/ Paul J. Nicoletti
                                              _____
                                              Paul J. Nicoletti P44419
                                              Limited Appearance as Attorney for Defendant
                                              33717 Woodward Avenue, Suite 433
                                              Birmingham, MI 48009
                                              (248) 203-7800

## PROOF OF SERVICE

Paul Nicoletti, being first duly sworn deposes and states that on the 22nd day of June, 2018, he served a copy of the foregoing documents on all parties of record, or their counsel of record, if represented by counsel, by ECF/Pacer to their respective addresses.

/s/ Paul J. Nicoletti