UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No: 15-20382
                                               Honorable Victoria A. Roberts

v.

PAUL NICOLETTI,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [ECF No. 90]

**I.    INTRODUCTION**

In June 2015, a grand jury returned an indictment charging Defendant Paul Nicoletti ("Nicoletti") with three counts of bank fraud under 18 U.S.C. §§ 1344 & 2 and one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349.

On August 10, 2018, Nicoletti filed a "Statement as to Right" requesting to file a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12, despite the fact that the motion cut-off date was February 20, 2018. The government filed a response opposing the request, and Nicoletti filed a reply brief.

The Court held a hearing on Nicoletti's statement on September 5, 2018. During the hearing, both sides represented that their submissions addressed all substantive issues and contained all facts and arguments that their briefs on a motion to dismiss would include, with the exception of several documents the Court admitted into evidence. Based on those representations, the Court construes Nicoletti's filing as a motion to dismiss.

1

In his motion, Nicoletti argues that: (1) the indictment fails to charge or set out an offense under Fed. R. Crim. P. 12(b)(3)(B)(v) because the lending institution pertinent to the underlying loan transactions "was not Fifth Third Bank, but, in fact, Fifth Third Mortgage-MI, LLC, a much newer, non-federally insured, mortgage lending institution"; and (2) there was an error in the grand jury proceeding under Rule 12(b)(3)(A)(v) because the government told the grand jury that the lending institution was Fifth Third Bank and that the institution was insured by the FDIC. Nicoletti also says there is a jurisdictional defect in the indictment for the same reason that he says the indictment fails to state an offense; however, he does not elaborate on this argument or explain how it differs from his failure to state an offense argument.

The government says Nicoletti's motion fails on several grounds. It says that, at the time of the underlying loans, Fifth Third Mortgage-MI, LLC was a wholly-owned subsidiary of Fifth Third Bank and that courts have held that defrauding a wholly-owned subsidiary is essentially the same as defrauding the parent institution for purposes of the bank fraud statute. The government also says the indictment alleges violations of § 1344(2) because the actual funds disbursed in the loan transactions were in the care, custody and control of Fifth Third Bank. Finally, the government says the motion to dismiss is limited to a facial review of the indictment, and that the indictment withstands such a challenge because it sufficiently alleges jurisdiction and each of the elements of §§ 1344 and 1349.

For the reasons below, Nicoletti's motion is **DENIED**.

**II.   ANALYSIS**

"On a motion to dismiss, the Court must view the Indictment's factual allegations as true, and must determine only whether the Indictment is 'valid on its face.'" *United*

*States v. Campbell*, No. 02-80863, 2006 WL 897436, at *2 (E.D. Mich. Apr. 6, 2006) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)).  The Court "may make preliminary findings of fact necessary to decide the questions of law presented by [a] pre-trial motion," but its findings must "not invade the province of the ultimate finder of fact."  *Id.* (quoting *United States v. Jones*, 542 F.2d 661, 664 (6th Cir.1976)).  "An indictment is to be construed liberally in favor of its sufficiency."  *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).

The bank fraud statute makes illegal "[w]hoever knowingly executes, or attempts to execute, a scheme or artifice -- (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises."  18 U.S.C. § 1344.  The indictment charges Nicoletti under both clauses of § 1344; a defendant can be convicted under either clause separately.

To sustain the charges against Nicoletti, the government must prove Nicoletti's efforts were directed against a "financial institution."  Nicoletti committed the alleged offenses in 2005.  Then, a "financial institution" was defined as an institution whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").  *See* 18 U.S.C. § 20(1); *United States v. Puckett*, No. 14-00101, 2016 WL 3745360, at *1 n. 1 (M.D. Tenn. July 13, 2016).  The indictment alleges Fifth Third Bank was a "financial institution" whose deposits were FDIC insured, and that Fifth Third Bank was the financial institution Nicoletti defrauded, *see* § 1344(1), and fraudulently obtained funds from, *see* § 1344(2).

Although the indictment could have been more artfully drafted to refer specifically to the lending institution, case law supports a finding that the indictment's reference to Fifth Third Bank, rather than the wholly-owned subsidiary – Fifth Third Mortgage-MI, LLC – is sufficient for purposes of the bank fraud statute.  *See United States v. Hall*, 613 F.3d 249, 252 (D.C. Cir. 2010) (upholding § 1344 conviction – i.e., that defendant knowingly defrauded a federally insured financial institution – based on fraud against wholly-owned subsidiary of a federally insured bank).  This undermines Nicoletti's failure to state an offense and error in the grand jury proceeding arguments related to § 1344(1).

Moreover, as the government contends, the indictment sufficiently alleges the elements of § 1344(2), which independently satisfies the jurisdiction requirement.  *See Puckett*, 2016 WL 3745360, at *5 (upholding conviction under § 1344(2) where defendants obtained funds from wholly-owned subsidiary upon finding that there was sufficient evidence that defendants "were aware that the fraudulently obtained funds were owned, or were under the custody or control of the parent financial institutions"); *United States v. Moore*, 75 F. Supp. 3d 568, 573-74 (D.D.C. 2014)(holding that for purposes of § 1344(2), the defendant obtained money "owned by, or under the custody or control" of federally-insured banks by defrauding their wholly-owned subsidiaries because "it is natural to attribute a subsidiary's assets to the parent, such that the loss to the wholly-owned subsidiary would constitute a loss to the parent.").

On its face, the indictment alleges sufficient facts setting forth the elements of the offenses charged under §§ 1344 and 1349, and it sufficiently alleges jurisdiction.

Nicoletti's remaining argument concerns the relationship between Fifth Third Bank and Fifth Third Mortgage-MI, LLC.  In his reply brief, Nicoletti attempts to present

4

evidence demonstrating that Fifth Third Mortgage-MI, LLC was not a subsidiary of Fifth Third Bank in 2005, such that the funds were not federally insured. At the hearing, the government presented evidence rebutting this claim.

Nicoletti's argument asks the Court to evaluate the sufficiency of the evidence regarding the relationship between Fifth Third Bank and Fifth Third Mortgage-MI, LLC. However, delving deeper into the evidence submitted would require the Court to improperly decide issues reserved for the jury. *See Campbell*, 2006 WL 897436, at *2; *United States v. Cumberland Wood & Chair Corp.*, 978 F.2d 1259, 1992 WL 317175, at *3-4 (6th Cir. Oct. 27, 1992) (rejecting defendants' attempt to make an argument that is "predicated on evidentiary material beyond the face of the indictment," and holding that "[b]ecause the indictment was valid on its face, the district court correctly refused to pretry the evidence in this case, and . . . did not err in overruling the motion to dismiss"); *United States v. Kelley*, No. 08-CR-51, 2008 WL 5517559, at *5 (E.D. Tenn. Oct. 24, 2008) ("Although at the pre-trial stage, the court may review the legal sufficiency of the indictment, it may not review the sufficiency of the proof that will be offered in support of the indictment's allegations." (citation and internal quotation marks and ellipses omitted)).

The Court will not weigh the sufficiency of the evidence. Nicoletti may present these arguments at trial; the jury will determine the sufficiency of the evidence.

The indictment is facially valid, and Nicoletti fails to demonstrate that the Court lacks jurisdiction. Thus, Nicoletti fails to show dismissal is appropriate.

### III. CONCLUSION

For the foregoing reasons, Nicoletti's motion to dismiss is **DENIED**.

**IT IS ORDERED**.

                                                                        s/ Victoria A. Roberts
                                                                       Victoria A. Roberts
                                                                       United States District Judge

Dated: September 6, 2018