UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

     Plaintiff,

                         File No. **15-cr-20382-01**

-vs-

                         Honorable **Victoria A. Roberts**

**PAUL NICOLETTI**,

     Defendant.

| | |
|---|---|
| **CRAIG A. WEIER (P33261)** | **JAMES C. HOWARTH (P15179)** |
| U.S. Attorney's Office | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 820 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| Phone: (313) 226-9678 | Phone: (313) 963-1455 |
| Email: craig.weier@usdoj.gov | Email: james-howarth@att.net |

# MOTION FOR REHEARING OR RECONSIDERATION

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF CONTROLLING AUTHORITY . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## FEDERAL CASES

*Mich. Dept. of Treasury v. Michalec, 181 S. Supp. 2d 731, 734 (E.D. Mich. 2002)* . 1

*United States v. Huntington Nat'l Bank, 547 F.3d 329, 331-332 (6th Cir. 2009)* . . . . 1

## FEDERAL STATUTES AND COURT RULES

*18 USC §1344(1) and (2)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 6
*18 U.S.C. §3771(e)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


E.D. Mich. LR 7.1(h)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
E.D. Mich LR 7.1(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Crim. P. 12.4(a)(1) and (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATEMENT OF ISSUE

**WHETHER IT HAS BEEN CONCLUSIVELY SHOWN THAT THE VICTIM BANK IN THIS CAUSE IS NOT INSURED BY THE FDIC, AND THEREFORE THAT THERE CAN NOT BE FEDERAL JURISDICTION IN THIS CRIMINAL CAUSE UNDER 18 USC §1344(1) and (2).**

## STATEMENT OF CONTROLLING AUTHORITY

*18 USC §1344(1) and (2)*

E.D. Mich. LR 7.1(h)(1)

National Information Center

## STATEMENT OF FACTS

Defendant PAUL NICOLETTI, by his attorney, JAMES C. HOWARTH, asks this Court for a rehearing or reconsideration of the Court's Order and Opinion of September 6, 2018 (ECF No. 97), pursuant to E.D. Mich. LR 7.1(h)(1).[1]  Defendant

---

[1]Defendant is aware that he must demonstrate a "palpable defect", which misled the court and the parties, and that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(h)(3).  Also, that a palpable defect is one which is obvious, clear, unmistakable, manifest or plain.  *Mich. Dept. of Treasury v. Michalec, 181 S. Supp. 2d 731, 734 (E.D. Mich. 2002)*.  Further, that new arguments "raised for the first time in a motion for reconsideration at the district court generally [are] forfeited."  *United States v. Huntington Nat'l Bank, 547 F.3d 329, 331-332 (6th Cir. 2009)*.  Finally, that the local rule precludes presenting the same issue, already ruled upon by the court.  E.D. Mich. LR 7.1(h)(3).

-1-

does so primarily because of the fact that at a hearing by this Court on September 5, 2018, the government, without prior notice, produced, for the first time, three (3) exhibits with reference to crucial issues in this cause, those being whether a true reading of the Indictment in this matter confers jurisdiction in this Court, and whether the grand jury was materially misled as to the allegation that the complainant lending institution was in fact insured by the Federal Deposit Insurance Corporation.

Defense counsel has sought concurrence and was denied.

## LAW AND ARGUMENT

Defendant Paul Nicoletti ("Nicoletti") has filed a Motion to Dismiss the Indictment in this case (ECF No. 94) and a Reply (ECF No. 96) to the government's Answer thereto. Oral arguments were held on September 5, 2018. As those arguments were about to begin, the government presented certain documents to the Court, which documents are referenced in the Court's Order (ECF No. 97, p. 1). Those documents had not previously been submitted and, frankly, they caught defense counsel by surprise. The importance of these documents is reflected in the Court's "Analysis" section of the Order. The Court explains, in important part, its decision as follows:

> Nicoletti's remaining argument concerns the relationship between Fifth Third Bank and Fifth Third Mortgage-MI, LLC. In his reply brief, Nicoletti attempts to present evidence demonstrating that Fifth Third Mortgage-MI, LLC was not a subsidiary of Fifth Third Bank in 2005,

such that the funds were not federally insured. *At the hearing, the government presented evidence rebutting this claim.*

(Order, ECF No. 97, p. 4-5) (Emphasis added).

It was crucial to the Court's Opinion to determine whether Fifth Third Bank, as the alleged lending institution, exercised control over Fifth Third Mortgage-MI, LLC,[2] certainly because Fifth Third Bank may have been federally insured in 2005, but Fifth Third Mortgage-MI, LLC, certainly was not. As all agree, *18 U.S.C. §1344(2)* requires that the revenues be "in control" of an FDIC insured institution.

The "palpable error" requirement for reconsideration is found in the critical documents submitted to the Court at the September 5th hearing. Exhibit A begins the government's unintentional deception. That document is entitled: "Fifth Third *Bancorp* Subsidiaries" – surprisingly not "Fifth Third Bank". The government on September 5th, for the very first time in the history of this litigation, has substituted a new "victim", namely Fifth Third Bancorp. In that regard, *18 U.S.C. §3771(e)* defines how a court will identify the "victim" of a crime as follows:

(e) Definitions. - For the purposes of this chapter, the term "crime victim" means a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime

---

[2]In the Court's six page Opinion (ECF No. 97), the word "control" is employed four (4) times, and "wholly owned subsidiary", arguable the same description, is employed seven (7) times.

victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights under this chapter, but in no event shall the defendant be named as such guardian or representative.

