```
 1                    UNITED STATES DISTRICT COURT

 2               FOR THE EASTERN DISTRICT OF MICHIGAN

 3                        SOUTHERN DIVISION

 4

 5   UNITED STATES OF AMERICA,

 6                  Plaintiff,            Case No.  15-20382-1

 7       -vs-

 8                                        Detroit, Michigan

 9   PAUL NICOLETTI,                      June 28, 2018

10                  Defendant.

11   ----------------------------/

12

13     TRANSCRIPT OF MOTION TO WITHDRAW and REQUEST FOR NEW COUNSEL

14             BEFORE THE HONORABLE VICTORIA A. ROBERTS

15                UNITED STATES DISTRICT COURT JUDGE

16
```

17   **APPEARANCES:**

18   For the Government:          **Craig A. Weier**
                                  U.S. Attorney's Office
19                               211 W. Fort Street, Suite 2001
                                  Detroit, MI 48226
20

21   For the Defendant:          **Michael J. Harrison**
                                  Harrison Law
22                               40950 Woodward
                                  Bloomfield Hills, MI 48304
23

24   Proceedings taken by mechanical stenography, transcript
     produced by computer-aided transcription
25

```
1                    Detroit, Michigan
2                  Thursday, June 28, 2018
3                  (At about 10:31 a.m.)
4                          - - -
5               (Call to Order of the Court)
6             THE CLERK OF THE COURT: Calling the case of United
7      States of America versus Paul Nicoletti, 15-20382.  Counsel,
8      please state your appearances.
9             MR. WEIER: Your Honor, good morning. Craig Weier on
10     behalf of the United States.
11            THE COURT: Good morning.
12            MR. HARRISON: Good morning, Your Honor.  Michael
13     Harrison on behalf of Paul Nicoletti.
14            THE COURT: Good morning.
15            MR. NICOLETTI: Good morning, Your Honor.  Paul
16     Nicoletti on behalf of myself.
17            THE COURT:  Everyone, you can take your seats.  This
18     matter is before the Court on a Motion to Withdraw and request
19     that new counsel be appointed filed by Mr. Harrison.  I have a
20     Government response to that Motion, and I have a response from
21     Mr. Nicoletti as well.  Mr. Harrison, do you wish to add to
22     your Motion.
23            MR. HARRISON: No, Your Honor.  I would stand by my
24     motion.  If the Court has any questions, I'll be happy to
25     respond to them of course.
```

```
1              THE COURT: All right.  Thank you.  And Mr. Weier?
2              MR. WEIER: Your Honor, I have nothing to add to the
3   response.
4              THE COURT: And Mr. Nicoletti?
5              MR. NICOLETTI: Yes, Your Honor.  I would like to
6   respond.
7              THE COURT: Why don't you just stay at counsel table
8   and use the microphone because if you stand here you'll be
9   blocking Mr. Weier. Thank you.
10             MR. NICOLETTI: Your Honor, the only issue that I want
11  to add to my response is that based upon a Motion to Strike
12  filed by the Assistant Prosecuting Attorney, he indicates that
13  there was not an agreement to move the motion cutoff date.
14             THE COURT: I'm sorry.  You filed -- you have filed a
15  couple of motions since Mr. Harrison filed his motion, correct?
16             MR. NICOLETTI: Yes, Your Honor.
17             THE COURT: And that's what you're about to address
18  now?
19             MR. NICOLETTI: No.
20             THE COURT: I thought you mentioned Motion to Strike.
21  There was no motion to strike your response to this motion.
22             MR. NICOLETTI: No.  No, there was not, Your Honor,
23  but there is confusion as far as what the motion cutoff date is
24  and the only person that has that knowledge is Mr. Harrison and
25  Mr. Weier because Mr. Harrison had always informed me that the
```

