# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA,**

Plaintiff,

Case No. 15-cr-20382

**D-1  PAUL NICOLETTI,**                HON. VICTORIA A. ROBERTS

Defendant.

_____/

## GOVERNMENT'S MOTION *IN LIMINE* TO BAR
## DEFENDANT'S "HOPES AND DREAMS" EVIDENCE

The government anticipates that part of the defense and possible proofs at trial will include the claim that the participants in the charged conspiracy/scheme always intended that the fraudulently obtained mortgage loans they obtained would be repaid in full after improvements/resales were completed, and that, but for Fifth Third Bank's detection of the scheme and recall of the loans, Fifth Third Bank would have experienced no losses. The government anticipates that this argument will be made to the jury as a defense to the crimes charged in the indictment and that evidence in the form of testimony (through cross-examination or directly) will be proffered.

Such testimony, argument and evidence is improper. In *United States v. Daniels*, 329 F.3d 480 (6th Cir. 2003) the defendant argued that "though he admittedly intended to deprive [the victim] of money in the short-term by taking improper loans, he did so in hopes of benefitting them in the long-term

by repaying the loans and retaining the stock." *Id*. at 488. Because he meant the victim no harm, defendant argued, he lacked the requisite intent to commit wire fraud. *Id.* The Sixth Circuit disagreed and affirmed the jury verdict for wire fraud. The court held that defendant's argument constituted an improper invitation for the jury to "look beyond his bad conduct to his overall motives." *Id.* Such a focus, the court held, misconstrued the critical inquiry – that is, whether the defendant "by material misrepresentations intends the victim to accept a substantial risk that otherwise would not have been taken." *Id.* The Sixth Circuit held that, applying this standard, "The government had only to establish that Daniel intended to deprive Century of money in the short-term, and it presented sufficient evidence for the jury so to find.

If the defendant offers such evidence of the ultimate hopes and dreams, it would amount to nothing but a diversion, an invitation to – in the words of the Sixth Circuit – "have the jury look beyond his bad conduct to his overall motives." *Id.* Absolutely nothing about such evidence, or about Nicoletti's and his co-conspirators' plans and aspirations, concerns the only relevant inquiry: whether Nicoletti, by lying, manipulating transactions to mislead, and aiding and abetting bank fraud by knowingly facilitating fraudulent transactions, intended for it "to accept a substantial risk that otherwise would not have been taken." *Id.* See also, *United States v. Koh*, 199 F.3d 632 (2nd Cir. 1999); *United*

*States v. Berkovich*, 168 F.3d 64 (2nd Cir. 1999).[1]  Worse, such evidence risks misleading the jurors on the frolic and detour that was the focus of the Sixth Circuit's holding in *Daniels*. Any nominal probative value of such evidence is thus dwarfed by the very real danger of misleading the jury, among the other dangers codified in Federal Rule of Evidence 403.

**CONCLUSION**

For these reasons, the Court should bar such evidence.

Respectfully submitted,

**MATTHEW SCHNEIDER**
United States Attorney

*s/Craig A. Weier (P33261)*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-9678
E-Mail: craig.weier@usdoj.gov

Dated: February 7, 2019

---

[1] In *United States v. John Bravata*, Docket No. 11-20314, (R. 224, pg. 12-13), the government filed a virtually identical motion which was granted by the Honorable Paul D. Borman on the record during trial.