UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs                                                          Criminal Action No: 15-20382
                                                                Honorable Victoria A. Roberts

PAUL NICOLETTI,
    Defendant.
_____/

## AMENDED CRIMINAL TRIAL NOTICE
## AND STANDING ORDER RE: TRIAL

    This Order is entered: (1) to eliminate unnecessary discovery motions; and (2) to expedite the presentation of evidence and the examination of witnesses.  If it is in conflict with 99-AO-003, which you should familiarize yourself with, this Order governs.

    1.    MOTIONS IN LIMINE cannot be filed after: **4/12/19**
          Without permission from the Court.

          RESPONSES TO MOTIONS IN LIMINE due: **4/19/19**
          (**See No. 5, Motion Requirements**)

    2.    PRETRIAL CONFERENCE & HEARING ON MOTIONS IN LIMINE (if necessary): to be set if necessary

    3.    DEADLINE FOR WITNESS LISTS, PROPOSED VOIR DIRE, JURY INSTRUCTIONS, LIST OF EXHIBITS AND **STIPULATION OF METHOD FOR REMOVING ALTERNATE JURORS**: **4/23/19**

          (**See No. 8 re: Jury Instructions**)

    4.    Jury Trial: **Monday, April 29, 2019 at 9:00 am**

    1. **ATTORNEY CONFERENCE AND DISCLOSURE:**  Within ten (10) days of the date of arraignment, government and defense counsel shall meet and confer for the purpose of resolving or minimizing the issues in controversy.  <u>Upon the request of defense counsel</u>, government counsel shall:

1

(a) provide defense counsel with the information described in Federal Rules of Criminal Procedure 16(a)(1); and

(b) permit defense counsel to inspect, copy or photograph any exculpatory/impeachment evidence within the meaning of <u>Brady v Maryland</u>, 373 U.S. 83 (l963), <u>United States v Agurs</u>, 427 U.S. 97 (l976), and <u>Giglio v United States</u>, 405 U.S. 105 (l972).  A list of such of evidence shall be prepared and  signed by all counsel.  Copies of the items which have been disclosed shall be initialed or otherwise marked.  Nothing in this Order shall be construed to require the disclosure of Jencks Act material prior to the time that its disclosure is required by law.

2. **DISCLOSURE DECLINED:**   If, in the judgement of government counsel, it would be detrimental to the government's interests to make any of the disclosures set forth in the paragraph above, such disclosure may be declined.  Any declination shall be confirmed in writing, with a copy provided to the Court.  Any defendant who seeks to challenge the declination shall move for relief immediately.

3. **CONTINUING DUTY:**  This duty to disclose is continuing, even throughout trial.

4. **DISCOVERY BY THE GOVERNMENT**:  This Order is not designed to preclude discovery by the government under the Federal Rules of Criminal Procedure.

5. **MOTION REQUIREMENTS:**  All briefs shall comply strictly with LR 7.1 (Statement of Issues, Statement of Controlling/Most Appropriate Authority), and, in addition, **must** contain a Table of Contents, an Index of Authorities and an Index of Exhibits.  The Exhibits must be tabbed. LR 7.1(a) seeking concurrence requirement and the format requirements as set forth in LR 5.1 must be strictly adhered to**.  Relevant passages of exhibits must be highlighted on the Judge's courtesy copy.**

6. **EXHIBITS:**

(a) <u>Pre-marking and Listing of Exhibits</u>: All exhibits must be pre-marked and numbered/lettered consecutively.  Plaintiff shall use numbers 1-500, Defendant shall use numbers 501-1000.  A list of proposed exhibits are to be furnished to the Court by the above deadline.  Actual copies of the exhibits shall be furnished on the morning of trial.  The Court will admit all exhibits not objected to.  No further exhibits may be offered in the case except upon order of the Court for good cause shown.

(b) <u>Foundation for Exhibits</u>: When defense counsel has inspected an exhibit which the government intends to introduce in evidence, the foundation for its receipt into evidence will be deemed established unless defense counsel files a notice with the court at or before the Final Status Conference that the foundation for admission into evidence of the exhibit will be contested.

(c) <u>Objections to Exhibits</u>: This Order shall not affect the right of a defendant to object at the time of trial to the introduction of an exhibit other than on the basis of foundation.

(d) <u>Scientific Analysis</u>: When a defendant has been made aware of the existence of the scientific analysis of an exhibit, the results of the analysis and the opinion of the scientist will be admitted into evidence unless the defendant files a notice with the court by the time of the Final Status Conference, that the scientific analysis of the exhibit will be contested.  Such notice shall state whether the expert is desired as a witness.

7. **WITNESS LIST**: By the deadline established, and to enable the court to better estimate the length of trial, each party shall provide the Court with a list of witnesses, described by name and description, which it reasonably anticipates will be called to testify at trial, noting the approximate amount of time the party anticipates will be needed for examination of each witness.  **Law enforcement witnesses must testify wearing street clothing - not uniforms.**

8. **JURY INSTRUCTIONS**: By the deadline established, all agreed to instructions must be submitted to the Court in duplicate.  **PLEASE NOTE:**  The Court rarely departs from using Standard Jury Instructions, unless extraordinary circumstances warrant the use of Non-Standard Jury Instructions.

If instructions are submitted other than those to which there is no disagreement, counsel opposing the proposed instruction must state the basis for the objection and relevant law.

A. To which there is no disagreement (including general jury instructions);
B. Plaintiff(s) proposed; and
C. Defendant(s) proposed.

Instructions **must not** be on letterhead and must:

1. Each start on a separate page;
2. Be consecutively numbered;
3. Bear the case number; and

   4. cite supporting authority.
   5. Must contain a Table of Contents and an Index

If the instruction is "standard" from some source, please indicate that source.

**<u>Near the end of trial, and when the instructions have been agreed to and finalized, counsel must submit all jury instructions from 8 A-C above, on one disc compatible with Wordperfect 9 or Word.  Hard, final copies must be provided as well.</u>**

 9. **<u>VOIR DIRE</u>**:  In jury cases, the Court will conduct the initial voir dire.  Counsel will be permitted to question prospective jurors.

 10. **<u>JUROR NOTE TAKING</u>**: Jurors will be allowed to take notes.

 11. **<u>BENCH TRIAL</u>**: In bench trials, proposed findings of fact and conclusions of law must be submitted on the first day of trial and can be amended once all proofs are in.

 12. **<u>CONTINUANCES</u>**: Continuances of trial dates or continuances during trial will not be granted because of unavailability of witnesses.  Please notify the Court if Court intervention is necessary to secure witness attendance.  Otherwise, witnesses will be expected to be available when called.

**FINAL STATUS CONFERENCE**

 At the Final Status Conference counsel must be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to:

- Anticipated evidentiary issues;

- Length of trial;

- Stipulations which may make it unnecessary to call foundation witnesses;

- Stipulations which may make it unnecessary to prove facts that are uncontested; and

- Stipulations which may make it unnecessary to admit certain exhibits.

          s/ Victoria A. Roberts
          United States District Judge

Dated: 12/18/18
(Rev. 4/11)

4