UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                              Case No. 15-20382
v.                                          Honorable Victoria A. Roberts

PAUL NICOLETTI,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO PREVENT THE USE OF GOVERNMENT WIRETAPS OF TELEPHONE CONVERSATIONS OF DEFENDANT
(Doc. #118)

### I. INTRODUCTION

The United States charged Paul Nicoletti ("Nicoletti") in a four-count indictment with conspiracy to commit and aiding and abetting bank fraud.

Nicoletti filed a motion *in limine* to bar the government from introducing "wiretaps" of telephone conversations Nicoletti had with a co-defendant; he says the Court should grant his motion because the recordings: (1) were obtained illegally; (2) are inadmissible under Federal Rule of Evidence 403; and (3) cannot be properly authenticated. Moreover, Nicoletti says that if the Court denies his motion the government must play the entirety of the recordings under Federal Rule of Evidence 106.

The Court **DENIES** Nicoletti's motion.

### II. BACKGROUND

Nicoletti, an attorney licensed in the State of Michigan and President of Continental Title Insurance Agency, Inc., was indicted on one count of conspiracy to commit bank

1

fraud in violation of 18 U.S.C. § 1349 and three counts of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344 & 2.

The indictment alleges that Nicoletti willfully conspired with and aided and abetted others to execute and attempt to execute a scheme to defraud and obtain money from Fifth Third Bank. Each of the three aiding and abetting counts are for separate multi-million dollar loans that Nicoletti allegedly secured under materially false and fraudulent pretenses and representations.

The indictment alleges that Nicoletti and his co-conspirators employed straw buyers to serve as mortgage loan applicants for the purchase of real property. The conspirators also allegedly provided false information in the loan applications; they allegedly falsified the income and assets of the straw buyers, the source of the down payments for the loans, and the intentions of the purported purchasers.

According to the indictment, Nicoletti knowingly facilitated the fraudulent real estate transactions by acting as title agent, coordinating and conducting real estate closings, preparing HUD-1 Settlement Statements, and disbursing the proceeds of the mortgage loans.

### III. STANDARD OF REVIEW

District courts have broad discretion over matters regarding the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "A ruling on a motion *in limine* is no more than a preliminary, or advisory opinion that falls entirely within the discretion

of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Motions *in limine* may promote "evenhanded and expeditious management of trials by excluding evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F.Supp.2d 708, 712 (6th Cir. 1975). Courts should rarely grant motions *in limine* that "exclude broad categories of evidence." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The "better practice is to deal with questions of admissibility when they arise." *Id*.

IV. ANALYSIS

A. The Recordings Were Obtained Lawfully

Nicoletti says the Court should prohibit the government from introducing the recordings because they were obtained illegally; indeed, Nicoletti says that the government violated 18 U.S.C. § 2511(1)(b) and the Fourth Amendment by recording his conversations without his consent. The government says that § 2511 allows one-party consensual monitoring under the circumstances of this case. The government is right; its actions did not violate federal law.

18 U.S.C. § 2511(1)(b) prohibits one-party consensual monitoring, except in certain enumerated circumstances. 18 U.S.C. § 2511(1)(b). Specifically, the statute provides that:

> it shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 U.S.C. § 2511(1)(c). Here, Nicoletti's co-defendant, Alan Lucia, agreed to cooperate with the Federal Bureau of Investigation by voluntarily recording conversations between

3

him and Nicoletti. The government's monitoring of Nicoletti in this manner is legal under 18 U.S.C. § 2511(1)(c); it is explicitly allowed by the statute's plain language.

Moreover, the government's actions did not violate Nicoletti's Fourth Amendment rights. The United States Supreme Court held that a criminal defendant bears the risk that his accomplice is recording conversations to be offered in evidence by the government. *See United States v. White*, 401 U.S. 745, 751-53 (1971) ("we are not prepared to hold that a defendant who has no constitutional right to exclude the informer's unaided testimony nevertheless has a Fourth Amendment privilege against a more accurate version of the events in question.").

The government lawfully obtained the recordings.

**B. The Recordings are Admissible Under Federal Rule of Evidence 403**

Nicoletti says that the recordings are inadmissible under Federal Rule of Evidence 403; he says the evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice.

