UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL NICOLETTI,

    Defendant.
_____/

Case No. 15-20382
Honorable Victoria A. Roberts

## ORDER DENYING GOVERNMENT'S MOTION IN LIMINE TO BAR EVIDENCE, EXAMINATION, AND ARGUMENT SUGGESTING THAT THE UNINSURED STATUS OF FIFTH THIRD MORTGAGE MI, LLC PRECLUDES A FINDING OF GUILT (Doc. #117)

### I. INTRODUCTION

The United States charged Paul Nicoletti ("Nicoletti") in a four-count indictment with conspiracy to commit and aiding and abetting bank fraud. The government filed a motion *in limine* to prevent Nicoletti from arguing that the uninsured status of Fifth Third Mortgage MI, LLC ("Fifth Third Mortgage") precludes a finding of guilt; it says that—because it is only seeking to convict Nicoletti under 18 U.S.C. § 1344(2)—Fifth Third Mortgage's uninsured status is irrelevant. Further, the government says that allowing Nicoletti to argue that Fifth Third Mortgage's uninsured status precludes a finding of guilt would serve only to mislead and confuse the jury.

The Court **DENIES** the government's motion.

### II. BACKGROUND

Nicoletti, an attorney licensed in the State of Michigan and President of Continental Title Insurance Agency, Inc., was indicted on one count of conspiracy to commit bank

1

fraud in violation of 18 U.S.C. § 1349 and three counts of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344 & 2.

The indictment alleges that Nicoletti willfully conspired with and aided and abetted others to execute and attempt to execute a scheme to defraud and obtain money from Fifth Third Bank. Each of the three aiding and abetting counts is for separate multi-million dollar loans that Nicoletti allegedly secured under materially false and fraudulent pretenses and representations.

The indictment alleges that Nicoletti and his co-conspirators employed straw buyers to serve as mortgage loan applicants for the purchase of real property. The conspirators also allegedly provided false information in the loan applications; they allegedly falsified the income and assets of the straw buyers, the source of the down payments for the loans, and the intentions of the purported purchasers.

According to the indictment, Nicoletti knowingly facilitated the fraudulent real estate transactions by acting as title agent, coordinating and conducting real estate closings, preparing HUD-1 Settlement Statements, and disbursing the proceeds of the mortgage loans.

### III.     STANDARD OF REVIEW

District courts have broad discretion over matters regarding the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "A ruling on a motion *in limine* is no more than a preliminary, or advisory opinion that falls entirely within the discretion

of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Motions *in limine* may promote "evenhanded and expeditious management of trials by excluding evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F.Supp.2d 708, 712 (6th Cir. 1975). Courts should rarely grant motions *in limine* that "exclude broad categories of evidence." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The "better practice is to deal with questions of admissibility when they arise." *Id.*

IV. ANALYSIS

In response to the government's motion, Nicoletti says that his only real defense is that the complainant is not federally insured; he wants to demonstrate that the real lender was Fifth Third Mortgage. The Court will not preclude Nicoletti from asserting this defense.

The bank fraud statute, in relevant part, imposes liability on "[w]hoever knowingly executes, or attempts to execute, a scheme or artifice . . . (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344(2).

The parties have a fundamental disagreement over who actually loaned the funds to Nicoletti. The government says the lender was Fifth Third Bank, which was federally insured. Nicoletti says the lender was Fifth Third Mortgage. The parties agree that Fifth Third Mortgage was not federally insured.

Notwithstanding the government's assertion that Fifth Third Bank was the actual lender, it seems to state otherwise in its revised jury instructions; the government refers to Fifth Third Mortgage as the "mortgage lender."

Nicoletti believes that the government will fail to prove that Fifth Third Bank was the actual lender; thus, Nicoletti argues that the government will fail to prove that the funds that flowed to him were controlled by a federally insured bank. The insured status of the lender is an essential element of the case that the government must prove.

Ultimately, the Court cannot determine whether Fifth Third Mortgage's uninsured status is relevant until it is clear which entity was the actual lender, and the Court declines to weigh the sufficiency of the evidence on that issue at this juncture. The determination of the identity of the actual lender is clearly the kind of fact-intensive inquiry that is entrusted to the jury. *See United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976) ([t]he Court "may make preliminary findings of fact necessary to decide the questions of law presented by [a] pre-trial motion," but its findings must "not invade the province of the ultimate finder of fact.").

## V.     CONCLUSION

The government's motion is **DENIED**. The Court will not bar Nicoletti from presenting evidence and argument that his real lender was Fifth Third Mortgage, which was uninsured. In fact, it appears the parties could even stipulate that Fifth Third Mortgage is not insured, if Nicoletti's argument pertains to who the real lender is.

**IT IS ORDERED**.

                                        S/_____
                                        Victoria A. Roberts
                                        United States District Judge

Dated:  April 26, 2019