UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

          Plaintiff,

                                Case No. 15-cr-20382

D-1  PAUL NICOLETTI,          HON. VICTORIA A. ROBERTS

          Defendant.

_____/

| | |
|---|---|
| Craig A. Weier (P33261) | James C. Howarth |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 820 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| (313) 226-9678 | (313) 963-1455 |
| craig.weier@usdoj.gov | james-howarth@att.net |

John K. Neal
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9644
john.neal@usdoj.gov

**GOVERNMENT'S MOTION FOR CLARIFICATION**

The United States of America, by and through its counsel, respectfully submits this Motion for Clarification of the Court's <u>Order Denying the Government's Motion in Limine to Bar Evidence, Examination, and Argument Suggesting that the Uninsured Status of Fifth Third Mortgage</u>

Michigan, LLC Precludes a Finding of Guilt (Dkt. No. 128). The Court's ruling contains language that, in the government's view, would require the government to prove an element that it is not legally required to prove in order to convict the defendant of Bank Fraud pursuant to 18 U.S.C. § 1344(2). The government respectfully asks the Court to be heard on this issue on Monday morning, because clarity on this matter will fundamentally shape the nature of the government's proofs and the structure of the trial.

The parties do not dispute that the entity that actually loaned the funds at issue in this case was Fifth Third Mortgage Michigan. The parties further agree that Fifth Third Mortgage Michigan was not, pursuant to the law as it existed in 2005, a federally insured financial institution under the terms of 18 U.S.C. § 20. Contrary to the language in the Court's Order, the parties therefore do not have a "fundamental disagreement over who actually loaned the funds to Nicoletti." It was Fifth Third Mortgage Michigan that did so.

What the parties dispute is the import of this fact. The government maintains that the funds that flowed to Nicoletti as a result of his scheme came from Fifth Third Mortgage Michigan accounts maintained at Fifth Third Bank. Fifth Third Bank is and was a federally insured financial institution. The government will prove that all of the funds obtained through Nicoletti's scheme were thus under the custody or control of a federally insured financial

institution. Therefore, the government maintains that the insured status of Fifth Third Mortgage Michigan is legally irrelevant, which spurred the government to file its Motion in Limine on this point.

The Court's Order states that "the insured status of the lender is an essential element of the case that the government must prove." Respectfully, the government submits that this statement is legally incorrect, given the prong of the bank fraud statute upon which the government will seek to instruct the jury. The government intends to proceed under prong (2) of 18 U.S.C. § 1344, which criminalizes a scheme or artifice "to obtain any of the moneys, funds, credits assets, securities, or other property owned by, or under the custody or control of, a financial institution by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C § 1344 (2). The character of the lender is irrelevant under this prong of the statute. All that matters is that as part of the scheme to defraud "*someone* cause(d) a federally insured bank to transfer funds under its possession and control." *United States v. Warshak*, 631 F.3d 266, 313 (6th Cir. 2010)(emphasis in original). The government will be able to prove that here.

Were the government proceeding under prong (1) of the bank fraud statute, which criminalizes a scheme "to defraud a financial institution," then the "insured status of the lender" or victim would be relevant, as it would be

an element of the offense. The government maintains that it could successfully proceed under prong 1, as Fifth Third Mortgage Michigan is ultimately owned by Fifth Third Bank, and a fraud on Fifth Third Mortgage Michigan would result in a loss to the insured parent entity. However, because the issue of whether defrauding a subsidiary is tantamount to defrauding a parent financial institution is currently under consideration by the Sixth Circuit,[1] the government had hoped to forego any argument relative to Section 1344(1), and rely, instead, on Section 1344(2). By proceeding on the latter prong only, the government maintains that the trial will be greatly simplified and will not involve complex questions about parent-subsidiary relationships and affiliate ownership structures in the banking industry.

    The government's position on liability under § 1344(2) is affirmed in both the pattern jury instructions in the Sixth Circuit and in Supreme Court and Sixth Circuit case law. Sixth Circuit pattern instruction 10.03B makes clear that no intent to defraud a bank is required, that the bank need not suffer a loss or risk of loss, nor that the false or fraudulent pretenses, representations, or promises were made to the bank. See *Sixth Cir. Pattern Instruction* 10.03B (3). Pursuant to the instruction, the government must prove that " that the

---

[1] *United States v. Banyan and Puckett*, Nos. 17-6410, 17-6493 (CA6, 2018).

defendant knowingly executed or attempted to execute a scheme to obtain any of the money, funds, or property under the *custody or*[2] control of a bank, by means of false or fraudulent pretenses, representations or promises." *Id.* The pattern jury instructions go on to include elements concerning materiality, fraudulent intent, and the federally insured status of the bank, but do <u>not</u> require proof of intent to defraud a bank, proof that the bank suffered a loss, proof that false representations were made to the bank, or proof that the bank was exposed to a risk of loss. *See Id.*

The Sixth Circuit's pattern jury instructions are based upon Supreme Court and Sixth Circuit case law construing Section 1344(2). The Supreme Court has held that no intent to defraud the bank is required for liability to arise under Section 1344(2). *See Loughrin v. United States*, 573 U.S. 351, 360-361 (2014). The Supreme Court further noted that no risk of loss to the financial institution is required under Section 1344(2), stating that "the broad language in § 1344(2) describing the property at issue—'property owned by or under the custody or control of' a bank—appears calculated to avoid entangling courts in technical issues of banking law about whether the financial institution or, alternatively, a depositor would suffer the loss from a successful fraud." *Id.* at

---

[2] Words "custody or" added to comport with statutory language. 18 U.S.C. § 1344(2).

366, n.9. And the Sixth Circuit has been extremely plain on the elements of Section 1344(2); the Circuit has stated "[i]t is sufficient if the defendant in the course of committing fraud on *someone* causes a federally insured bank to transfer funds under its possession and control." *Warshak*, 631 F.3d at 313.

If the government is required to prove that an insured entity was the ultimate "victim" or "lender," in this case, then the Court will have added an element to 1344(2), which is not apparent in the jury instructions. If that element is imported into the government's proposed jury instructions, then the government's theory of liability under Section 1344(2) will have been essentially merged with the elements of Section 1344(1). This will change the jury instructions and therefore the entire structure of the government's case. The government submits that this would be erroneous and would unnecessarily complicate the proceedings. The government therefore respectfully requests that the parties be heard on this matter on Monday morning.

        Respectfully Submitted,

        MATTHEW SCHNEIDER
        United States Attorney

| s/John K. Neal | s/Craig A. Weier |
|---|---|
| John K. Neal | Craig A. Weier |
| Assistant U.S. Attorney | Assistant U.S. Attorney |

|  |  |
|---|---|
| 211 W. Fort St., Suite 2001 | 211 W. Fort Street, Suite 2001 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| (313) 226-9644 | (313) 226-9678 |
| john.neal@usdoj.gov | craig.weier@usdoj.gov |

## **CERTIFICATE OF SERVICE**

On April 27, 2019, the undersigned filed the foregoing using the Court's Electronic Filing System which automatically serves a copy to all counsel of record.

*S/John K. Neal*
Assistant United States Attorney