# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| MATTHEW FLYNN | Case Number: 11CR20157-1 |
| | USM Number: 46070-39 |

**DAVID GRIEM**

Defendant's Attorney

**THE DEFENDANT:**

■ Pleaded guilty to count(s)  **1 of Information**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1349 | Bank Fraud Conspiracy | 9/2005 | 1 |

   The defendant is sentenced as provided in pages **2 through 6** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/6/2012
Date of Imposition of Judgment

s/Victoria A Roberts
United States District Judge

3/1/2012
Date Signed

DEFENDANT:  MATTHEW FLYNN
CASE NUMBER:  11CR20157-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  **1 day time served**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

AO245B [Rev. 12/03] Judgment in a Criminal Case
Case 2:15-cr-20820-VAR-MKM ECF No. 174-2 Filed 03/17/20 PageID.281 Page 3 of 28
Sheet 3- Supervised Release

Judgment-Page 3 of 6

DEFENDANT: MATTHEW FLYNN
CASE NUMBER: 11CR20157-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **4 years**

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

   The defendant shall not commit another federal, state or local crime.

   If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

   The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)** the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)** the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)** the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)** the defendant shall support his or her dependents and meet other family responsibilities;

**5)** the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)** the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)** the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)** the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)** the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)** the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)** the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)** the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)** as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)** the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 3C - Supervised Release
Case 2:15-cr-20822-LVP-MKM ECF No. 174-2 Filed 03/17/20 PageID.2912 Page 4 of 28

Judgment-Page 4 of 6

DEFENDANT:  MATTHEW FLYNN
CASE NUMBER:  11CR20157-1

## SPECIAL CONDITIONS OF SUPERVISION

■  The defendant shall make monthly payments on any remaining balance of the:**restitution**, **fine** at a rate and schedule recommended by the Probation Department and approved by the Court.

■  The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

■  The defendant shall provide the probation officer access to any requested financial information.


**The defendant shall be lawfully and gainfully employed on a full-time basis, or shall be seeking such lawful, gainful employment on a full-time basis. "Full-time" is defined as 40 hours a week. In the event that the defendant has part-time employment, he shall devote the balance of such 40 hours per week to his efforts of seeking additional employment.**

DEFENDANT: MATTHEW FLYNN
CASE NUMBER: 11CR20157-1

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 4,761,100.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Fifth Third Bank C/O Darrin Morgan | $2,213,241.09 | $2,213,241.09 | |
|    5001 Kingsley Drive | | | |
|    MD 1MOB23-3870 | | | |
|    Cincinnati OH 45263 | | | |
| The Chubb Group of Insurance Companies C/O David D. Pardini | $1,317,858.91 | $1,317,858.91 | |
|    Fifth Avenue Place | | | |
|    120 Fifth Avenue | | | |
|    Pittsburgh Pennsylvania 15222-3008 | | | |
| Flagstar Bank | $1,230,000.00 | $1,230,000.00 | |
| **TOTALS:** | $ 4,761,100.00 | $ 4,761,100.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  MATTHEW FLYNN
CASE NUMBER:  11CR20157-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision, due to the defendant's lack of resources.

# United States District Court
## Eastern District of Michigan

United States of America

V.

ALAN JOSEPH LUCIA

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 09CR20311-1

USM Number: 43952-039

ROBERT M. MORGAN

Defendant's Attorney

## THE DEFENDANT:

◼ Pleaded guilty to count(s) **1 of Information**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud | 10/21/2005 | 1 |

The defendant is sentenced as provided in pages **2 through 8** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/3/2011

Date of Imposition of Judgment

s/Victoria A Roberts

United States District Judge

8/5/2011

Date Signed

DEFENDANT:  ALAN JOSEPH LUCIA
CASE NUMBER:  09CR20311-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  **1 day (time served)**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 3: Supervised Release
Case 2:15-cv-00522-DAR-MKD ECF No. 173-2 Filed 08/05/20 PageID.2917 Page 9 of 28

DEFENDANT:  ALAN JOSEPH LUCIA
CASE NUMBER:  09CR20311-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **3 years**

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

   The defendant shall not commit another federal, state or local crime.

   If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

   The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)**  the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)**  the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)**  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)**  the defendant shall support his or her dependents and meet other family responsibilities;

**5)**  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)**  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)**  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)**  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)**  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)**  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)**  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)**  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)**  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)**  the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

Judgment-Page 4 of 8

DEFENDANT:  ALAN JOSEPH LUCIA
CASE NUMBER:  09CR20311-1

## SPECIAL CONDITIONS OF SUPERVISION

■  The defendant shall make monthly payments on any remaining balance of the:**restitution** at a rate and schedule recommended by the Probation Department and approved by the Court.

