UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,        Case No: 2:15-cr-20382

-v-                                    Honorable Victoria Roberts
                                        Magistrate Judge Elizabeth Stafford

D-1 PAUL NICOLETTI,

                Defendant.

| Craig Weier | Paul J. Stablein |
|---|---|
| United States Attorneys Office | Paul Stablein, PLLC |
| Assistant United States Attorney | Attorney for Defendant |
| 211 West Fort Street, Suite 2001 | 380 North Old Woodward Ave |
| Detroit, Michigan 48226 | Ste 320 |
| (313) 226-9678 | Birmingham, Michigan 48009 |
| Craig.Weier@usdoj.gov | (248) 540-1600 |
| | PaulStablein@StableinLaw.com |

**MOTION FOR RECONSIDERATION
OF COURT'S ORDER (ECF NO. 184) REGARDING
MOTION TO AMEND ORDER OF RESTITUTION**

NOW COMES the Defendant, Paul Nicoletti, by and through his attorney, Paul Stablein, and moves this Honorable Court for reconsideration of its June 3, 2020, order denying Mr. Nicoletti's Motion to Amend Order of Restitution, and in support of said motion, states as follows:

1.      On March 17, 2020, Mr. Nicoletti filed his Motion to Amend Order of Restitution (ECF No. 174), alleging, primarily, that this Court's judgment of

sentence had ordered Mr. Nicoletti to pay restitution and special assessments in the amount of $5,479,151.58, in one lump sum, due immediately, without making any determination that Mr. Nicoletti had the ability to pay such a sum (see Judgment, ECF No. 168, PageID 2346).

2. On June 3, 2020, this Honorable Court denied Mr. Nicoletti's motion by way of written opinion and order.[1] In pertinent part, the Court held:

> Nicoletti says the amount of restitution owed should be decreased because no loan documents for one particular loan were produced during trial. No witness testified concerning that loan. The Government alleges that the restitution order does not raise a substantial question of law.
> The Government did prove that Nicoletti participated in the closing of this particular loan. The Government never attempted to conceal this information from Nicoletti. He had the FBI 302 Forms pertaining to this transaction. Most importantly, Nicoletti agreed that the total amount of fraudulent transactions he was involved in equated to $8,442,930 – prior to Fifth Third Bank's recoveries from foreclosures – and this amount included the particular loan he now challenges.
> (ECF No. 184, PageID 3164).

3. As noted above, Mr. Nicoletti did *not* argue to this Honorable Court in his motion that "the amount of restitution owed should be decreased because no loan documents for one particular loan were produced during trial." On the contrary, Mr. Nicoletti's prayer for relief in the conclusion of his motion was concise: "WHEREFORE, Mr. Nicoletti requests that this court amend the order of restitution

---

[1] The Court had consolidated its ruling here with its ruling on Mr. Nicoletti's separately filed Motion for Bond Pending Appeal (ECF No. 172).

2

allowing for the payment of nominal payments as authorized by [18 U.S.C.] § 3664." (ECF No. 174, PageID 2773). This request was unrelated to Mr. Nicoletti's allegation in his Motion for Bond Pending Appeal concerning the Government's use of the additional loan amounts unrelated to the charged offenses as a basis for the inflated restitution request, (ECF No. 172, PageID 2384-2385), but, rather, was based upon Mr. Nicoletti's inability to pay the lump sum immediately, as the Court ordered in the judgment. The two arguments are separate.

4. In addition, the Court's opinion, quoted above, states that the Government argued "that the restitution order does not raise a substantial question of law." However, the Government never filed any response, let alone an objection to Mr. Nicoletti's Motion to Amend Order of Restitution contained in ECF No. 174. In fact, the Government had proposed amending the language of the judgment after the motion was filed, but no agreement was reached. Contrary to the Court's conclusion, the Government had *not* answered the Motion to Amend Order of Restitution.

