UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                             Case No. 15-20382
                                             Honorable Victoria A. Roberts

PAUL NICOLETTI,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION [ECF No.185]

### I. INTRODUCTION

On June 23, 2015, the United States charged Paul Nicoletti ("Nicoletti") in a four-count indictment — one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and three counts of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344(2). On May 5, 2019, a jury convicted Nicoletti on all four counts.

Post-trial, Nicoletti submitted a Motion to Amend/Correct Restitution [ECF No. 174]. In denying his motion, the court only addressed the amount of restitution, not the schedule of payments.

For the reasons stated, the Court **GRANTS** Nicoletti's motion.

### II. LEGAL STANDARD

1

Local Rule 7.1(h)(3) provides the Court's standard of review for a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration."

The Court should grant a motion for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Williams v. McGinnis,* 192 F.Supp.2d 757, 759 (E.D. Mich. 2002); *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.*, 79 F.Supp.2d 768, 797 (E.D. Mich. 1999).

### III. ANALYSIS

#### A. Procedural Background

The Court only addressed Nicoletti's challenge to the amount of restitution.

Nicoletti continues to challenge the schedule of payments set forth in the Court's Judgment. [ECF No. 168, PageID.2346]. Nicoletti says he is unable to make a lump sum payment in the amount of $5,479,151.58.

### B. Schedule Of Payments

The Court set forth a schedule for payment and ordered a lump sum payment of $5,479,151.58. *See Day*, 418 F.3d at 761 ("the most direct, and most efficient, way for a district court to perform its statutory duty is to fix a payment schedule and to set forth that schedule at the time of sentencing, even if later events might require its amendment").

The Court must "specify in the restitution order the manner in which and the schedule according to which, the restitution is to be paid, in consideration of – (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents." 18 U.S.C. § 3664(f)(2).

Pursuant to § 3664(f)(2), Nicoletti's economic circumstances are relevant for the Court in determining the manner of and schedules for restitution

payments. for paying restitution. *Day*, 418 F.3d at 758 ("the district court is required to consider the financial resources of the defendant with respect to the method and schedule of payments"); *Bright*, 353 F.3d at 1122 ("[t]he defendant's economic circumstances factor in only in fashioning the manner of and schedule for paying restitution"); *United States v. Crawford*, 169 F.3d 590, 592 n.1 (9th Cir. 1999) (section 3664(f)(1)(A) precludes the court from considering a defendant's economic circumstances when setting the amount of the restitution, but the court may take such circumstances into account when setting the method and schedule by which restitution is to be paid) (citing § 3664(f)(2)& (3)).

Nicoletti's income is approximately $1,680.00 per month. He works as a tow truck driver. Nicoletti reported monthly expenses of $6,075.00. Given his financial situation, the Court recognizes that Nicoletti has no ability to make a lump sum restitution payment, and his ability to pay will be limited during his term of incarceration as well. The Court notes that Nicoletti could earn a comparable salary following his release from incarceration.

The Court finds that Nicoletti will have an earning capacity for long-term satisfaction of the restitution amount. However, the Court further finds that Nicoletti does not have the ability to pay a lump sum of the restitution ordered at this time. [ECF No. 168].

Beginning immediately, Nicoletti must pay at least 10% of his gross monthly income, before surrendering to the Bureau of Prisons on January 2, 2021. If, after considering Nicoletti's economic circumstances and responsibilities, the United States Probation Officer determines that more or less should be due on a monthly basis, the United States Probation Officer may require Nicoletti to pay at least such amount, with notice to the him, United States Attorney, and the Court, subject to de novo review by this Court. Finally, not later than thirty (30) days after any change occurs, Nicoletti must notify the United States Probation Officer, the United States Attorney, and this Court of any material change in economic circumstances that might affect Nicoletti's ability to pay restitution, and any change in mailing or residence address.

While incarcerated, Nicoletti must pay, through the Bureau of Prisons Inmate Financial Responsibility Program, $25.00 per quarter, or no less than 50% of the funds available to Nicoletti per quarter, whichever sum is greater. The Bureau of Prisons may require Nicoletti to pay at least such amount, with notice to him, the United States Attorney, and the Court, subject to de novo review by this Court. Any portion of the restitution that is not paid in full at the time of defendant's release from imprisonment must become a condition of supervision. The United States Bureau of Prisons, the United

States Probation Office, and the United States Attorney's Office must monitor the payment of restitution, and reassess and report to the Court any change in Nicoletti's ability to pay restitution.

Upon release from incarceration, the defendant must again pay at least 10% of his gross monthly income, starting sixty (60) days after release from the Bureau of Prisons.

### IV.   CONCLUSION

The Clerk must prepare a judgment incorporating the amended schedule of payments set forth in this order. The Clerk must also provide a copy of this Memorandum and Order to the United States Bureau of Prisons and to the United States Probation Office for forwarding to the United States Sentencing Commission.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  July 13, 2020