**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

        Plaintiff,           Case No. 15-CR-20382

    v.           Honorable Victoria A. Roberts
        Magistrate Judge Elizabeth Stafford

D-1 Paul Nicoletti,

        Defendant.
_____/

## Government's Motion to Dismiss or Defer Defendant's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 195]

The United States of America respectfully moves this Court to dismiss as premature Defendant's Motion to Vacate [ECF No. 195] or, in the alternative, defer consideration and scheduling of such motion until Defendant's direct appeal has been decided, for the reasons set forth in the supporting brief.

        Respectfully submitted,

        Saima S. Mohsin
        Acting United States Attorney

        *s/Craig A. Weier*
        Craig A. Weier (P33261)
        Assistant United States Attorney
        Eastern District of Michigan
        211 W. Fort St., Suite 2001
        Detroit, Michigan 48226
        313.226.9678
        craig.weier@usdoj.gov

**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

        Plaintiff,                   Case No. 15-CR-20382

   v.                                 Honorable Victoria A. Roberts
                                         Magistrate Judge Elizabeth Stafford

D-1 Paul Nicoletti,

        Defendant.
_____/

## Government's Brief in Support of its Motion to Dismiss or Defer Defendant's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 195]

                                    Craig A. Weier (P33261)
                                    Assistant United States Attorney
                                    Eastern District of Michigan
                                    211 W. Fort St., Suite 2001
                                    Detroit, Michigan 48226
                                    313.226.9678
                                    craig.weier@usdoj.gov

                                    John K. Neal
                                    Assistant United States Attorney
                                    Eastern District of Michigan
                                    211 W. Fort St., Suite 2001
                                    Detroit, Michigan 48226
                                    313.226.96
                                    craig.weier@usdoj.gov

## Table of Contents

Index of Authorities……………………………………………………………………………..i

Controlling Authorities……………………………………………………………………………i

Statement of the Issue……………………………………………………………………………ii

Introduction/Procedural Posture…………………………………………………………………..1

Argument…………………………………………………………………………………………2

      A. Nicoletti's Motion to Vacate is premature……………………………………………...2

      B. Nicoletti's *pro se* motion should not be considered where he is represented by counsel…………………………………………………………………………………....4

Conclusion…………………………………………………………………………….…..…….6

## Index of Authorities

*Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir.1998) …………………………………………...2

*Smith v. United States*, No. 95–3980, 1996 WL 330864 (6th Cir. 1996)…………...……..2

*United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)…..…………………………....3

*United States v. Jones,* No. 1:13-cr-7, 2014 WL 12925031
28 U.S.C. § 2255 (W.D. Michigan 2014)…………………………………………………....4

*United States v. Hills*, No. 12-12254, 2014 WL 1400815 (E.D. Michigan 2014)………...4

*United States v. Rogers,* No. 11-20749, 2014 WL117317 (E.D. Michigan 2014)………..4

*United States v Wright*, No. 6:17-cr-43-REW-3, 2019 WL 4863488 (E.D. Kentucky 2019)…………………………………………………………………………………………4

## Controlling Authorities

*Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir.1998)……………………………………………2

28 U.S.C. § 2255……………………………………………………………………………….2

## Statement of the Issue

Should the Court dismiss or, alternatively, defer consideration of Nicoletti's Motion to Vacate under 28 U.S.C. § 2255 while his conviction and sentence are on direct appeal?

## Introduction

Nicoletti, represented by able counsel here (Paul J. Stablein, Esq.) and two able counsel in the Sixth Circuit Court of Appeals (Tyler Chance Yarbro, Esq. and Donald Capparella, Esq.), filed this motion to vacate his conviction and sentence *pro se,* while his direct appeal was pending before the Sixth Circuit Court of Appeals. Had he consulted his counsel, he would have found that, absent extraordinary circumstances, the district court is precluded from considering relief under 28 U.S.C. § 2255 while his conviction and sentence are on direct appeal. Moreover, because Nicoletti has three competent attorneys of record, this Court should reject Nicoletti's attempt at hybrid representation as it has in the past. For both or either of these reasons, this Court should dismiss Nicoletti's *pro se* petition or defer its consideration until such time as the court of appeals rules on his pending appeal.

## Procedural Posture

This Court sentenced Nicoletti to serve 70 months in custody on January 30, 2020. (ECF No.168, PageID. 2340-2341: Judgement). Nicoletti filed a timely notice of appeal (ECF No.169, PageID. 2347: Notice of Appeal), retained two attorneys for appeal, and filed his appellant's brief on July 6, 2020. (Docket Sheet, *United States v. Paul Nicoletti*, No.20-1137 (6th Cir.)) Briefing was completed on November 9, 2020, with the filing of Nicoletti's reply brief, and the case was

1

argued orally (by Zoom) on January 28, 2021. (*Id.*). The Sixth Circuit Court of Appeals has not yet rendered its decision. (*Id.*). Nicoletti has not yet reported to his designated institution due to a series of stipulations and orders extending his report date to April 1, 2021. (ECF No.194, PageID. 3304-3306: Stipulation and Order). This Court previously denied Nicoletti's motion for bond pending appeal (ECF No., PageID. 3147-3165), but a second motion for bond, filed by his appellate counsel, is pending before the Sixth Circuit Court of Appeals. (Sixth Cir. Case No. 20-1137, ECF No.39-1: Motion). The parties have no indication as to when Nicoletti's direct appeal, or motion for bond pending appeal, will be decided. On February 1, 2021, Nicoletti filed the present motion to vacate under 28 U.S.C. § 2255 with numerous exhibits. (ECF No.195, PageID. 3307-3353).

