**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

        Plaintiff,                  Case No. 15-CR-20382

    v.                               Honorable Victoria A. Roberts
                                     Magistrate Judge Elizabeth Stafford

D-1 Paul Nicoletti,

        Defendant.

_____/

## Government's Emergency Motion for Revision of Briefing Schedule on Defendant's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 195]

    The United States of America respectfully moves this Court to revise the briefing schedule for Defendant's Motion to Vacate (ECF No. 195) for the following reasons:

1. Defendant's Motion to Vacate (ECF No. 195) was filed *pro se* on February 1, 2021, while his case was pending on direct appeal before the United States Court of Appeals for the Sixth Circuit;

2. On March 11, 2021, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, this Court docketed a briefing schedule requiring a response from the government to the Motion to Vacate only eight days later, by March 19, 2021;

3. On March 12, 2021, the government filed a Motion to Dismiss or Defer Consideration of Defendant's Motion to Vacate (ECF No. 200), which is still pending;

4. As set forth in the government's Motion to Dismiss or Defer Defendant's Motion to Vacate (ECF No. 200, PageID. 3360-3370), Defendant's Motion to Vacate was filed while his case was on direct appeal contrary to Sixth Circuit precedent, and by Defendant, *pro se,* while he was represented by counsel, contrary to this Court's previous denial of Defendant's attempts to proceed through hybrid representation;

5. The government has not prepared a substantive response to Defendant's Motion to Vacate because the case remained on direct appeal and the Motion was therefore not properly before the Court;

6. On March 18, 2021, the Sixth Circuit Court of Appeals filed an opinion affirming Defendant's conviction (ECF No. 201);

7. Defendant's Motion to Vacate raises, among other things, issues of ineffective assistance of counsel by more than one of Defendant's prior counsel which will require investigation, potentially findings by the Court that Defendant has waived attorney-client privilege by making such arguments, and, potentially, an expansion of the record under Rule 7 of the Rules Governing Section 2255

Proceedings, all of which would require far more than eight days to determine;

8. The government sought but has not received concurrence in this motion from Defendant through his counsel.

WHEREFORE, the United States respectfully requests that the Court, should it deny the government's motion to dismiss, revise the briefing schedule for this motion to provide that the government not be required to respond until on or before May17, 2021, or approximately 60 days from the date that the Court of Appeals affirmed Defendant's convictions.

Respectfully submitted,

Saima S. Mohsin
Acting United States Attorney

*s/Craig A. Weier*
Craig A. Weier (P33261)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
313.226.9678
craig.weier@usdoj.gov

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

              Plaintiff,                      Case No. 15-CR-203
    v.                                           Honorable Victoria A. Roberts
                                              Magistrate Judge Elizabeth Stafford

D-1 Paul Nicoletti,

              Defendant.
_____/

## Brief in Support of Government's Emergency Motion for Revision of Briefing Schedule on Defendant's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 195]

<u>Relevant Facts</u>

Nicoletti filed a Motion to Vacate under 28 U.S.C. § 2255 on February 1, 2021 (ECF No. 195). At that time, this case was on direct appeal, having been orally argued just days before. (*United States v. Paul Nicoletti,* No. 20-1137 (6th Cir.). He filed the motion *pro se*, even though he was represented by counsel in this Court, and by two attorneys in the United States Court of Appeals. (*See*, ECF. No. 200: Government's Motion to Dismiss or Defer Defendant's Motion to Vacate). This Court did not order any response from the government pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings until March 11, 2021, when it ordered the government to respond to the Motion to Vacate by March 19, 2021. (Docket Entry for March 11, 20021). On March 12, 2021, the government

1

filed its Motion to Dismiss or Defer Defendant's Motion to Vacate. (ECF No. 200: Motion). Nicoletti has not yet responded to the government's motion, and it remains pending before this Court. Defendant's Motion to Vacate is based on a number of extra-judicial factual allegations and accuses two of his preceding four lawyers of ineffective assistance of counsel in pretrial and trial proceedings. (Doc. No. 195, PageID. 3310-3315). On March 18, 2021, the Court of Appeals affirmed Defendant's conviction. (ECF No. 201: Opinion from U.S. Court of Appeals).

Argument

As soon as the Court requested a response from the government to Defendant's Motion to Vacate, it drafted and, on the next day, filed a Motion to Dismiss the motion on two grounds. (ECF No. 200, PageID. 3360-3370). First, Defendant's Motion to Vacate was filed while his case was on direct appeal contrary to Sixth Circuit precedent. (*Id*.).   Second, the Motion was filed by the Defendant, *pro se,* while he was represented by able counsel in this Court and by two able counsel in the U.S. Court of Appeals, contrary to this Court's previous denial of Defendant's attempts to proceed through hybrid representation. (*Id*.). Because the Defendant's Motion to Vacate was improperly filed, the government did not argue the substance of the motion, but rather sought dismissal or, at the very least, deferral of the Court's consideration of the Motion until after the Court of Appeals ruled on the direct appeal. (*Id*.).

2

But even if the defendant's Motion to Vacate had been properly before the Court, the government would have been unable to respond to it substantively in the eight days allowed, given the extra-judicial facts it alleged and the nature of the issues in raised, i.e., ineffective assistance of two of the defendant's pretrial and trial counsel. Such allegations require investigation, including interviews with the attorneys who Defendant claims were ineffective. Such interviews, in turn, may entail the necessity for a Court ruling on the scope and waiver of attorney/client privilege in light of the allegations of ineffective assistance. In any event, the government cannot adequately address the allegations and respond in a brief to the Court eight days after the response is requested. From experience, it is not at all unreasonable for such investigations and responses to require upwards of 60 days. If litigation ensues over the attorney-client privilege and its parameters, even more time may be required.

Because Defendant's Motion to Vacate was improperly filed and the prevailing case law in the Sixth and other circuits is that the Court may not consider a motion under 28 U.S.C. § 2255 while a direct appeal is pending absent extraordinary circumstances, the government was not unreasonable in its expectation that the motion would be dismissed without prejudice subject to refiling after the Court of Appeals rendered its decision.   This was especially true where Defendant filed the motion *pro se* even though represented by counsel after

3

having been instructed by the Court that it would not accept such hybrid representation going forward. Moreover, the nature of Defendant's allegations of fact and issues raised require far more time for a thoughtful and thorough response.

Conclusion

For the reasons stated above, the United States respectfully requests that the Court revise its briefing schedule so as to require a response from the United States no earlier than May 17, 2021.

Respectfully submitted,

Saima S. Mohsin
Acing United States Attorney

*s/Craig A. Weier*
Craig A. Weier (P33261)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
313.226.9678
craig.weier@usdoj.gov

*s/John K. Neal*
John K. Neal
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
313.226.
craig.weier@usdoj.gov

4

## CERTIFICATE OF SERVICE

I certify that on March 19, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorney for the defendant:

Paul Stablein

s/Craig A. Weier<br>
Craig A. Weier (P33261)<br>
Assistant United States Attorney<br>
Eastern District of Michigan<br>
211 W. Fort St., Suite 2001<br>
Detroit, Michigan 48226<br>
313.226.9678<br>
craig.weier@usdoj.gov