United States District Court
Eastern District of Michigan
Southern Division

United States of America,

          Plaintiff,          Case No. 15-CR-20382

   v.                     Honorable Victoria A. Roberts
                        Magistrate Judge Elizabeth Stafford

D-1 Paul Nicoletti,

          Defendant.
_____/

## Government's Renewed Motion to Dismiss or Defer Defendant's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 195]

The United States of America again respectfully moves this Court to dismiss as premature Defendant's Motion to Vacate or, in the alternative, defer consideration and extend the government's response date until July 30, 2021, because of Defendant's decision to seek rehearing *en banc* in the Sixth Circuit Court of Appeals, and for the other reasons set forth in the supporting brief.

                                        Respectfully submitted,

                                        Saima S. Mohsin
                                        Acting United States Attorney

                                        s/Craig A. Weier (P33261)
                                        Assistant United States Attorney
                                        Eastern District of Michigan
                                        211 W. Fort St., Suite 2001
                                        Detroit, Michigan 48226
                                        313.226.9678
                                        craig.weier@usdoj.gov

**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

        Plaintiff,                    Case No. 15-CR-20382

    v.                                 Honorable Victoria A. Roberts
                                           Magistrate Judge Elizabeth Stafford

D-1 Paul Nicoletti,

        Defendant.
_____/

# Government's Brief in Support of Renewed Motion to Dismiss or Defer Defendant's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 195]

                                           Craig A. Weier (P33261)
                                           Assistant United States Attorney
                                           Eastern District of Michigan
                                           211 W. Fort St., Suite 2001
                                           Detroit, Michigan 48226
                                           313.226.9678
                                           craig.weier@usdoj.gov

                                           John K. Neal
                                           Assistant United States Attorney
                                           Eastern District of Michigan
                                           211 W. Fort St., Suite 2001
                                           Detroit, Michigan 48226
                                           313.226.96
                                           craig.weier@usdoj.gov

## Table of Contents

Index of Authorities ........................................................................ iv

Controlling Authorities ........................................................................ iv

Statement of the Issue ........................................................................ iv

Introduction/Procedural Posture ........................................................ 1

Relevant Chronology/Facts.................................................................. 1

Argument............................................................................................. 4

1. Nicoletti's Motion to Vacate is premature..............................4

2. Nicoletti's *pro se* motion should not be considered where he is represented by counsel...............................................7

3. Alternatively, consideration of Nicoletti's Motion should be deferred and the government's response date extended to July 30, 2021.............................................................8

Conclusion .......................................................................................... 9

Certificate of Service .......................................................................... 10

## Index of Authorities

*McKaskle v. Wiggins,* 465 U.S. 168, 183 (1984) ............................................. 7

*Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir.1998) ....................................... 4-6

United States v. Hills, No. 12-12254, 2014 WL 1400815
(E.D. Michigan 2014) ....................................................................................... 6

United States v. Jones, No. 1:13-cr-7, 2014 WL 12925031
(W.D. Michigan 2014) ..................................................................................... 6

United States v. Mosely, 810 F.2d 93, 97–98 (6th Cir.1987) ........................... 7

United States v. Robinson, 8 F.3d 398, 405 (7th Cir.1993) ............................. 5

United States v. Rogers, No. 11-20749, 2014 WL117317
(E.D. Michigan 2014) ....................................................................................... 6

Smith v. United States, No. 95–3980, 1996 WL 330864
(6th Cir. June 14, 1996) .................................................................................... 5

United States v Wright, No. 6:17-cr-43-REW-3, 2019 WL 4863488
(E.D. Kentucky 2019) ....................................................................................... 6

28 U.S.C. § 2255 ............................................................................................... 1

## Controlling Authorities

*Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir.1998) ....................................... 4-6

28 U.S.C. § 2255 ............................................................................................... 1

## Statement of the Issue

Should the Court dismiss or defer consideration of Nicoletti's Motion to Vacate under 28 U.S.C. § 2255 while his case is on direct appeal?

## Introduction and Procedural Posture

Nicoletti improperly filed his Motion to Vacate while this case was on direct appeal and the government moved to dismiss it. Shortly after the government's motion was filed, the Court of Appeals unanimously affirmed his conviction. Because Nicoletti's appeal appeared to have been concluded by this decision, this Court denied the government's motion as moot. But Nicoletti has since decided to petition the Court of Appeals for rehearing *en banc*, and he sought and received an extension to file that petition. Because his direct appeal thus remains active and open in the Sixth Circuit Court of Appeals, the United States respectfully renews its motion to dismiss Nicoletti's Motion to Vacate. Alternatively, the government asks that the Court defer consideration of that motion, and extend the government's response date to July 30, 2021.

