# UNITED STATES DISTRICT COURT
Eastern District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> PAUL NICOLETTI <br><br> **Date of Original Judgment:** 1/30/2020 <br> (Or Date of Last Amended Judgment) | **AMENDED JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number: 15-20382 <br> USM Number: 55819-039 <br> Paul Nicoletti, Pro Se <br> Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   Counts 1, 2-4 of the Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1349 and 18 U.S.C. § 1344 | Bank Fraud Conspiracy | 11/2005 | 1 |

The defendant is sentenced as provided in pages 2 through ___10___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 30, 2021
Date of Imposition of Judgment

s/Victoria A. Roberts
Signature of Judge

Victoria A. Roberts, U.S. District Judge
Name and Title of Judge

April 30, 2021
Date

AO 245C (Rev. 09/19): Amended Judgment in a Criminal Case
Sheet 1A

Case 2:15-cr-20382-VAR-MKM ECF No. 214, PageID.3435 Filed 04/30/21 Page 2 of 10
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  2  of  10

DEFENDANT: PAUL NICOLETTI
CASE NUMBER: 15-20382

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1344 and 18 U.S.C. §2 | Bank Fraud Aiding and Abetting | 8/30/2005 | 2 |
| 18 U.S.C. §1344 and 18 U.S.C. §2 | Bank Fraud Aiding and Abetting | 10/5/2005 | 3 |
| 18 U.S.C. §1344 and 18 U.S.C. § 2 | Bank Fraud Aiding and Abetting | 10/21/2005 | 4 |

DEFENDANT: PAUL NICOLETTI
CASE NUMBER: 15-20382

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

70 months, all counts to run concurrently. While in custody, the defendant shall participate in the Inmate Financial Responsibility Program (IFRP). The Court waives the cost of incarceration.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☑ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/19) - Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 2:15-cr-20382-VAR-MKM ECF No. 214, PageID.3437 Filed 04/30/21 Page 4 of 10
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __10__

DEFENDANT: PAUL NICOLETTI
CASE NUMBER: 15-20382

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

2 years on each count, all counts to run concurrent. The Court waives the cost of supervision.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: PAUL NICOLETTI
CASE NUMBER: 15-20382

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245C (Rev. 09/19) - Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Case 2:15-cr-20382-VAR-MKM ECF No. 214, PageID.3439 Filed 04/30/21 Page 6 of 10

Judgment—Page __6__ of __10__

DEFENDANT: PAUL NICOLETTI
CASE NUMBER: 15-20382

# SPECIAL CONDITIONS OF SUPERVISION

☐ The defendant shall participate in the home confinement program for a period of _____.
    ☐ The cost of electronic monitoring is waived.

☐ The defendant shall make monthly payments on any remaining balance of the:
    ☐ restitution, ☐ fine, ☐ special assessement
at a rate and schedule recommended by the Probation Department and approved by the Court.

☑ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

☐ The defendant shall provide the probation officer access to any requested financial information.

☐ The defendant shall participate in a program approved by the Probation Department for mental health counseling.
    ☐ If necessary.

☐ The defendant shall participate in a program approved by the Probation Department for substance abuse, which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol.
    ☐ If necessary.

**Additional Terms of Special Conditions:**

1. You must submit to a psychological/psychiatric evaluation as directed by the probation officer, if necessary.

2. You must participate in a mental health treatment program and follow the rules and regulations of that program, if necessary. The probation officer in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

3. If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

4. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

AO 245C (Rev. 09/19) - Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
Case 2:15-cr-20382-VAR-MKM ECF No. 214, PageID.3440 Filed 04/30/21 Page 7 of 10
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 7 of 10

DEFENDANT: PAUL NICOLETTI
CASE NUMBER: 15-20382

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 400.00 | $ 5,478,751.58 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Fifth Third Bank, 5001 Kingsley Drive MD 1MOB23-3870, Cincinnati, OH 45263 | $1,257.751.58 | | |
| Chubb Insurance, Fifth Avenue Place 120 Fifth Avenue, Pittsburgh, PA 15222 | $2,021.000.00 | | |
| First American Title Recovery | $2,200,000.00 | | |
| TOTALS | $5,478,751.58 | 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: PAUL NICOLETTI
CASE NUMBER: 15-20382

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    See page 10 regarding schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| Alan Lucia, 09-20311 | $1,585,528.00 | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 6A — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Case 2:15-cr-20382-VAR-MKM   ECF No. 214, PageID.3442   Filed 04/30/21   Page 9 of 10

DEFENDANT: PAUL NICOLETTI
CASE NUMBER: 15-20382

Judgment — Page 9 of 10

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant numbers) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| Matthew Flynn 11-20157 | $4,761,100.00 | | |
| Tyrone Hogan 09-20410 | $2,167,619.65 | | |
| Robert Hance 11-20236 | $6,019,123.00 | | |

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 6B — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Case 2:15-cr-20382-VAR-MKM ECF No. 214, PageID.3443 Filed 04/30/21 Page 10 of 10

Judgment—Page 10 of 10

DEFENDANT: PAUL NICOLETTI
CASE NUMBER: 15-20382

# SCHEDULE OF PAYMENTS

Nicoletti must pay at least 10% of his gross monthly income, before surrendering to the Bureau of Prisons. If, after considering Nicoletti's economic circumstances and responsibilities, the United States Probation Officer determines that more or less should be due on a monthly basis, the United States Probation Officer may require Nicoletti to pay at least such amount, with notice to the him, United States Attorney, and the Court, subject to de novo review by this Court. Finally, not later than thirty (30) days after any change occurs, Nicoletti must notify the United States Probation Officer, the United States Attorney, and this Court of any material change in economic circumstances that might affect Nicoletti's ability to pay restitution, and any change in mailing or residence address.

While incarcerated, Nicoletti must pay, through the Bureau of Prisons Inmate Financial Responsibility Program, $25.00 per quarter, or no less than 50% of the funds available to Nicoletti per quarter, whichever sum is greater. The Bureau of Prisons may require Nicoletti to pay at least such amount, with notice to him, the United States Attorney, and the Court, subject to de novo review by this Court. Any portion of the restitution that is not paid in full at the time of defendant's release from imprisonment must become a condition of supervision. The United States Bureau of Prisons, the United States Probation Office, and the United States Attorney's Office must monitor the payment of restitution, and reassess and report to the Court any change in Nicoletti's ability to pay restitution.

Upon release from incarceration, the defendant must again pay at least 10% of his gross monthly income, starting sixty (60) days after release from the Bureau of Prisons.