UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

-v-

PAUL NICOLETTI,

                Defendant.

Case No: 2:15-cr-20382
Honorable Victoria Roberts
Magistrate Judge Elizabeth Stafford

## DEFENDANT'S RESPONSE TO GOVERNMENT MOTION FOR RECONSIDERATION OF MOTION EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY THE U.S. ATTORNEY SHOULD NOT BE HELD IN CONTEMPT FOR DELIBERATE VIOLATION OF DEFENDANT'S MOTION TO COMPEL (ECF No. 213)

On April 16, 2021, the U.S. Attorney's Financial Litigation Unit garnished the Defendant's Joint Tax Refund of $2,110.00. On April 27, 2021, Defendant filed his Emergency Motion for Relief requesting among other things, that the tax refund be returned forthwith. See ECF No. 210. On April 30, 2021, this court granted Defendant's Motion and stated, "The United States Attorney's Office, Financial Litigation Unit must release the *wrongfully* garnished Joint Tax Refund in the amount of $2,110.00." ECF No. 213, PageID. 3433. [Emphasis Added]. It is undisputed that the United States Attorney's Office, Financial Litigation Unit, deliberately failed to abide by this court's order.

This court held a telephonic status conference on May 10, 2021 at 9:00 a.m. During the status conference Jacqueline M. Hotz, admitted the facts as contained within

Defendant's Motion, with the disingenuous exception that she claims the purpose of her call was to inform defendant of her intent to file a motion for reconsideration. The court then inquired as to the basis for the Government's justification for the wrongful garnishment and the court more importantly asked Jacqueline M. Hotz where the Defendant's Joint Tax Refund was at the present time. Ms. Hotz responded that she had no idea who possessed or where the Defendant's Joint Tax Refund was located. According to Ms. Hotz, the only explanation or basis for the garnishment, was some innocuous agreement between the Clerk of the Court and the Department of Justice. There is no doubt that Ms. Hotz was relying upon this Court's original February 3, 2020, Order requiring a Lump Sum restitution payment. [ECF No. 168, PageID 2345] The Court then indicated that the Lump Sum requirement was a mistake[1] and that the Court issued an Order on July 13, 2020, allowing the Defendant to make installment payments[2] and that the Clerk of the Court shall enter an Amended Judgment reflecting the payment schedule. [ECF No. 187, PageID 3180-3185]

Needless to say, the Clerk of the Court failed to enter an Amended Judgment until the Defendant pressed the issue and filed his motion April 27, 2021, resulting in the entry of an Amended Judgment dated April 30, 2021, reflecting installment payments, which the Defendant has every intention to comply with. [ECF No. 214, PageID 2434-3443.] It is undisputed that subsequent to the July 13, 2020, Order [ECF No. 187, PageID 3180-3185], the Government failed to recognize the Clerk of the Court's failure to enter an Amended Judgment. Moreover, Ms. Hotz repeatedly and continues to allege that the Defendant has failed to pay an Assessment fee of $400.00. This is

---

[1] Note: The Government falsely states that "Recognizing Nicoletti's decreased earnings...". [ECF No. 217, PageID 3452]

[2] Note: MCL 600.6107 is the Michigan statute authorizing installment payment orders.

2

patently false since the Assessment fee was encompassed within the terms of the installment payment terms. There is nothing in the Amended Judgment that requires the immediate and full payment of the Assessment. Set forth below for the Court's convenience is a snapshot of ECF No. 214, PageID 3440.

### CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 400.00 | $ 5,478,751.58 | $ | $ | $ |

If the Government is allowed to garnish Defendants' Joint Tax Return, then the purpose of having an installment payment order is defeated in its entirety. Defendant disagrees with the Government's statement "the Treasury Offset Program, does not violate the terms of the schedule of payments set by the Court." ECF No. 217, PageID 3451. The Government's interpretation, despite not knowing the location of the Joint Tax Refund, has a significant impact on the Defendant's financial resources, or the lack thereof. The Government's combined motion and response fail to cite any case law of precedential value, statute, or court rule that authorizes the garnishment by the Government in the present circumstance.

To the contrary, the Government relies upon Judge Steeh's decision in *United States v. Freeman*, 2019 U.S. Dist. LEXIS 97542 (EDMI June 11, 2019), wherein Judge Steeh opined that if the court had entered an installment payment plan, then the garnishment was premature and would have been ruled as invalid. The Government admits that the Sixth Circuit has not provided guidance on this issue, as it is one of first impression. [ECF No. 217, PageID 3457.]

The Government's next novel argument is that 31 U.S.C. § 3716(a)(4) allows garnishment is frivolous at best, since it would eviscerate this court's ability to allow

3

Defendant to make installment payments under any scenario. The Government relies upon 31 C.F.R. § 285.5(b) and (d)(2) as a basis for garnishment, [ECF No. 217, PageID 3455]. However, what the Government fails to state is that there has never been an *agency initial demand for payment or a declaration of delinquent non-tax debt.*

The Government claims that on February 20, 2020, Defendant was sent a Notice of Administrative Offset. This is impossible since the Defendant never received any such notice and conveniently, the Government fails to attach a copy to its response. In order for the Government to garnish Defendant's Joint Tax Refund, strict mandatory guidelines are set forth at 31 C.F.R. § 285.5(d)(1 through 5). The Government has not satisfied any of the requirements that are a prerequisite to garnishment.

