## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,             Case No. 2:15CR20382
                                            Hon. Victoria A. Roberts

v

PAUL NICOLETTI,

                    Defendant

_____/

### UNITED STATES' REPLY TO
### DEFENDANTS RESPONSE (ECF. 218)

The United States files its reply to Nicoletti's Response to Government's Motion for Reconsideration and Motion to Hold United States in Contempt. (ECF 218, PageID 3460-3466)

The United States has not applied for, nor has the Court issued, a writ of garnishment in this case.

The dispute is centered upon Nicoletti's unhappiness about the administrative offset of his federal income tax refund.  This matter should be dismissed to allow Nicoletti an opportunity to pursue his administrative remedies with the United States Attorney's office.

To the extent Nicoletti is challenging the validity of the underlying debt, Nicoletti must direct his challenge to "the agency to which [he] owes the debt." *See*

*Hughes v United States,* 2015 U.S. Dist LEXIS 95432, 2015 WL 4477961 at  * 3 (E.D. La. 2015). Further, to the extent Nicoletti "believes that the offset was made in error[,] his remedy is to pursue the administrative and legal process set by statute for challenging the offset," rather than attempting to litigate the offset. *Tavares v. United States, 2014 U.S. Dist. LEXIS 122708, 2014 WL 4351532 at *8 (M.D. Pa. 2014) (*"the statute and regulations creating the [TOP] provide ample due process protections to a [debtor] prior to an offset, and allow for administrative review of any offset decisions, followed by judicial review of particular offsets, if necessary"); *Benjamin v. United States, 2014 U.S. Dist. LEXIS 110733, 2014 WL 3900220, *5 (M.D. Pa. 2014)* ("persons who are dissatisfied with the application of a Treasury offset may pursue administrative procedures established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought") (internal quotations omitted); *Curtin v United States, 2014 U.S. Dist. LEXIS 83602, 2014 WL 2808601 at *8 (M.D. Pa. 2014)* ("to the extent that [the debtor] is aggrieved by the application of a Treasury offset to his settlement funds, his relief lies through administrative proceedings or separate litigation challenging that offset decision").

Nicoletti has not alleged that he has sought an administrative review for any of his claims regarding the offset of his federal income tax refund, thus depriving the court of jurisdiction to review his claims of wrongful offset.

The government respectfully requests that the Court set aside that portion of the Order Granting Emergency Relief (ECF No. 213, PageID 3433) directing the United States to return funds; and that the Court direct Nicoletti to exhaust his administrative remedies prior to pursuing relief in this Court and the Court grant such other and further relief as is deemed just and reasonable.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

s/Jacqueline M. Hotz
Assistant U.S. Attorney
211 West Fort Street
Detroit, Michigan 48226
(313) 226-9108
Jackie.hotz@usdoj.gov
Date:  May 26, 2021                     MI State Bar P35219

### Certificate of Service

I certify that I on May 26, 2021 I filed the foregoing Reply to Defendant's Response to Government's Motion with the Court's Electronic Filing System, which system will provide notice to Paul Nicoletti and to all counsel of record.

*/s/ Jacqueline M. Hotz*
*Assistant United States Attorney*