**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

        Plaintiff,              Case No. 15-CR-20382

    v.                           Honorable Victoria A. Roberts
                                   Magistrate Judge Elizabeth Stafford

D-1 Paul Nicoletti,

        Defendant.

_____/

**Government's Response in Opposition to Defendant's**
**Motion to Compel Production of Victim Impact Statements**
**and for an Accounting as to Restitution Amount (ECF No. 223)**

The United States of America, by its undersigned counsel, respectfully requests that the Court deny Defendant Nicoletti's Motion to Compel Production of Victim Impact Statements and for an Accounting as to Restitution Amount (ECF No. 223) for the reasons stated in the accompanying brief, primarily:

1. There is no case or controversy pending before this Court to which "victim impact statements" would be relevant inasmuch as the defendant was sentenced on January 30, 2020 and agreed to the restitution amount ultimately appearing in the judgement, and, despite numerous challenges based on ability to pay, Nicoletti has never challenged the amount (ECF 179, PageID. 2884-2885: Sentencing Transcript; ECF 168, PageID.2345: Judgment; ECF 174, PageID. 2770-2775: Motion to Amend Order of

Restitution; ECF 185, PageID. 3166-3176: Motion for Reconsideration; ECF 214, PageID.3440-3443: Amended Judgment);

2. There were no "victim impact statements" from Fifth Third Bank or its insurers named as the victim/recipients of restitution which Nicoletti seeks an order to compel, but rather, a schedule of losses, recoveries from the sale of properties and insurance payments, which was furnished to the defense prior to sentencing (Attachment One: Email with Attachment);

3. The "accounting" that Nicoletti seeks as to his restitution balance is readily obtainable from this Court's Clerk's Office, has been obtained by the government and is being furnished to Nicoletti (*See*, Attachment Two: Restitution Balance).

WHEREFORE, the United States of America respectfully requests that the Court deny Defendant Nicoletti's Motion to Compel as Moot.

    Respectfully submitted,

    Saima S. Mohsin
    Acting United States Attorney

    *s/Craig A. Weier*
    Craig A. Weier (P33261)
    Assistant United States Attorney
    Eastern District of Michigan
    211 W. Fort St., Suite 2001
    Detroit, Michigan 48226
    (313) 226-9678

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,               Case No. 15-CR-20382

   v.                            Honorable Victoria A. Roberts
                                   Magistrate Judge Elizabeth Stafford

D-1 Paul Nicoletti,

        Defendant.
_____/

## Government's Memorandum in Opposition to Defendant's Motion to Compel Production of Victim Impact Statements and for an Accounting as to Restitution Amount (ECF No. 223)

Nicoletti seeks an order compelling something that does not exist ("victim impact statements" from Fifth Third Bank and its insurers), and information that is readily available from this Court's Clerk's Office (an "accounting as to restitution amount" so as to determine his balance), all where there is no case or controversy pending before this Court. The motion should be denied.

First, Nicoletti stipulated to the restitution amount at the time of sentencing.[1] (ECF 179, PageID. 2884-2885: Sentencing Transcript). There is nothing pending before the court challenging the amount, and no post-judgment litigation

---

[1] In the course of preparing this response, an arithmetic error was discovered in the presentence report and repeated in the judgment, which will be the subject of a subsequent motion to correct by the government. It reduces the amount Nicoletti owes, but not significantly.

did either, despite Nicoletti's repeated insistence that the Court set a payment schedule in the judgment, eventually resulting in the entry of the amended judgment he sought. (*See* ECF 168, PageID.2345: Judgment; ECF 174, PageID. 2770-2775: Motion to Amend Order of Restitution; ECF 185, PageID. 3166-3176: Motion for Reconsideration; ECF 214, PageID.3440-3443: Amended Judgment). Thus, there is no open case or controversy to which "victim impact statements" would have any relevance.

Second, no "victim impact statements" of Fifth Third Bank or its insurers, to whom restitution is to be paid according to the judgment, exist, so there is nothing to compel. Rather, the restitution figures contained in the Presentence Report and transposed into the judgment were provided by Fifth Third Bank counsel, which was provided to Nicoletti's sentencing counsel well before the sentencing date. (Attachment One: January 3, 2020 Email to Paul Stablein with Attached Chart from Fifth Third Counsel).   Thus, Nicoletti is well aware of the basis for the amount of restitution he is ordered to pay, had ample opportunity to challenge it, but decided not to.

Lastly, the information Nicoletti seeks pertaining to his restitution balance (taking into consideration that others are also obligated to pay into this fund) is readily available at the office of the Clerk of the Court.   Had Nicoletti complied with E.D. Mich. LR Rule 7.1(a)(1) and sought the government's concurrence in

the relief, he would have been directed to the Clerk's Office or would have been provided with the information by the government after it obtained it from the Clerk's Office.   For Nicoletti's convenience, the information he asks the Court to compel is attached here as Attachment Two.   Thus, Nicoletti's motion to compel this information is moot.

For all of these reasons, then, Nicoletti's Motion to Compel (ECF No. 223) should be denied.

>Respectfully submitted,
>
>Saima S. Mohsin
>Acting United States Attorney
>
>*s/Craig A. Weier*
>Craig A. Weier (P33261)
>Assistant United States Attorney
>Eastern District of Michigan
>211 W. Fort St., Suite 2001
>Detroit, Michigan 48226
>313.226.9678

## CERTIFICATE OF SERVICE

I certify that on June 10, 2021, I sent the foregoing document with attachments to the defendant by email to: pauljnicoletti@gmail.com, and will follow this notification by sending the same, by United States Mail, to: 7474 Port Austin Road, Caseville, MI 48725

>*s/Craig A. Weier*
>Craig A. Weier (P33261)
>Assistant United States Attorney

3