No document known to defendant in this case alleges that Fifth Third Bancorp (or, for that matter, Fifth Third Mortgage-MI, LLC) has been directly and proximately harmed by anyone.  This is a new and significant variance and should have been recognized and acted upon by the government.[3]  The government has not acted upon their claim that Fifth Third Bancorp is now the victim.

If the government's newly submitted Exhibit A were not enough of a problem by itself, Exhibit B proves even more perplexing.[4]  This document again purports to prove that the "control" requirement of *18 U.S.C. §1344(2)* is satisfied because the newly introduced entity "Fifth Third Bancorp" is the "parent" of "Fifth Third Mortgage-MI, LLC" "as of year end 2016."[5]  This surprising, new argument must be rebutted by the fact that when one consults the directory of the National Information Center (as both parties have done often) for the entity Fifth Third Bancorp, one will

---

[3]According to Federal Rule of Criminal Procedure 12.4(a)(2), it is necessary to file a Disclosure Statement at the inception of a case.  In the event that the victim is a corporation, then the Disclosure must contain "any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation."  Fed. R. Crim. P. 12.4(a)(1).

[4]This document is attached hereto as Defendant's Rehearing Exhibit "B".

[5]Naturally, this document gives no help on the real question of the relationship of these two entities in 2005, eleven (11) years earlier.

-4-

find a total of five hundred twelve (512) associated institutions.[6]   Fifth Third

Mortgage-MI, LLC is the number five hundred (500) of the listed affiliations.

Between the numeral five hundred (500) and that institution's name there appears a

code: *+^ (asterisk, plus, carrot).   The code's translation at the bottom of that page

states: "+ For purposes of Regulation Y, the top-tier reporter's ownership level in this

banking organization DOES NOT MEET THE DEFINITION OF "CONTROL";

however, the ownership level does not meet the FR Y-10 reportability criteria as this

banking relationship is regulated by the Federal Reserve." (Capitals added).   Further,

it states: "^ Although this relationship is not governed by U.S. banking statutes, it is

included because it is of interest to the Federal Reserve."

Again, this is not a new argument because it is presented in response to the

government's surprise position that the real insured victim is Fifth Third Bancorp, and

not Fifth Third Bank.   The above notations of the National Information Center

conclusively demonstrate that Fifth Third Mortgage-MI, LLC is not a wholly owned

subsidiary of Fifth Third Bancorp.   Since, clearly, Fifth Third Mortgage-MI, LLC is

not insured by the FDIC and the government refuses to show that control of the

mortgage loans funds was under the control of a federally insured bank, then there is

---

[6]Nicoletti has attached these "association" pages in his Reply Brief (ECF No. 96), but not for Fifth Third Bancorp, just for Fifth Third Bank.   That is so because it was not until September 5, 2018, that Nicoletti was aware that Fifth Third Bancorp had any claim as a controller of Fifth Third Mortgage-MI, LLC.

not, and never was, federal jurisdiction according to the requirements of *18 U.S.C.*
*§1344(2)*.

## **CONCLUSION**

The government has attempted in argument before this Court to save an
Indictment which is fatally flawed.  That Indictment charges that Paul Nicoletti
committed a fraud against an institution that was insured by the FDIC.  The named
banking institution is Fifth Third Bank (which is insured).  Defendant Nicoletti has
responded by claiming that the Indictment is void because all of his dealings were
with Fifth Third Mortgage-MI, LLC (which is not insured).  The government
countered originally with the argument that Fifth Third Mortgage-MI, LLC was fully
owned and controlled by Fifth Third Bank.  When Nicoletti filed a motion to dismiss
under Fed. R. Crim. P. 12, the government changed gears and claimed, for the first
time on September 5, 2018, that ownership and control was with Fifth Third Bancorp.
The Court relied on that false proffer and denied Nicoletti's motion.

Now, Nicoletti in reply offers incontrovertible proof that Fifth Third Bancorp
is neither a full owner nor a full controller of Fifth Third Mortgage-MI, LLC.
Therefore, according to the argument and logic above, there is no federal jurisdiction,
and this case must be dismissed.  The government not only failed to name proper
parties in interest, but they compounded that error by presenting totally untrue

-6-

testimony to the grand jury that indicted Nicoletti, namely that he defrauded an institution insured by the FDIC, and the government has continued to argue that the loan money was under the control of an institution which wholly owned and controlled Fifth Third Mortgage-MI, LLC, when they must have known that it was not.

**WHEREFORE**, for all of the above reasons, defendant Nicoletti asks this Court to rehear or reconsider its Order of September 6, 2018, and dismiss the within Indictment.

Respectfully submitted,

/s/*James C. Howarth*

**JAMES C. HOWARTH (P15179)**
Attorney for Defendant Nicoletti
615 Griswold, Suite 820
Detroit, Michigan 48226
Phone: (313) 963-1455
E-Mail: james-howarth@att.net

Dated: September 20, 2018

-7-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

Plaintiff,

File No. **15-cr-20382-01**

-vs-

Honorable **Victoria A. Roberts**

**PAUL NICOLETTI**,

Defendant.

## CERTIFICATE OF SERVICE

I, **JAMES C. HOWARTH**, hereby certify that on the 10th day of August 2018,

I electronically filed **Motion/Brief for Rehearing or Reconsideration** with the Clerk

of the Court using the ECF system which will send notification of such filing to the

following: **Honorable Victoria A. Roberts and AUSA Craig Weier**.

Respectfully submitted,

/s/*James C. Howarth*

**JAMES C. HOWARTH (P15179)**
Attorney for Defendant Nicoletti
615 Griswold, Suite 820
Detroit, Michigan 48226
Phone: (313) 963-1455
E-Mail: james-howarth@att.net

Dated: September 20, 2018

-8-