1    motion cutoff date had been changed to June 11th and that it
2    was informal pursuant to a call to the Court that was placed on
3    I think February 20th, 2018.  So then Mr. Weier turns around
4    and says that the motions were filed late, which is not the
5    issue as far as I know and I do have proof that there was an
6    agreement, at least Mr. Harrison believed that the motion
7    cutoff date was June 11th and I'd be happy to present that to
8    the Court.  So I think Mr. Weier is being disingenuous when he
9    says that my motion -- the motions that have been stricken were
10   filed late because he knows that there was an agreement between
11   the two of them to informally adjourn the motion cutoff date.
12          THE COURT: Well again, Mr. Nicoletti, the Motion to
13   Withdraw here is based on a couple of things.  Mr. Harrison
14   says that you want him to put forth a strategy that he doesn't
15   believe he can do, and it's based on medical issues that he
16   says are hampering his ability to represent you.  So do you
17   want to address either one of those two things?
18          MR. NICOLETTI: Yes, Your Honor.  I attached -- when I
19   filed my response, I attached an email from Mr. Harrison where
20   he indicates that his request for adjournment will be solely
21   based on his medical issues.  I have never asked for
22   adjournment nor am I asking for an adjournment, and it looks
23   bad --
24          THE COURT: (Interjecting) I didn't see any emails
25   attached to your response to the motion. I'm sorry.

```
 1           MR. NICOLETTI: Your Honor, I don't want to waste the
 2     Court's time by trying to find the email.  I don't think that
 3     Mr. Harrison will dispute the fact that he sent it.  I know it
 4     exists.  It wasn't one of the emails that I printed for today's
 5     purposes, but I'd be happy to -- as an officer of the court, I
 6     can represent that that's exactly what he said in his email and
 7     I'd be happy to supplement the record with a copy of the email.
 8     I just don't want to waste the Court's time.  I don't think
 9     he'll deny that he indicated that.
10           THE COURT: Most importantly, Mr. Nicoletti, is the
11     representation here that things have broken down between you
12     and Mr. Harrison, and Mr. Harrison believes that he cannot
13     continue to represent you and his health issues.  So I don't
14     know that you can say much to dispute his health issues.  What
15     about that the relationship has broken down such that he would
16     not be able to represent you?
17           MR. NICOLETTI: Well, Your Honor, with regard to Mr.
18     Harrison's health issues, he's always claimed that he has
19     health issues.  When I questioned him about health issues, he
20     refused to answer my questions.  He indicated that the Court
21     has his medical records.  I have never seen his medical records
22     nor do I think I'm entitled to them, but he represented to me
23     that the Court has his medical records and the Court knows that
24     he has medical issues.  Well, if he knew that the Court -- if
25     he knew he had medical issues a year ago, why did he accept
```

1    appointment of the case?  Why did he continue on?  Why did he

2    wait until two weeks before trial to file a Motion to Withdraw?

3    Why did he not serve the subpoenas that he should have served

4    back in February?  Why did somebody not call me and say look,

5    Michael's going to disappear for 11 days or back in December he

6    disappeared for close to three months.  Nobody even gave me the

7    courtesy of a phone call or an email indicating that Michael

8    had disappeared.  So his medical condition I can't respond to

9    because I know nothing about it.

10         THE COURT: That's what I said, that you probably

11   cannot address the health issues.  What about his

12   representation that there has been a breakdown in your

13   relationship with him such that it would not be to your benefit

14   or his for him to continue as your lawyer?