Federal Rule of Evidence 403 gives this Court the discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Importantly, "[c]ourts have routinely rejected the claim that a party was unfairly prejudiced under Rule 403 because the challenged evidence was contrary to his view of the facts." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988). Moreover, the Sixth Circuit noted that unfair prejudice "does not mean the damage to defendant's case that results

from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *Id.*

Nicoletti says that the recordings present a danger of unfair prejudice because the jury could interpret statements made in jest as admissions of guilt. Nicoletti cites to *United States v. Wesley*, 417 F.3d 612 (6th Cir. 2005), in support of his assertion that these recordings present too great a danger of unfair prejudice. However, in *Wesley*, the Sixth Circuit excluded the relevant evidence because it referenced the defendant's prior incarceration. *Id.* at 622. Evidence of prior incarceration is clearly the kind of evidence which "tends to suggest decision on an improper basis"; Nicoletti does not assert that these recordings contain anything comparable. Indeed, Nicoletti's argument amounts to an attempt to have this Court deem these recordings unfairly prejudicial because they could be interpreted "contrary to his view of the facts."

The Court will not bar the recordings under Federal Rule of Evidence 403.

### C. The Recordings Will be Properly Authenticated

Nicoletti also says the recordings should be prohibited under Federal Rule of Evidence 901 because they are allegedly incomprehensible and lack a verifiable chain of custody; he says that the recordings were made with "minimal oversight" by the FBI.

Federal Rule of Evidence 901 requires that a party seeking to introduce evidence "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The burden imposed by Rule 901(a) is "relatively low." *United States v. Mallory*, 902 F.3d 584, 595 (6th Cir. 2018). Federal Rule of Evidence 901(b) provides that the authenticity requirement may be satisfied by "testimony of a witness with knowledge that an item is what it is claimed to be." Fed. R. Evid. 901(b)(1).

5

The government says that Nicoletti's co-defendant—the individual who made the recordings—will testify to their authenticity. Special Agent Christine Taylor will testify to chain of custody. The government also says that the recordings are comprehensible; it says that Nicoletti's co-defendant will testify that he recently reviewed the tapes; the government also says that it will provide transcripts of the recordings for the jury.

The government's proffered evidence is sufficient to satisfy the "low hurdle" imposed by Federal Rule of Evidence 901.

**D. The Government is not Required to Play all 13 Hours of the Recordings**

Nicoletti says that if the recordings are admitted into evidence, all 13 hours of them must be played to provide context for the jury under Federal Rule of Evidence 106. The government says that Nicoletti fails to identify which portions of the recordings are necessary to provide context; it says that Nicoletti has failed to show that the balance of the recordings must be played.

Federal Rule of Evidence 106 codifies the common law "Rule of Completeness." *United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982). The Rule provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106. The Sixth Circuit noted that "Rule 106 is intended to eliminate the misleading impression created by taking a statement out of context . . . The rule covers an order of proof problem; it is not designed to make something admissible that should be excluded." *Costner*, 684 F.2d at 373. Importantly, Rule 106 places the burden on the party seeking admission to show that the additional evidence is relevant and provides

6

context. *United States v. Price*, 516 F.3d 597, 604; *see also United States v. Littwin*, 338 F.3d 141, 146 (6th Cir. 1964). Moreover, "only those parts which qualify or explain the subject matter of the portion offered by opposing counsel should be admitted." *United States v. Dotson*, 715 F.3d 576, 582 (6th Cir. 2013).

Nicoletti fails to identify which portion of the recordings will clarify the government's proferred evidence; indeed, he merely asserts that "the entirety of the tapes should be admitted." Additionally, Nicoletti fails to respond to the government's contention that the recordings contain "hours of irrelevancies and substantial amounts of self-serving hearsay."

Nicoletti's assertion that the remainder of the recordings add necessary context is insufficient; he has failed to show—although he has had the recordings for four months—which portions are relevant and admissible under the federal rules of evidence.

## V. CONCLUSION

Nicoletti's motion *in limine* is **DENIED**. The government may introduce recordings of telephone conversations between Nicoletti and his co-defendant.

**IT IS ORDERED**.

S/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: April 26, 2019