■  The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

■  The defendant shall provide the probation officer access to any requested financial information.

Judgment-Page 5 of 8

DEFENDANT: ALAN JOSEPH LUCIA
CASE NUMBER: 09CR20311-1

## CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 1,585,528.00 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Fifth Third Bank Special Investigations Unit | $738,342.50 | $738,342.50 | |
|    5001 Kingsley Drive | | | |
|    MD 1MOB23-3870 | | | |
|    Cincinnati, OH 45263 | | | |
| The Chubb Group of Ins. Companies | $687,248.00 | $687,248.00 | |
|    Fifth Avenue Place | | | |
|    120 fifth Avenue | | | |
|    Pittsburgh PA 15222-3008 | | | |
| Lexington Insurance Co | $60,937.50 | $60,937.50 | |
|    C/O AIG Domestic Claims Inc. | | | |
|    P. O. Box 2017 | | | |
|    Jersey City, New Jersey 07303-2107 | | | |
| AXIS Surplus Insurance Co. | $99,000.00 | $99,000.00 | |
|    11680 Great Oaks Way | | | |
|    Suite 500 | | | |
|    Alpharetta Georgia 30022 | | | |
| **TOTALS:** | $ 1,585,528.00 | $ 1,585,528.00 | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

**the interest requirement is waived for the restitution**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment-Page 6 of 8

DEFENDANT:  ALAN JOSEPH LUCIA
CASE NUMBER:  09CR20311-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives the impositon of a fine and costs of supervision due to the defendant's financial condition and outstanding restitution obligation.

DEFENDANT:  ALAN JOSEPH LUCIA
CASE NUMBER:  09CR20311-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program.  The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance.  All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

**Case Number**

**Defendant and Co-Defendant Names** | | | **Joint and Several** | **Corresponding Payee,**
**(including defendant number)** | **Total Amount** | | **Amount** | **if appropriate**

**See attached detailed sheet.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:  ALAN JOSEPH LUCIA
CASE NUMBER:  09CR20311-1

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

Joint and Several

| **Case Number** **Defendant and Co-Defendant Names** (including defendant number) | **Total Amount** | **Joint and Several Amount** | **Corresponding Payee,** if appropriate |
|---|---|---|---|
| 11-20157 | | | |
| Matthew Flynn | 1,585,528.00 | 1,585,528.00 | |
| | | | |
| 11-20236 | | | |
| Robert Hance | 1,585,528.00 | 1,585,528.00 | |

# United States District Court
## Eastern District of Michigan

United States of America

V.

ROBERT HANCE

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 11CR20236-1

USM Number: 46931-039

HAROLD Z. GUREWITZ

Defendant's Attorney

**THE DEFENDANT:**

■ Pleaded guilty to count(s)  **1 of Indictment**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1349 and 1344 | Bank Fraud Conspiracy | November 2005 | 1 |

   The defendant is sentenced as provided in pages **2 through 7** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

■ Count(s)  **2-10**  are  dismissed on the motion of the United States after a plea of not guilty.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 18, 2015
Date of Imposition of Judgment

s/Victoria A Roberts

United States District Judge

9/23/2015
Date Signed

Case 1:11-cr-20236-WPD Document 147-2 filed 03/23/20 PageID 784 Page 2 of 7
Case 1:11-cr-20236-WPD ECF No. 147-2 filed 03/23/20 PageID 784 Page 16 of 28

DEFENDANT: ROBERT HANCE
CASE NUMBER: 11CR20236-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **1 day time served**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

DEFENDANT:  ROBERT HANCE
CASE NUMBER:  11CR20236-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **2 years**

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

   The defendant shall not commit another federal, state or local crime.

   If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

   The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)**  the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)**  the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)**  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)**  the defendant shall support his or her dependents and meet other family responsibilities;

**5)**  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)**  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)**  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)**  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)**  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)**  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)**  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)**  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)**  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)**  the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  ROBERT HANCE
CASE NUMBER:  11CR20236-1

# SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall make monthly payments on any remaining balance of the: **restitution**, **special assessment** at a rate and schedule recommended by the Probation Department and approved by the Court.

■ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

■ The defendant shall provide the probation officer access to any requested financial information.