5. The Federal Rules of Criminal Procedure do not provide for a procedure authorizing a party to pursue reconsideration of a previously entered order of the Court. See, e.g., *United States v. Strauss*, No. 10-CR-20711, 2015 WL 2342898 (E.D. Mich. May 14, 2015). That authority is found in the local rules for the Eastern District of Michigan. Local Rule 7.1(h) provides:

3

**Motions for Rehearing or Reconsideration**.

**(1) Time.** A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order.

**(2) No Response and No Hearing Allowed.** No response to the motion and no oral argument are permitted unless the court orders otherwise.

**(3) Grounds.** Generally, and *without restricting the court's discretion*, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case. (Emphasis supplied.)

6. "The district court must grant a motion for reconsideration if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case." *Hansmann v. Fid. Investments Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003).

7. "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

8. Here, it is fairly clear that this Honorable Court's opinion and order did not address the request made in Mr. Nicoletti's separate motion to amend the restitution portion of the Court's judgment of sentence. The Court's opinion denies Mr. Nicoletti's request to amend *the amount* of restitution, but it does not address

Mr. Nicoletti's complaint regarding *the manner in which it must be paid*. Mr. Nicoletti's complaint about the amount of restitution was contained within his Motion for Bond Pending Appeal. (ECF No. 172). His argument regarding how the restitution should be paid was contained in his separately filed Motion to Amend Order of Restitution (ECF No. 174), to which the Government never responded.

9. The defect here is obvious, clear and unmistakable. The Court's opinion and order mistakenly denies ECF No. 174 without addressing any of the arguments set forth in that document, and, instead, addresses the issues in ECF No. 172 only.

10. The issue then becomes as to whether a correction of the defect would result in a different disposition. It would.

11. The judgement of sentence (ECF No. 168) ordered that Mr. Nicoletti was to pay the restitution as follows: "Lump sum payments (sic) of $5,479,151.58 (Special Assessment & Restitution) due immediately, balance due." Id., PageID 2346. Mr. Nicoletti has no ability to pay the restitution as ordered by the Court. As the result of his conviction, Mr. Nicoletti's license to practice law was suspended by the State Bar of Michigan.

12. On March 16, 2020, the Attorney Grievance Commission filed with the Michigan Attorney Discipline Board the docket entries and judgment of sentence from the within case, seeking an order to show cause why a final order of discipline

should not be entered and setting the matter for a hearing before a panel of the board. A copy of the Notice of Filing of a Judgment of Conviction was attached to the original motion as **Exhibit A**. On information and belief, the Grievance Administrator will seek to permanently disbar Mr. Nicoletti from practicing law in the State of Michigan.

13. The United States Probation Department prepared a Presentence Investigation Report in which Agent Glaros stated, "The Defendant may have the ability to make nominal monthly payments toward restitution if ordered." See Page 11, Paragraph 45 of the Presentence Investigation Report. The report also informed the Court that Mr. Nicoletti, working as a tow truck driver, earned $420.00 per week at the time of his sentencing.

14. Mr. Nicoletti cannot make a payment of a lump sum immediate payment of $5,479,151.58. His inability to make such a large payment will undoubtedly put him in the position of being unable to comply with this Court's judgment, and places him in the position of necessarily violating the conditions the Court has placed upon him as conditions of his supervised release.

15. The Court should also take note that none of the other defendants in this matter were ordered to make immediate lump sum payments. Copies of the judgments of sentence of defendants Hogan, Hance, Flynn and Lucia were attached to the original motion as **Exhibit B**.

16. 18 U.S.C. § 3664(f)(3)(B) authorizes a sentencing court to order the payment of nominal periodic payments "if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments." The circumstances the Court is to take into consideration include "(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents." 18 U.S.C. § 3664(f)(2).

17. Mr. Nicoletti's financial resources are minimal. He earns $420.00 per week, and will not, while incarcerated, be able to earn anything. His projected earnings following his release from prison at age 67 will in all likelihood not amount to much more. He will not, in the foreseeable future, be able to pay $5,479,151.58, let alone make such a payment in one lump sum immediately.

18. "The [Mandatory Victims Restitution Act of 1996] expressly states that 'the court shall ... specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid,' and in doing so shall consider the factors delineated in the provision." *United States v. Davis*, 306 F.3d 398, 425–26 (6th Cir. 2002). Those factors are identified above, but this Honorable

Court made no findings at the time of sentencing specifically related to Mr. Nicoletti's ability or inability to pay a lump sum of $5,479,151.58, let alone to pay it immediately.