## Argument

1. **Nicoletti's Motion to Vacate should be dismissed because it is premature.**

The Sixth Circuit "adopt[ed] the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir.1998) (collecting cases); see also *Smith v. United States*, No. 95–3980, 1996 WL 330864, at *1 (6th Cir. June 14, 1996) ("It is true that the 'well established general rule is that, absent

extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.'" (citation omitted)); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir.1993) (collecting cases); R. Governing § 2255 Proceedings 5 advisory committee's note (although "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal[,] ... the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances"). This rule is grounded in the principle, oft repeated, that "[a]n application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal," as well as judicial economy, in that "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Capaldi*, 135 F.3d at 1124; *see also Robinson*, 8 F.3d at 405 ("The rationale for the rule is a sound one: the disposition of the appeal may render the § 2255 motion moot." Moreover, "[t]his rule holds true even for claims of ineffective assistance of counsel, which may normally not be brought on direct appeal." *Smith*, 1996 WL 330864, at *1; see also *Robinson*, 8 F.3d at 405 (" Section 2255 motions, involving ineffective assistance of counsel claims, are subject to the same general rule as all other § 2255 motions; they are not to be entertained by the district court unless extraordinary circumstances are present.").

  Various judges in this Circuit and district have applied the "*Calpaldi* rule" to

3

dismiss 2255 petitions filed while the applicants' cases were on direct appeal. *See, e.g., United States v Wright*, No. 6:17-cr-43-REW-3, 2019 WL 4863488 (E.D. Kentucky July 11, 2019, Wier, J.); *United States v. Jones,* No. 1:13-cr-7, 2014 WL 1292503128 U.S.C. § 2255 (W.D. Michigan November 14, 2014, Neff, J.); *United States v. Hills*, No. 12-12254, 2014 WL 1400815 (E.D. Michigan April 9, 2014, Cox, J.); *United States v. Rogers,* No. 11-20749, 2014 WL117317 (E.D. Michigan January 13, 2014, Zatkoff, J.).

Nicoletti offers no "extraordinary circumstances" which would warrant any exception to this general rule. Indeed, he fails to even address it. Thus, under the *Capaldi* rule, the present motion should be dismissed as premature. Should the United States prevail on direct appeal, Nicoletti would be free to refile a petition under 28 U.S.C. § 2255 at that time.

> **2. Nicoletti's Motion to Vacate should be dismissed because it was filed *pro se* while Nicoletti was fully represented by counsel.**

Nicoletti has counsel of record, Paul J. Stablein, in this Court, who has represented him at sentencing and in various post-judgment proceedings pertaining to Nicoletti's sentence and surrender date. Mr. Stablein has never withdrawn and is, in fact, endeavoring to arrange yet another extension of Nicoletti's Bureau of Prisons report date with the government. Nicoletti also has counsel representing him in the Sixth Circuit Court of Appeals in matters of both his direct appeal, as

4

well as a pending motion for bond pending appeal. Nicoletti has never formally sought to represent himself in his own defense in this court and, thus, no *Faretta* colloquy was ever undertaken, and the Court has never formally passed on Nicoletti's competence to represent himself in this case. Thus, Nicoletti is attempting to proceed in a "hybrid" fashion, both through his counsel and *pro se* by way of this motion. *See McKaskle v. Wiggins,* 465 U.S. 168, 183 (1984). (Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even represent themselves, the right of self-representation does not include the right to proceed in a hybrid manner). *See also, United States v. Mosely,* 810 F.2d 93, 97–98 (6th Cir.1987) (hybrid representation properly disallowed in a trial setting for a defendant who was both a lawyer and a judge).

Nicoletti is aware of this Court's rule against hybrid representation, as he had previously been directly admonished about it, and this Court struck several of his *pro se* pleadings from the record, in part, for that reason. *See,* ECF No.87, PageID. 833: Order Striking Motions). While Nicoletti is fully represented, this Court should not accept *pro se* pleadings, and his Motion to Vacate should be no exception.

## Conclusion

Nicoletti's motion to vacate under 28 U.S.C. § 2255 should be dismissed because it was filed prematurely and because it was filed *pro se* while defendant was fully represented by counsel. Either reason would fully justify dismissal. At the very least, in the interest of judicial economy, this Court should defer consideration and scheduling of that motion until such time as the court of appeals rules on his pending appeal.

Respectfully submitted,

Saima S. Mohsin
Acing United States Attorney

*s/Craig A. Weier*
Craig A. Weier (P33261)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
313.226.9678
craig.weier@usdoj.gov

*s/John K. Neal*
John K. Neal
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
313.226.
craig.weier@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on March 12, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorney for the defendant:

Paul Stablein

s/Craig A. Weier
Craig A. Weier (P33261)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
313.226.9678
craig.weier@usdoj.gov