## Relevant Chronology and Facts

Nicoletti filed a Motion to Vacate under 28 U.S.C. § 2255 on February 1, 2021 (ECF No. 195) while the case was on direct appeal. (*United States v. Paul Nicoletti,* No. 20-1137 (6th Cir.)). He filed the motion *pro se*, although represented by counsel both in this Court and in the Court of Appeals. (*See*, ECF. No. 200: Government's Motion to Dismiss or Defer Defendant's Motion to Vacate). On March 11, 2021, this Court ordered that the government respond to the Motion to

1

Vacate by March 19, 2021. (Docket Entry for March 11, 20021). On March 12, 2021, the government filed its Motion to Dismiss or Defer Defendant's Motion to Vacate, arguing that it was improperly filed because it was filed while the case was on direct appeal and because it was filed *pro* se while Nicoletti was represented. (ECF No. 200: Motion). On March 18, 2021, a panel of the Court of Appeals unanimously affirmed Nicoletti's conviction. (*United States v. Paul Nicoletti*, No. 20-1137, Doc.#48-2 (6th Cir.)). Because it appeared that the Court of Appeals case was final, this Court, on March 19, 2021, entered an order denying the government's motion to dismiss as moot but, recognizing the need for additional time, granted the government's motion to revise the briefing schedule, requiring a response by May 18, 2021 (ECF No. 203, PageID. 3393-94).

On March 29, 2021, the government learned from Nicoletti's appellate counsel, Tyler Yarbro, that Nicoletti would be filing a Petition for Rehearing *En Banc* in the Court of Appeals and agreed to her request for an extension of the due date for filing such a petition from April 1, 2021 to May 3, 2021, which the Court of Appeals granted. (*United States v. Paul Nicoletti*, 20-1137, Doc.#50: Ruling Letter). This case thus remains on direct appeal until that petition is resolved.

Nicoletti's Motion to Vacate remains pending, however, and raises, among other things, issues of ineffective assistance of counsel by two of Nicoletti's prior

2

counsel. The motion assigns numerous errors to his trial counsel and a previous attorney, specifically, the "failure" to issue trial subpoenas (ECF No. 195, PageID. 3310-3311, ECF No. 195, PageID. 3319-3323), the failure to object to at least 70 of the government's proposed exhibits prior to trial (ECF No. 195, PageID. 3311; ECF No. 195, PageID. 3330-3331), the stipulation to admit government exhibits despite express instructions to the contrary (ECF No. 195, PageID. 3327-3329), the failure to object to at least 11 proposed jury instructions despite express email instructions (ECF No. 195, PageID. 3311; ECF No. 195, PageID. 3324), failure to object to the admission of audio tapes (ECF No. 195, PageID. 3313), failure to cross-examine a witness as Nicoletti desired (ECF No. 195, PageID. 3314), and refusal to present an audit report as evidence and cross examine witnesses with that report. (ECF No. 195, PageID. 3315).

On March 30, 2021, the government contacted trial counsel and one of Nicoletti's pretrial attorneys by email, who agreed to carefully review Nicoletti's Motion to Vacate and meet with the undersigned Assistant United States Attorney thereafter about Nicoletti's charges of ineffective assistance of counsel. Those meetings have yet to be scheduled. The nature of the allegations may require findings by the Court about attorney-client privilege waivers (in the absence of voluntary disclosure by defense counsel), the scope of such waivers, and,

3

potentially, an expansion of the record under Rule 7 of the Rules Governing Section 2255 Proceedings, all of which would require additional time to determine.

On March 30, 2012, the government sought concurrence in this motion from Nicoletti through his counsel, Paul Stablein, and on April 12, 2021, Mr. Stablein advised in an email that he does not represent Nicoletti in the Motion to Vacate, but that Nicoletti would not stipulate to any extension unless the government agreed to a series of conditions which it finds unacceptable.

For the reasons set out in the government's original Motion to Dismiss or Defer Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 200), much of which is reiterated here for the Court's convenience, Nicoletti's Motion to Vacate should be dismissed, or, in the alternative, deferred and the government's response date delayed until July 30, 2021 in light of the nature and quantity of the allegations the motion contains.

**Argument**

1. **Nicoletti's Motion to Vacate should be dismissed because it is premature.**

The Sixth Circuit "adopt[ed] the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir.1998) (collecting

4

cases); see also *Smith v. United States*, No. 95–3980, 1996 WL 330864, at *1 (6th Cir. June 14, 1996) ("It is true that the 'well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.'" (citation omitted)); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir.1993) (collecting cases); R. Governing § 2255 Proceedings 5 advisory committee's note (although "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal[,] ... the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances"). This rule is grounded in the principle, oft repeated, that "[a]n application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal," as well as judicial economy, in that "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Capaldi*, 135 F.3d at 1124; *see also Robinson*, 8 F.3d at 405 ("The rationale for the rule is a sound one: the disposition of the appeal may render the § 2255 motion moot." Moreover, "[t]his rule holds true even for claims of ineffective assistance of counsel, which may normally not be brought on direct appeal." *Smith*, 1996 WL 330864, at *1; see also *Robinson*, 8 F.3d at 405 (" Section 2255 motions, involving ineffective assistance of counsel claims, are subject to the same general rule as all other § 2255 motions;

5

they are not to be entertained by the district court unless extraordinary circumstances are present.").