The best illustration of the failure is set forth at 31 C.F.R. § 285.5(d)(6)(ii)(A). This section requires "[w]ritten notification, at least sixty days prior to submitting the debt and at the Debtor's most current address known to the [creditor][3] agency...". *Id.* See 31 C.F.R. § 285.5(d)(5)(ii). It is undisputed that the *creditor agency* is identified in Exhibit A, as the "U.S. Attorney Michigan-Eastern". The Government's inability to even attempt to demonstrate compliance, is proof of the fact the Government lacked any basis for utilizing post-judgment collection remedies[4], especially garnishment of the Defendant's Joint Tax Refund.

The first time Defendant became aware of the garnishment was on or after April 16, 2021, when Defendant was shown a copy of **Exhibit A**. Even Exhibit A states as follows:

---

[3] Note: See 31 C.F.R. § 285.5(d)(5)(ii).
[4] Note: The Government also filed a slanderous lien upon Defendant's Jointly Owned real estate located at 7474 Port Austin Road, Caseville, MI 48725

> Only an agency listed under **Who Do I Owe** has information about your debt. Before sending a debt to Fiscal Service, an agency must send notice to you at the address in its records. The notice explains the amount and type of debt you owe, the rights available to you, and the agency's intention to collect the debt by applying eligible federal payments made to you.

Assuming for argument's sake that the Government could invoke 31 C.F.R. § 285.5, said regulation requires that the debt must be eligible under 31 C.F.R. § 285.5(d)(3)(i)(A) insofar as the debt must be past-due, as a mandatory requirement before any offset can occur. Being as the Amended Judgment reflecting Defendant's ability to make installment payments was not entered until April 30, 2021, the debt was not past-due and therefore ineligible for offset. (31 U.S.C. § 3716(a) mirrors 31 C.F.R. § 285.5(b) and specifically requires notice of offset be provided.)

In *United States v. Williams*, 898 F.3d 1052, 1055 (10th Circuit 2018) the court held that garnishment was improper where the government is seeking payment of an amount that is not currently due; *United States v. Martinez*, 812 F.3d 1200, 1202 (10th Circuit 2015) (holding that the government could not garnish assets beyond amount currently due under installment schedule when restitution order did not create immediately enforceable debt for full restitution amount).

In conclusion, the Defendant respectfully requests: 1) that the Government's Motion for Reconsideration be denied; 2) that the United States Attorney be held in contempt of court and sanctioned appropriately; and 3) that the Debtor's Joint Tax Refund in the amount of $2,110.00, be returned immediately.

Respectfully submitted,

Paul Nicoletti
In Pro Per
7474 Port Austin Road
Caseville, Michigan 48725
(989) 550-5050
Email: pauljnicoletti@gmail.com

Dated: May 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify on May 12, 2021, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

Paul Nicoletti
In Pro Per
7474 Port Austin Road
Caseville, Michigan 48725
(989) 550-5050
Email: pauljnicoletti@gmail.com

**U.S. Department of the Treasury**
Bureau of the Fiscal Service
P.O. Box 1686
Birmingham, AL 35201-1686



### PLEASE RETAIN FOR YOUR RECORDS

04/16/21



PAUL J & MARY ANN NICOLETTI
3861 ESTATES CT
TROY, MI 48084-1144

### What Happened to My Payment?

The U.S. Department of the Treasury, Bureau of the Fiscal Service (Fiscal Service), applied all or part of your payment to delinquent debt that you owe. This action is authorized by federal law. Below is your payment information:

Payment From: Internal Revenue Service
Payee Name: PAUL J & MARY ANN NICOLETTI
Original Payment: $2110.00

Payment Date: 04/16/21
Payment Type: CHECK

### Who Do I Owe?

We applied your payment to debt that you owe to the following agency:

U.S. ATTORNEY MICHIGAN - EASTERN
ATTN: FINANCIAL LITIGATION UNIT
211 W. FORT STREET
SUITE 2001
DETROIT, MI 48226
(313) 226-9102

TOP Trace Number: 181466267
Account#: MIE 2012A03084008
Applied to This Debt: $2110.00
Type of Debt: Non-Tax Federal Debt

*Dep of Justice 313-226-9102*

Please see additional pages for other debts, if any.

### What Should I Do Now?   *1800-829-1040*

If you agree that you owe the debt, you do not need to do anything. Your debt balance has been reduced. If you believe that your payment was applied in error, you would like to resolve your debt, or you have questions about your debt or outstanding balance, contact the agency listed under **Who Do I Owe.** Please have this notice available when you contact the agency.

Only an agency listed under **Who Do I Owe** has information about your debt. Before sending a debt to Fiscal Service, an agency must send notice to you at the address in its records. The notice explains the amount and type of debt you owe, the rights available to you, and the agency's intention to collect the debt by applying eligible federal payments made to you.

For questions about your debt, please call the agency listed under **Who Do I Owe.** If you have questions about the Treasury Offset Program, please visit our website at www.fiscal.treasury.gov/TOP or call 1-800-304-3107.

DEFENDANT'S EXHIBIT A