15         MR. NICOLETTI: Well, Your Honor, based upon the issue

16   that has now been raised by Mr. Weier that the motions weren't

17   filed timely, that deals with the issue of malpractice.  So up

18   until the time Mr. Weier raised the issue that the motions

19   weren't filed timely and denied that there's an agreement to

20   extend that timeframe, there wasn't an issue, but now I think

21   that there is an issue because Mr. Weier is basically accusing

22   Mr. Harrison of malpractice because he had the emails.  He had

23   everything ready to file and then they weren't filed by the

24   20th because they had reached -- they'd called the Court and

25   agreed to an informal extension.

```
 1              THE COURT: I'm not sure that there's an accusation of
 2   malpractice here; maybe Mr. Weier wants to address that.  I
 3   think he was pointing out that there was a motion cutoff date.
 4       Do you have anything more that you want to put on the
 5   record?
 6              MR. NICOLETTI: Yes, Your Honor.  I would like to
 7   present the Court with evidence that the motion cutoff date was
 8   in fact --
 9              THE COURT: (Interjecting) Mr. Nicoletti, you're
10   getting ahead of me.  You're getting ahead of what I want to
11   address here.  I set this hearing to address Mr. Harrison's
12   motion to withdraw for two reasons; medical issues and
13   breakdown in relationship between the two of you.  Do you have
14   anything more to say on that?
15              MR. NICOLETTI: No, Your Honor.
16              THE COURT: Thank you.  Mr. Weier, do you have
17   anything you want to say?
18              MR. WEIER: Not on the issues that the Court raised,
19   Your Honor.
20              THE COURT: The Court is going to grant Mr. Harrison's
21   Motion.  It appears from the papers that have been filed and
22   what has been placed on this record today that Mr. Nicoletti
23   and Mr. Harrison cannot continue to work together and
24   therefore, it would be in Mr. Nicoletti's best interest that
25   Mr. Harrison not continue to represent him.  So the Motion is
```

```
 1   granted.
 2            MR. HARRISON: Thank you, Your Honor.  Shall I present
 3   an Order?
 4            THE COURT: No, we will do an Order. I'll enter an
 5   Order.
 6            MR. HARRISON: Thank you, Your Honor.
 7            THE COURT: Thank you very much.  Since that motion
 8   was filed by Mr. Harrison, Mr. Nicoletti, you filed your own
 9   motions.  I believe the Court struck those motions because you
10   were represented by Counsel at the time the motions were filed,
11   and so that gets us to a couple of things that I need to
12   discuss here which is the first one, Mr. Nicoletti, do you
13   intend to represent yourself or do you want new counsel?
14            MR. NICOLETTI: New counsel, Your Honor.
15            THE COURT: Was Mr. Harrison appointed counsel?
16            MR. NICOLETTI: He was.
17            THE COURT: And so you need appointed counsel again?
18            MR. NICOLETTI: Yes.
19            THE COURT: All right.  Carol will take the steps to
20   notify the Federal Defender's Office and to try to get counsel
21   appointed to represent you.
22        And if it is your desire, Mr. Nicoletti, to have new
23   counsel and I think you're saying to the Court then that you
24   don't intend to represent yourself, when new counsel is
25   appointed in the case you will have the opportunity to discuss
```

1    with him or her the motions that have been struck and any

2    strategy you wish to pursue and the case is going to be delayed

3    under the Speedy Trial Act because of this need for new counsel

4    to file an appearance.  So is there anything more, Mr.

5    Nicoletti?

6          MR. WEIER: Nothing on behalf of the United States,

7    Your Honor.

8          THE COURT: Mr. Nicoletti, do you have anything more?

9          MR. NICOLETTI: No, Your Honor.  If the motions are

10   stricken, I would just speak to those.

11         THE COURT: Okay then, I think we're done.  I'm sure

12   you'll be notified in the next day or two, Mr. Nicoletti, who

13   your new lawyer is and once that happens, we will send out a

14   Scheduling Order.  We'll have to take into account whatever

15   time your new attorney will need to get up to speed in the case

16   and we'll set new dates.

17         MR. WEIER: Thank you, Your Honor.

18         MR. NICOLETTI: Your Honor, would the Court by any

19   chance entertain my motion for return of the passport that I

20   believe was unopposed by the U.S. Attorney's Office?

21         THE COURT: Mr. Weier, do you have anything to say on

22   the passport?

23         MR. WEIER: That motion has been stricken by the

24   Court, Your Honor, so -- and we do oppose that motion.

25         THE COURT: Okay.  I understand that I struck it.  So

1   it may be re-filed.  Mr. Nicoletti, what are your reasons for

2   wanting your passport?  Your mother is ill I understand, and

3   you have family outside of the United States?