**The defendant shall be permitted to travel outside of the Eastern District of Michigan for employment purposes.  He shall provide his probation officer with information regarding his travel plans prior to his departure.  Travel outside of the Eastern District of Michigan which is not related to employment shall be subject to the probation officer's approval and must be requested in advance of the requested travel date(s).**

DEFENDANT: ROBERT HANCE
CASE NUMBER: 11CR20236-1

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 6,019,123.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Fifth Third Bank | $6,019,123.00 | $6,019,123.00 | |
| **TOTALS:** | $ 6,019,123.00 | $ 6,019,123.00 | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

**the interest requirement is waived for the restitution**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment-Page 6 of 7

DEFENDANT:  ROBERT HANCE
CASE NUMBER:  11CR20236-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Restitution to be made payable to the Clerk of the Court. Probation department to provide address where payments are to be sent.

The Court waives the imposition of a fine and costs of supervision due to the defendant's lack of resources.

DEFENDANT:  ROBERT HANCE
CASE NUMBER:  11CR20236-1

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| 09-20311 | | | |
| Alan Lucia | 6019123.00 | 1585528.00 | Fifth Third Bank |
| | | | |
| 11-20157 | | | |
| Matt Flynn | 6019123.00 | 4761100.00 | Fifth Third Bank |
| | | | |
| 09-20410 | | | |
| Tyrone Hogan | 6019123.00 | 2167619.65 | Fifth Third Bank |

# United States District Court
## Eastern District of Michigan

United States of America

V.

Tyrone Hogan

### JUDGMENT IN A CRIMINAL CASE

Case Number: 09CR20410-1

USM Number: 19033-039

Frank J. Palazzolo
Defendant's Attorney

**THE DEFENDANT:**

■ Pleaded guilty to count(s) **1, 2 & 3**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See page 2 for details. | | | |

The defendant is sentenced as provided in pages **2 through 7** of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/23/2011
Date of Imposition of Judgment

s/Victoria A. Roberts
United States District Judge

October 27, 2011
Date Signed

DEFENDANT: Tyrone Hogan
CASE NUMBER: 09CR20410-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Bank Fraud | August 2005 | 1 |
| 18 U.S.C. § 1343 | Wire Fraud | December 2, 2004 | 2 |
| 2 U.S.C. §§ 441f & 437g(d)(1)(A)(I) | Conduit Campaign Contribution | 2005 | 3 |

DEFENDANT:  Tyrone Hogan
CASE NUMBER:  09CR20410-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **12 months and 1 day on each of counts 1, 2 and 3 each to run concurrent.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

DEFENDANT: Tyrone Hogan
CASE NUMBER: 09CR20410-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **36 months on Count 1 and 24 months on Counts 2 and 3. All counts are to be served concurrently to one another.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)** the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)** the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)** the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)** the defendant shall support his or her dependents and meet other family responsibilities;

**5)** the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)** the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)** the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)** the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)** the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)** the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)** the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)** the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)** as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)** the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT: Tyrone Hogan
CASE NUMBER: 09CR20410-1

## SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall make monthly payments on any remaining balance of the:**restitution, fine** at a rate and schedule recommended by the Probation Department and approved by the Court.

■ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

■ The defendant shall provide the probation officer access to any requested financial information.

**The defendant shall be lawfully and gainfully employed on a full-time basis, or shall be seeking such lawful, gainful employment on a full-time basis. "Full-time" is defined as 40 hours per week. In the event that the defendant has part-time employment, he shall devote the balance of such 40 hours per week to his efforts of seeking additional employment.**

DEFENDANT: Tyrone Hogan
CASE NUMBER: 09CR20410-1

# CRIMINAL MONETARY PENALTIES

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 300.00 | $ 105,600.00 | $ 2,167,619.65 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Fifth Third Bank c/o Darrin Morgan | $1,193,716.83 | $1,193,716.83 | |
|    Spec. Invest. Unit Bank Protection | | | |
|    5001 Kingsley Drive, MD 1MOB23-3870 | | | |
|    Cincinnati OH 45263 | | | |
| The Chubb Group of Ins. Companies | $812,202.82 | $812,202.82 | |
|    c/o David Pardini, Claims Attorney | | | |
|    120 Fifth Avenue | | | |
|    Pittsburgh Pennsylvania 15222-3008 | | | |
| Lexington Insurance Company | $44,700.00 | $44,700.00 | |
|    c/o AIG Domestic Claims, Inc. | | | |
|    P.O. Box 2017 | | | |
|    Jersey City, New Jersey 07303-2107 | | | |
| AXIS Suprlus Insurance Company | $117,000.00 | $117,000.00 | |
|    11680 Great Oaks Way | | | |
|    Suite 500 | | | |
|    Alpharetta, Georgia 30022 | | | |
|    **TOTALS:** | $ 2,167,619.65 | $ 2,167,619.65 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Tyrone Hogan
CASE NUMBER: 09CR20410-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

While in custody, the defendant shall participate in the Inmate Financial Responsibility Program.