19. In *Davis*, the district court had ordered Davis to pay restitution in the amount of $4,790.00 but waived a fine because of his inability to pay. The district court had not set a payment schedule and the record contained no indication that the factors outlined in 18 U.S.C. § 3664(f)(2)(A)-(C) were considered. Though the sentencing court was required to order full restitution regardless of the defendant's ability to pay (see 18 U.S.C. § 3664(f)(1)(A)), the Court found persuasive the reasoning of the Third Circuit in *United States v. Coates*, 178 F.3d 681 (3rd Cir. 1999), as to the manner in which it would be paid. In *Coates*, the Court had remanded the case to the district court "because the district court failed to satisfy the MVRA's mandatory requirements under § 3664 that the district court alone 'shall' set payment schedules." *United States v. Davis*, 306 F.3d 398, 426 (6th Cir. 2002) (quoting *Coates, supra*, at 685). Likewise, the Sixth Circuit remanded the *Davis* case so that the district court could set up a payment schedule "pursuant to the express terms of the MVRA."[2] *Id.*; *see United States v. Myers*, 198 F.3d 160 at 169

---

[2] The Court also noted that district courts are not precluded from eliciting the assistance of others in setting such a schedule so long as the final approval of it is retained by the court. *Davis, supra*, at 426 (citing *United States v. Ayantayo*, No. 99–2321, 2001 WL 1176331 (6th Cir. Sept.27, 2001) (unpublished).

(5th Cir. 1999) (holding that it was plain error for district court to order restitution in one lump sum without issuing a schedule of payments).

20. Here, as in *Davis*, this Honorable Court made no findings regarding the factors set forth in § 3664(f)(2)(A)-(C) and Mr. Nicoletti's inability to pay the restitution immediately in one lump sum. As noted above, he cannot and, like his co-defendants, should not be ordered to do so. The Court should reconsider its June 3, 2020, opinion and order and amend its restitution order, allowing for a schedule of nominal payments.

WHEREFORE, Mr. Nicoletti prays that this Honorable Court reconsider its opinion and order (ECF No. 184) and amend the order of restitution (ECF No. 168) allowing for the payment of nominal payments as authorized by 18 U.S.C. § 3664.

Respectfully submitted,

/s/Paul Stablein
Paul J. Stablein (P42544)
Paul Stablein, PLLC
Attorney for Defendant Paul Nicoletti
380 North Old Woodward Ave., Suite 320
Birmingham, Michigan 48009
(248) 540-1600
PaulStablein@StableinLaw.com

Dated:    June 17, 2020

9

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

-v-

D-1 PAUL NICOLETTI,

                Defendant.

Case No: 2:15-cr-20382
Honorable Victoria Roberts
Magistrate Judge Elizabeth Stafford

| Craig Weier | Paul J. Stablein |
|---|---|
| United States Attorneys Office | Paul Stablein, PLLC |
| Assistant United States Attorney | Attorney for Defendant |
| 211 West Fort Street, Suite 2001 | 380 North Old Woodward Ave |
| Detroit, Michigan 48226 | Ste 320 |
| (313) 226-9678 | Birmingham, Michigan 48009 |
| Craig.Weier@usdoj.gov | (248) 540-1600 |
| | PaulStablein@StableinLaw.com |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S ORDER (ECF NO. 184) REGARDING MOTION TO AMEND ORDER OF RESTITUTION

As and for his Brief in Support of the above-captioned motion, Mr. Nicoletti incorporates those statements of fact and conclusions of law set forth in his concurrently filed motion as if the same were more fully set forth herein.

WHEREFORE, Mr. Nicoletti prays that this Honorable Court reconsider its opinion and order (ECF No. 184) and amend the order of restitution (ECF No. 168)

10

allowing for the payment of nominal payments as authorized by 18 U.S.C. § 3664.

                                         Respectfully submitted,

                                         /s/Paul Stablein
                                         Paul Stablein
                                         Attorney for Mr. Nicoletti

DATED:    June 17, 2020