Various judges in this Circuit and district have applied the "*Calpaldi* rule" to dismiss 2255 petitions filed while the applicants' cases were on direct appeal. *See, e.g., United States v Wright*, No. 6:17-cr-43-REW-3, 2019 WL 4863488 (E.D. Kentucky July 11, 2019, Wier, J.); *United States v. Jones,* No. 1:13-cr-7, 2014 WL 1292503128 U.S.C. § 2255 (W.D. Michigan November 14, 2014, Neff, J.); *United States v. Hills*, No. 12-12254, 2014 WL 1400815 (E.D. Michigan April 9, 2014, Cox, J.); *United States v. Rogers,* No. 11-20749, 2014 WL117317 (E.D. Michigan January 13, 2014, Zatkoff, J.).

There can be no doubt that this case remains on direct appeal in light of Nicoletti's decision to petition for rehearing *en banc* and the Court of Appeals grant of additional time to file it. (*United States v. Nicoletti,* No. 20-1137, Doc. No. 50: Ruling Letter). Nicoletti offers no "extraordinary circumstances" which would warrant any exception to the "*Capaldi* rule." Thus, the present motion should be dismissed as premature. Should the Court of Appeals deny rehearing *en banc*, or affirm his conviction after rehearing, Nicoletti would be free to refile a petition under 28 U.S.C. § 2255.

6

### 2. Nicoletti's Motion to Vacate should be dismissed because it was filed *pro se* while Nicoletti was fully represented by counsel.

Nicoletti has counsel of record, Paul J. Stablein, in this Court, who has represented him at sentencing and in various post-judgment proceedings pertaining to Nicoletti's sentence and surrender date. Mr. Stablein has never withdrawn and has arranged numerous extensions of Nicoletti's Bureau of Prisons report date with the government. Nicoletti also has appellate counsel while he pursues his direct appeal. Nicoletti has never formally sought to represent himself in his own defense in this court and, thus, no *Faretta* colloquy was ever undertaken, and the Court has never formally passed on Nicoletti's competence to represent himself in this case. Thus, Nicoletti is attempting to proceed in a "hybrid" fashion, both through his counsel and *pro se* by way of this motion. *See McKaskle v. Wiggins,* 465 U.S. 168, 183 (1984). (Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even represent themselves, the right of self-representation does not include the right to proceed in a hybrid manner). *See also, United States v. Mosely,* 810 F.2d 93, 97–98 (6th Cir.1987) (hybrid representation properly disallowed in a trial setting for a defendant who was both a lawyer and a judge).

7

Nicoletti was well aware of this Court's rule against hybrid representation, as he had previously been directly admonished about it, and this Court struck several of his *pro se* pleadings from the record, in part, for that reason. *See,* ECF No.87, PageID. 833: Order Striking Motions). While Nicoletti is fully represented, this Court should not accept *pro se* pleadings, and his Motion to Vacate should be no exception.

### 3. Alternatively, due to the nature and quantity of the allegations in this case, the Court should grant the government's request for an additional 60 days to respond.

Even if the Court allows Nicoletti's Motion to Vacate to stand, the government respectfully requests additional time to respond. As noted above, the motion accuses two of Nicoletti's attorneys of ineffective assistance and raises over 80 claims of error in representation. Such allegations require careful review and analysis, as well as input from accused counsel. They may also raise complicated questions pertaining to attorney-client privilege requiring guidance from the Court. In any event, given that Nicoletti's Petition for Rehearing *En Banc* is not even due until May 3, 2021, it seems highly unlikely that it will even be decided before May 18, 2021, the date by which the government's response is currently due. Under all of these circumstances, rescheduling the response date to July 30, 2021 is prudent and reasonable.

Conclusion

For the reasons stated above, the United States respectfully requests that the Court deny, without prejudice, Nicoletti's Motion to Vacate (ECF No. 195) or, in the alternative, defer consideration and revise its briefing schedule so as to require a response from the United States no earlier than July 30, 2021.

Respectfully submitted,

Saima S. Mohsin
Acing United States Attorney

s/Craig A. Weier (P33261)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
313.226.9678
craig.weier@usdoj.gov

s/John K. Neal
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
313.226.
craig.weier@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on April 14, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorney for the defendant: Paul Stablein.

<div style="text-align: right;">

s/Craig A. Weier
Craig A. Weier (P33261)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
313.226.9678
craig.weier@usdoj.gov

</div>