4           MR. NICOLETTI:  Yes.

5           THE COURT:  And is there a need for you to travel

6   outside of the United States right now?

7           MR. NICOLETTI: There is, Your Honor.

8           THE COURT: What is that need?

9           MR. NICOLETTI: So my mother can keep in touch with

10  family and so that I can keep in touch with family.

11          THE COURT: And there isn't anyone else to provide

12  assistance to your mother?

13          MR. NICOLETTI: Actually there is not.  My mother is

14  85 years old and I'm her only source of travel.  I'm the only

15  person that she will travel with.  She won't travel with anyone

16  else.

17          THE COURT: Well, Mr. Weier is correct.  The motion

18  has been struck.  You'll get new counsel very shortly and

19  perhaps that's a motion that will get filed and the Government

20  will be an able to respond to it on a substantive basis.  So we

21  are done for today. Thank you.

22          MR. NICOLETTI: Your Honor, can I just inquire of the

23  Court?  What is the basis for striking the motion that Mr.

24  Weier filed?  He didn't have any case law.  He didn't have any

25  court rules and what's the authority for striking my motion and

1    preventing me from filing motions until someone else is

2    appointed because I don't know when that's going to be?

3              THE COURT: It's going to be within the next day or

4    two.  That's how rapidly the Federal Defender's Office works.

5              MR. NICOLETTI: And the authority --

6              MR. WEIER: (Interjecting) If I may, Your Honor?  Just

7    to educate Mr. Nicoletti.  Federal Rule of Criminal Procedure

8    12(c) gives the Court the authority to set motion cutoff dates;

9    it has done so and the Court has relied on the motion cutoff

10   date in its motion to strike the motions.  Whether the cutoff

11   date was February 20th or June 11th, these motions were still

12   late.  The Court had authority to set that date.  That's the

13   authority.

14             THE COURT: Beyond that, however, Mr. Nicoletti, this

15   Court routinely strikes motions that are filed by Defendants --

16   by any party who's represented by a lawyer.  You are acting

17   through your counsel.  Your counsel is the one who has the

18   authorities -- the authority to file papers with the Court and

19   so as I said, you were represented by counsel and the Court

20   does what it always does in that instance which is to strike

21   motions filed by a represented party.

22             MR. NICOLETTI: So the Court will issue a Scheduling

23   Order that includes the new motion cutoff date?

24             THE COURT: I can't say that.  You will be acting

25   through your new lawyer who will bring to the attention

1  whatever he or she believes is necessary to be before the Court

2  and that will be after consultation with you, so I can't say

3  what I'm going to be doing, but I will be responding to matters

4  that are brought before me through counsel.

5          MR. NICOLETTI: It's just that you indicated you're

6  going to issue a Scheduling Order and I wondered if that would

7  be included in that Scheduling Order.

8          THE COURT: I can't say what will be included in that

9  Scheduling Order.  After you have new counsel, we will have a

10  status conference and the Court will discuss issues.

11          MR. NICOLETTI: Very well, Your Honor.

12          THE COURT: Thank you.

13          MR. WEIER: Thank you.

14          THE COURT: We're adjourned.

15          **(Proceedings adjourned at about 10:50 a.m.)**

16                          - - -

17          **COURT REPORTER'S CERTIFICATION**

18

19  STATE OF MICHIGAN)

20                  )  SS.

21  COUNTY OF WAYNE  )

22     I, Janice Coleman, Federal Official Court Reporter, in and

23  for the United States District Court for the Eastern District

24  of Michigan, do hereby certify that pursuant to Section 753,

25  Title 28, United States Code, that the foregoing is a true and

```
 1   correct transcript of the stenographically reported proceedings

 2   held in this matter and that the transcript page format is in

 3   conformance with the regulations of the Judicial Conference of

 4   the United States.

 5

 6                         /S/ JANICE COLEMAN

 7                   JANICE COLEMAN, CSR NO. 1095, RPR

 8                   FEDERAL OFFICIAL COURT REPORTER

 9

10   DATED:  November 1, 2018

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```