UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

-v-

D-1 PAUL NICOLETTI,

Defendant.

Case No: 2:15-cr-20382
Honorable Victoria Roberts
Magistrate Judge Elizabeth Stafford

**DEFENDANT'S MOTION TO CORRECT AMENDED JUDGMENT [ECF NO. 214] BASED ON CLERICAL ERROR**

NOW COMES Defendant, Paul Nicoletti and states as follows:

1.    On June 11, 2021, the Government filed its Motion to Correct Clerical Error pursuant to Fed. R. Cr. P. 36 [ECF No. 225].

2.    The Government's motion is based upon arithmetical errors that were transposed and then overlooked, resulting in erroneous restitution calculations.

3.    The Defendant has set forth in his Brief in Support, additional errors that have a significant impact not only upon the amount of restitution ordered, but also upon the legitimacy of the sentence imposed.

WHEREFORE, Defendant respectfully requests that this court eliminate any financial obligation to make restitution to the delineated victims, since they have been paid in full. Lastly, pursuant to Fed. R. Cr. P 35, Defendant requests that this court resentence Defendant in order to correct the arithmetical, technical, or other clear errors outlined in Defendant's Brief.

Respectfully submitted,

Paul Nicoletti
Acting *In Pro Se*
7474 Port Austin Road
Caseville, Michigan 48725
(989) 550-5050
pauljnicoletti@gmail.com

Dated: June 15, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,        Case No:  2:15-cr-20382

-v-                             Honorable Victoria Roberts

D-1 PAUL NICOLETTI,          Magistrate Judge Elizabeth Stafford

                  Defendant.

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO CORRECT AMENDED JUDGMENT [ECF NO. 214] BASED ON CLERICAL ERROR

On June 11, 2021, the Government filed its Motion to Correct Clerical Error pursuant to Fed. R. Cr. P. 36 [ECF No. 225]. The Government's motion is based upon mathematical errors that were transposed and then overlooked, resulting in erroneous restitution calculations. Unfortunately this was just the tip of the iceberg insofar as numerous other errors have been discovered.

### FAILURE TO APPLY THE CORRECT SENTENCING STATUTE AND TO APPLY CIVIL LITIGATION REVOVERIES

The PSR dated 11-15-19, mistakenly cites 18 U.S.C. §3663A, at ¶59 of the PSR. This provision makes the award of restitution mandatory as opposed to 18 U.S.C. §3663(a), which is discretionary. 18 U.S.C. §3663A states as follows:

**(a)**

**(1)**

1

Notwithstanding any other provision of law, **when sentencing a defendant convicted of an offense described in subsection (c), the court shall order**, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

[Emphasis Added]

However, the correct sentencing statute 18 U.S.C. §3663 states:

**(a)**

**(1)**

**(A)**

The court, when sentencing a defendant convicted of an offense under this title, section 401, 408(a), 409, 416, 420, or 422(a) of the Controlled Substances Act (21 U.S.C. 841, 848(a), 849, 856, 861, 863) (but in no case shall a participant in an offense under such sections be considered a victim of such offense under this section), or section 5124, 46312, 46502, or 46504 of title 49, other than an offense described in section 3663A(c), **may order**, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate. The court may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense.

[Emphasis added]

Obviously the difference between "may" and "shall" is monumental when it comes to the sentencing phase of a criminal prosecution, as it would have a significant impact on the imposed sentence as well as the term of incarceration. USSG §5E1.1.

Restitution

59.  **Statutory Provisions:** Pursuant to 18 U.S.C. § 3663A, restitution in the total amount of $5,478,751.58 shall be ordered in this case. Restitution, as set forth below, is due and owing to the following victims:

| Victim Name | Amount of Loss |
| --- | --- |
| Fifth Third Bank | $1,257,751.58 |
| Chubb Insurance | $2,021,000.00 |
| First American Title Recovery | $2,200,000.00 |

60.  **Guideline Provisions:** Restitution shall be ordered. USSG §5E1.1.

Paragraphs 59 and 60 from the Amended PSR make it clear that the court used the wrong sentencing statute, the Amended Judgment [ECF No. 214] also fails to abide by 18 USC §3663(c)(2)(B), which states:

> In no case shall the amount of restitution ordered under this subsection exceed the amount of the fine which may be ordered for the offense charged in the case.

It is crucial to note that 18 U.S.C. § 3663A does not contain the above stated language which limits the amount of restitution to the amount of the fine set forth in 18 U.S.C. § 1344. Applying said statute to the Defendant's case means that under no circumstance can the restitution order exceed the maximum fine of $1,000,000.00. 18 U.S.C. § 1344. The Indictment charges only three offenses under 18 U.S.C. § 1344 and hence, the court as its upper most limit, could if it chose to, award a maximum of $3,000,000.00 based on the Indictment language. There is no legal authority that allows a court under 18 U.S.C. § 3663, to exceed the maximum amount of the fine.

The Sixth Amendment prohibits a judge from "inflict[ing] punishment that the jury's verdict alone does not allow." Blakely v. Washington, 542 U.S. 296, 304 (2004). In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court held that "any fact" other than a prior conviction that "increases the penalty for a crime beyond the prescribed

3

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
Id. at 490. That rule is rooted in "two longstanding tenets of common-law criminal
jurisprudence." Blakely, 542 U.S. at 301. The first is that "the 'truth of every accusation'
against a defendant 'should afterwards be confirmed by the unanimous suffrage of twelve
of his equals and neighbours.' " Ibid. (quoting 4 William Blackstone, Commentaries on
the Laws of England 343 (1769)). The second is that " 'an accusation which lacks any
particular fact which the law makes essential to the punishment is * * * no accusation
within the requirements of the common law, and it is no accusation in reason.' " Id. at
301-302 (quoting 1 Joel Prentiss Bishop, Criminal Procedure 55 (2d ed. 1872)); see
Cunningham v. California, 549 U.S. 270, 281 (2007).

The jury in Defendant's case was only charged with three loans, being 3935
Quarton, 3941 Quarton, and Vacant Lone Pine. The jury never had an opportunity to find
Defendant guilty on more that the three loans from the Indictment. Not only did the
district court expand the amount of the loans to six, but the court also utilized the
incorrect sentencing statute, which ignored the statutory maximum restitution amount.
This was a clear abuse of discretion, which illustrates the significance of the error[1].
Further error occurred in the PSR[2] dated 11-15-19, where the PSR mistakenly cites a
Superseding Indictment that would cover more than the 3 loans referenced in Indictment.
¶16 of PSR. In this case, there was no such superseding Indictment. The PSR dated 11-
15-19, mistakenly cites at ¶19 an 18 level increase, which exceeds the maximum loss

---

[1] At the time of Sentencing, the court took into consideration, the Fabrizio Letter, that had nothing to do
with being a victim. The Government also provided an attachment to Govt. Memorandum, ECF No. 179,
PageID 2859, that had absolutely nothing to do with the proofs at trial. ECF No. 179, PageID 2860, Line
1-4.
[2] The PSR dated 11-15-19, mistakenly cites at ¶45 that "Defendant has over a million dollars in assets" and
ignores the fact the homes are owned jointly and the actual value is listed at $826,200.

authorized by statute. Also see ¶55 of the Amended PSR, where fine is capped at $1,000,000.

Based upon the chart set forth below, which arguably included all six of the loans, it is clear that any and all victims have been paid in full based upon the civil recoveries to the extent that the chart shows that the victims have been ***overpaid*** in the amount of $8,541,713.02.   An expanded version of the information detailing the amounts set forth in the chart set below is attached as **Exhibit 1**.

| ADDRESS | BORROWER | LOAN DISBURSEMENT AMT. | Paid by | RECOVERED | Loan Disbursement Amount minus total recovered |
|---|---|---|---|---|---|
| 3320 Franklin Rd. | Turon | $1,615,250.17 | | | |
| | | | TOTAL PAID | $ 2,712,651.29 | $1,097,401.12 |
| Lot 88 Brookside | Langhorne | $553,763.55 | | | |
| | | | TOTAL PAID | $ 699,579.66 | $145,816.11 |
| 3935 Quarton (Charged) | Glover | $1,711,143.55 | | | |
| | | | TOTAL PAID | $ 1,457,954.66 | $253,188.89 |
| 4000 Overlea Court | Floyd Anderson | $1,253,403.55 | | | |
| | | | TOTAL PAID | $ 1,449,621.11 | $196,217.56 |
| 3941 Quarton (Charged) | Maples | $1,385,959.00 | | | |
| | | | TOTAL PAID | $ 487,734.83 | $898,224.17 |
| Vacant Lone Pine (Charged) | Lucia | $1,824,156.05 | | | |
| | | | TOTAL PAID | $ 418,744.05 | $1,405,412.00 |
| | | $8,343,675.87 | | TOTAL LOSS BEFORE OFFSETS | $1,117,390.27 |
| Original Loss | | | | | |
| Liquidation of Properties | | | | | $1,615,980.00 |
| Civil Collection | | | | | ($1,527,198.42) |
| Current Funds held by FTB | | | | | $253,832.61 |
| ACCOUNTS HELD UNDER TRO | | | | | $155,634.02 |

| Chubb | | Paid for multiple loans | | | $2,021,000.00 |
|---|---|---|---|---|---|
| Chubb Indemnity Payment on 12-5-06 | | | | | $1,433,348.24 |
| First American/Western Surety/Gulf Insurance | | Paid for multiple loans | | | $2,200,000.00 |
| CTIAI SETTLEMENT | | | | | $450,000.00 |
| Income Tax Offset that has never been returned | | | | | $2,110.00 |
| | | | | **Defense Restitution** | $8,541,713.02 |

## FAILURE TO ACCURATELY
## DISCLOSE THE LOAN AMOUNTS

Defendant has attached as **Exhibit 2**, the most recent, yet erroneous, schedule of losses prepared by counsel for Fifth Third[3] on January 3, 2020 (530 days prior to today).

**Fifth Third's original loss from the six Continental Title Loans are as follows:**

| 400743696 | Mercedes Turon | $1,620,000.00 |
|---|---|---|
| 400824272 | Floyd Anderson III | $1,258,740.00 |
| 401211404 | Roselene Langhorne | $ 574,350.00 |
| 401216171 | Stephanie P. Glover | $1,754,380.00 |
| 401460811 | Scott P. Lucia | $1,861,080.00 |
| 401463518 | Chenzira Maples | $1,374,380.00 |
| **Total Loss Amount:** | | **$8,442,930.00** |

Notwithstanding the fact that only 3 of the loans are charged in the Indictment, the actual loans amounts set forth above are false. The accurate loan amounts are set forth in attached **Exhibit 3**, and corroborated by attached **Exhibit 4**. Exhibit B shows that the accurate alleged Total Loss Amount should be $8,343,675.87, which represents a

---

[3] Note: The potential for a victim to miscalculate the Actual Loss or any subsequent recoveries that would reduce Defendant's restitution order, is tantamount to the wolf guarding the henhouse.

$99,254.13 deduction from the loan amounts referenced in the Amended PSR dated 11-15-19.

## FAILURE TO ACCURATELY
## DISCLOSE THE TYRONE HOGAN SETTLEMENT

On June 5, 2007, Tyrone Hogan and Fifth Third Bank, entered into a Settlement Agreement whereby Tyrone Hogan was to compensate Fifth Third Bank, in the amount of $2,200,000.00. A copy of the Settlement Agreement is attached as **Exhibit 5**. Needless to say, Defendant's Exhibit 2, fails to mention the $2,200,000.00, Hogan recovery or any part thereof. Even more curious is the fact that Tyrone Hogan's Plea Agreement mandates restitution be paid in the amount of $2,829,350.00. [2:09-cr-20410-VAR-MKM Doc # 9 Filed 12/03/09 Pg 9 of 21 Pg ID 27] It is Defendant's position that there should be an additional increase in the civil recoveries in the amount of $2,829,350.

## FAILURE TO ACCURATELY
## DISCLOSE RECEIPT OF FUNDS
## PURSUANT TO 18 U.S.C. § 3664(j)(2)

The Amended Judgment fails to credit Defendant with civil litigation recoveries from Hogan, Chubb, and First American Title Recovery. Pursuant to 18 U.S.C. §3664(j)(2), Defendant's restitution order should be decreased, if not eliminated by 18 U.S.C. §3664(j)(2), which states:

> **(2)**Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in—
> **(A)**
> any Federal civil proceeding; and
> **(B)**

any State civil proceeding, to the extent provided by the law of the State.

As it relates to the Chubb Settlement in the amount of $4,300,000.00, a copy of the Settlement Documentation between Chubb and Fifth Third Bancorp is attached as **Exhibit 6**. The settlement information whereby the Insurers waive their right to repayment, is clearly the derivative of the Oakland County, Civil Suit No. 2005-070592-CZ. Defendant's restitution order should be decreased by $4,300.000.00 pursuant to 18 U.S.C. §3664(j)(2). Additionally, **Exhibit 7**, reveals a totally separate payment in the amount of $1,433,348.24, that was paid to Fifth Third based upon Robert Hance and Anthony Reed's Indemnity Bond. This amount should also reduce Defendant's restitution order.

With regard to the First American Title Recovery payment in the amount of $2,200,000.00, payment was made based upon years of litigation. Attached hereto as **Exhibit 8**, is a copy of the Docket Entries. The payment of $2,200,000.00 was to byproduct of civil proceedings and must be offset pursuant to 18 U.S.C. §3664(j)(2).

Of special importance is the argument that since both First American Title Recovery and Chubb, waived their subrogation rights as part of the settlement, this means that Fifth Third Bank does not have the obligation to pay them back. The support for the Waiver of Subrogation Rights is not only contained within Exhibit 6 but it is also contained within the Settlement Agreement language set forth below. This court should also note that the waiver of the Insurer Subrogation rights is noted at ¶13 of PSR.

2.   INSURERS, for themselves and their successors and assigns, hereby forever waive and discharge any assignment, transfer or conveyance from FIFTH THIRD of any and all claims, rights and causes of action which FIFTH THIRD has or may have against HANCE and REED and/or any other person or entity which may be liable, in whole or in part, for the loss sustained by FIFTH THIRD as the result of the dishonesty of HANCE and REED; and

3.   INSURERS, for themselves and their successors and assigns, hereby forever waive and discharge any and all lawful ways and means for the recovery of their payment of $4,300,000 to FIFTH THIRD; and

The above language in ¶3 states "INSURERS for themselves and their successors and assigns, hereby forever waive and discharge any and all lawful ways and means for the recovery of their payment of $4,300,000.00 to Fifth Third." If this court allows the prosecution to get away with this charade, then Fifth Third Bank will receive a double recovery.   Where a defendant meets that burden, the district court "must reduce restitution by any amount the victim received as part of a civil settlement to avoid the undesirable result of restitution effecting a double recovery."   *United States v. Joshua Sizemore*, Case No. 16-5700 (6th Cir. 2017) (quoting *United States v. Gallant*, 537 F.3d 1202, 1250 (10th Cir. 2008)

Respectfully submitted,

Paul Nicoletti
Acting *In Pro Se*
7474 Port Austin Road
Caseville, Michigan 48725
(989) 550-5050
pauljnicoletti@gmail.com

Dated: June 18, 2021

| ADDRESS | BORROWER | Exhibit | LOAN DISBURSEMENT AMT. | Paid by | RECOVERED | | Loan Disbursement Amount minus total recovered |
|---|---|---|---|---|---|---|---|
| 3320 Franklin Rd. | Turon | GX15 | $ 1,615,250.17 | | | | |
| | | | | CJ Appraisals, LTD Settlement | $ | 45,000.00 | |
| | | | | State Appraisals Settlement | $ | 103,804.10 | |
| | | | | Hogan Settlement | $ | 1,628,000.00 | |
| | | | | Installments Payments Paid to Lender | $ | 44,860.70 | |
| | | | | Items Paid Off at Closing (File Balance Sheets) | $ | 890,986.49 | |
| | | | | **TOTAL PAID** | **$** | **2,712,651.29** | -1,097,401.12 |
| Lot 88 Brookside | Langhorne | GX24 | $ 553,763.55 | | | | |
| | | | | State Appraisal Settlement | $ | 103,804.10 | |
| | | | | CJ Appraisals, LTD Settlement | $ | 15,784.56 | |
| | | | | Hogan Settlement | $ | 572,000.00 | |
| | | | | Items Paid Off at Closing (File Balance Sheets) | $ | 7,991.00 | |
| | | | | **TOTAL PAID** | **$** | **699,579.66** | -145,816.11 |
| 3935 Quarton (Charged) | Glover | GX24 | $ 1,711,143.55 | | | | |
| | | | | Intallments Payments paid to Lender | $ | 32,191.69 | |
| | | | | Shumake Settlement | $ | 375,000.00 | |
| | | | | State Appraisal Settlement | $ | 103,804.10 | |
| | | | | Items Paid Off at Closing (File Balance Sheets) | $ | 946,958.87 | |
| | | | | **TOTAL PAID** | **$** | **1,457,954.66** | 253,188.89 |
| 4000 Overlea Court | Floyd Anderson | GX15 | $ 1,253,403.55 | | | | |
| | | | | Sold on 10-10-18 | $ | 600,000.00 | |
| | | | | Anderson Paid Prin & Int. | $ | 63,364.62 | |
| | | | | Items Paid Off at Closing (File Balance Sheets) | $ | 786,256.49 | |
| | | | | **TOTAL PAID** | **$** | **1,449,621.11** | -196,217.56 |
| 3941 Quarton (Charged) | Maples | GX49.01 | $ 1,385,959.00 | | | | |


DEFENDANT'S EXHIBIT

| | | | | Installments Payments made to Lender | $ | 19,467.24 | |
|---|---|---|---|---|---|---|---|
| | | | | The Appraisal Place Settlement | $ | 73,103.39 | |
| | | | | Shumake Settlement | $ | 375,000.00 | |
| | | | | Items Paid Off at Closing (File Balance Sheets) | $ | 20,164.20 | |
| | | | | **TOTAL PAID** | $ | **487,734.83** | 898,224.17 |
| Vacant Lone Pine (Charged) | Lucia | GX78.01 | $ 1,824,156.05 | | | | |
| | | | | Hance Settlement | $ | 22,226.24 | |
| | | | | Executive Estate Builders Settlement | $ | 133,407.78 | |
| | | | | Direct Financial Settlement | $ | 155,000.00 | |
| | | | | The Appraisal Place Settlement | $ | 51,147.09 | |
| | | | | Items Paid Off at Closing (File Balance Sheets) | $ | 19,812.10 | |
| | | | | Installments Payments made to Lender | $ | 37,150.84 | |
| | | **TOTAL LOAN AMOUNTS** | $ 8,343,675.87 | **TOTAL PAID** | $ | **418,744.05** | 1,405,412.00 |
| | | | | | **TOTAL** | | 1,117,390.27 |
| Original Loss | | | | | | | |
| Liquidation of Properties | | | | | | | -1,615,980.00 |
| Civil Collection | | | | | | | -1,527,198.42 |
| Current Funds held by FTB | | | | | | | -253,832.61 |
| ACCOUNTS HELD UNDER TRO | | | | | | | -155,634.02 |
| Chubb | | $ (2,021,000.00) | Paid for multiple loans | | | | -2,021,000.00 |
| Chubb Indemnity Payment on 12-5-06 | | | | | | | -1,433,348.24 |
| First American/Western Surety/Gulf Insurance | | $ (2,200,000.00) | Paid for multiple loans | | | | -2,200,000.00 |
| CTIAI SETTLEMENT | | | | | | | -450,000.00 |
| ILLEGAL TAX OFFSET | | | | | | | -2,110.00 |
| | PSI Restitution | | $ 8,343,675.87 | | **Defense Restitution** | | -8,541,713.02 |

| | |
|---|---|
| **From:** | Weier, Craig (USAMIE) |
| **To:** | Paul J. Stablein |
| **Subject:** | FW: Nicoletti Restitution |
| **Date:** | Friday, January 3, 2020 10:11:00 AM |
| **Attachments:** | fifth third restitution.pdf |

Here is the chart we discussed by telephone a few minutes ago.
Craig

**From:** Weier, Craig (USAMIE)
**Sent:** Friday, November 22, 2019 10:26 AM
**To:** Turnbull, Charles <cturnbull@orlaw.com>
**Subject:** Nicoletti Restitution

Hey, Chuck, attached is the restitution synopsis that you provided earlier.  Will you please double check it and update if necessary?
Thanks,
Craig

Craig A. Weier
AUSA, EDMI
(313) 226-9678


PENGAD-Bayonne, N.J.

DEFENDANT'S
EXHIBIT
2

**Fifth Third's original loss from the six Continental Title Loans are as follows:**

| | | |
|---|---|---|
| 400743696 | Mercedes Turon | $1,620,000.00 |
| 400824272 | Floyd Anderson III | $1,258,740.00 |
| 401211404 | Roselene Langhorne | $ 574,350.00 |
| 401216171 | Stephanie P. Glover | $1,754,380.00 |
| 401460811 | Scott P. Lucia | $1,861,080.00 |
| 401463518 | Chenzira Maples | $1,374,380.00 |
| **Total Loss Amount:** | | **$8,442,930.00** |

**Fifth Third has recovered the following amounts from the sale of the above six properties:**

| | |
|---|---|
| Sale of Turon Property | $ 388,500.00 |
| Sale of Anderson Property | $ 185,000.00 |
| Sale of Langhorne Property | $ 225,000.00 |
| Sale of Glover Property | $ 75,000.00 |
| Sale of Lucia Property | $ 93,980.00 |
| Sale of Maples Property | $ 75,000.00 |
| | **$1,615,980.00** |

| | |
|---|---|
| **Net loss after property recovery:** | **$6,826,950.00** |

**Fifth Third has recovered the following amounts in the civil litigation (by way of settlement or collection on judgments):**

| | |
|---|---|
| Anthony Reed | $ 3,500.00 |
| *Alan Lucia, Scott Lucia and Direct Financial Corp. | $ 200,203.06 |
| Michael Bossenberry | $ 15,000.00 |
| Robert Shumake | $ 250,995.96 |
| *Continental Title Insurance Agency, Inc. | $ 450,000.00 |
| *Christine Mays and CJ Appraisals, LTD | $ 45,000.00 |
| *Pamela Siira and Appraisal Place | $ 195,000.00 |
| Matthew Flynn | $ 8,425.40 |
| Additional Recoveries Through Funds Setoffs: | $ 359,074.00 |
| **Total amounts recovered:** | **$1,527,198.42** |

| | |
|---|---|
| **Net loss after recoveries:** | **$5,299,751.58** |
| Allocated portion of Chub insurance recovery ($4,300,000 x 47%) | $2,021,000.00 |
| | **$3,278,751.58** |
| First American Title recovery | $2,200,000.00 |
| **Net loss after allocated insurance recoveries:** | **$1,257,751.58** |

| ADDRESS | BORROWER | PSI Loss Amount | Exhibit | LOAN DISBURSEMENT AMT. |
|---|---|---|---|---|
| 3320 Franklin Rd. | Turon | | GX15 | $ 1,615,250.17 |
| Lot 88 Brookside | Langhorne | | GX24 | $ 553,763.55 |
| 3935 Quarton (Charged) | Glover | | GX24 | $ 1,711,143.55 |
| 4000 Overlea Court | Floyd Anderson | | GX15 | $ 1,253,403.55 |
| 3941 Quarton (Charged) | Maples | | GX49.01 | $ 1,385,959.00 |
| Vacant Lone Pine (Charged) | Lucia | | GX78.01 | $ 1,824,156.05 |
| | | | TOTAL LOAN AMOUNTS | $ 8,343,675.87 |

PENGAD-Bayonne, N.J.

DEFENDANT'S
EXHIBIT
.3

**Fifth Third Mortgage**

To:

Phone:
Fax:

Borrowers: Mercedes Turon (Unmarried)

Closing Contact: Robin Vandenberg
Phone:    (248) 603-0435
Fax:      (248) 603-0681

**Return Closing Documents to:**

Fifth Third Mortgage - MI, LLC
1000 Town Center, STE 1600
Southfield, MI 48075

Property Address: 3320 Franklin Rd
Bloomfield Hills, MI 48302

Closing Date:           May 03, 2005
Funds Disbursement Date: May 03, 2005
Lock Expiration Date:    June 28, 2005

Affiliate #: 51
Loan Number:   400143696
FHA/VA Case Number:
Mortgage Amount:  $3,375,000.00
Sales Price:  $5,200,000.00
Property Type:  1 Unit, Single Family, Conv
Loan Type:  ARM
Loan Purpose:
Loan Term:  360 months
Principal & Interest Payment:  $21,332.30
Mortgage Insurance Co.:
First Payment Due Date:  07/01/06
Construction Term:  12 months
Interest Rate:  6.500%

---

Disbursement: Loan proceeds will be net funded for all Lender applicable fees, per diem interest and impound (escrow) reserves.

Net Funding Amount:   $1,615,250.17

Funds Due from Title Co.:

---

|                                          | Borrower      | Seller |
|------------------------------------------|---------------|--------|
| Loan Origination (0.000%):               |               |        |
| Origination Fee:                         |               |        |
| Loan Discount (0.000%):                  |               |        |
| Bond Fee:                                |               |        |
| Appraisal to: C. J. Appraisals Ltd.      | $2,500.00     |        |
| Second Appraisal Fee:                    |               |        |
| Credit Report to: CBC                    | $10.45        |        |
| Flood Cert to: Southwest Financial       | $4.00         |        |
| Tax Service to: First American, Inc.     | $72.00        |        |
| Processing Fee to: Fifth Third Mortgage: |               |        |
| Automated U/W to: Federal Home Loan      | $13.39        |        |
| Underwriting Fee:                        |               |        |
| Extension Rate Lock Fee/Rate Break Fee:  |               |        |
| Float Lock Fee:                          |               |        |
| Inspection(s) Fee/Construction Draw:     | $1,200.00     |        |
| Construction Loan Fee:                   | $750.00       |        |
| Buydown Funds:                           |               |        |
| Interest from  to  @                     |               |        |
| Upfront MIP/VA Funding Fee:              |               |        |
| Final Inspection Fee:                    |               |        |
| Commitment Fee:                          |               |        |
| Redraw Fee:                              |               |        |
| GRH Commitment Fee:                      |               |        |
| Freshrate Participate Fee:               |               |        |
| OHFA Commitment Fee:                     |               |        |
| Other Misc. Closing Costs:               |               |        |
| Hazard Insurance First Year Premium:     |               |        |
| Hazard Insurance Escrow:  months @       |               |        |
| Mortgage Insurance Escrow:  months @     |               |        |
| Flood Insurance Escrow:  months @        |               |        |
| Tax Escrow: City Taxes:  months @        |               |        |
|            County Taxes:  months @       |               |        |
|            Assessments:  months @        |               |        |
| Escrow Adjustment:                       |               |        |
| Curtailment Amount:                      |               |        |
| Application Deposit Fee Credit:          |               |        |
| First Draw:                              |               |        |
| Lender Credit:                           |               |        |
| Completion Escrow to:                    |               |        |
| Construction L.I.P. Amount:              | $1,755,000.00 |        |

* Contact Lender immediately if for any reason you cannot comply with these instructions or if you reschedule the closing date. As a closing agent you are liable for any loss resulting from your failure to follow these instructions.
* These instructions cannot be altered verbally. All alterations or amendments must be in writing and faxed, as necessary, with a confirmation of receipt.
* Any Lender approved changes to documents must be initialed by all signatories.
* All conditions required at closing must be faxed to Lender for review prior to Funding.
* Borrowers must sign all loan documents exactly as their names are typed on documents, even if this is not their usual signatures. Please pay special attention to middle initials and middle names, Junior and Senior, trustee and co-trustee, and power of attorney. Do NOT add any additional parties to the Note.
* You are required to establish the identity of all parties executing closing documents. A witness jurat is not an acceptable means of identification.
* A closing fee of $409.00 has been charged. Please notify Lender if this fee is different and/or changes.

Escrow:  ☐ Requested       ☐ Required
         ☐ Taxes            ☐ Insurance
         ☐ PMI/MIP          ☐ Flood

Account #

See Page 2 for Additional Fee Information.

DEFENDANT'S
EXHIBIT
4
PENGAD-Bayonne, N.J.

**5/3 Fifth Third Mortgage**

Date: 0 8/2005
Closing ntact: Robin Vandenberg
Phone: (248) 603-0435
Fax: (248) 603-0681

To: Continental Title
39520 Woodward Avenue
Bloomfield Hills, MI 48304

Phone: (248) 203-7804
Fax: (248) 203-2968

Borrowers: Roselene Langhorne (Unmarried)

**Return Closing Documents to:**

Fifth Third Mortgage - MI, LLC
1000 Town Center, STE 1600
Southfield, MI 48075

Property Address: Lot 88 Brookside
Birmingham, MI 48009

Closing Date: August 18, 2005
Funds Disbursement Date: August 18, 2005
Lock Expiration Date: September 17, 2005

Affiliate #: 51
Loan Number: 401211404
FHA/VA Case Number:
Mortgage Amount: $1,120,000.00
Sales Price: $1,400,000.00
Property Type: 1 Unit, Single Family, Conv
Loan Type: ARM
Loan Purpose:
Loan Term: 360 months
Principal & Interest Payment: $7,264.30
Mortgage Insurance Co.:
First Payment Due Date: 10/01/06
Construction Term: 12 months
Interest Rate: 6.750%

> Disbursement: Loan proceeds will be net funded for all Lender applicable fees, per diem interest and impound (escrow) reserves.
>
> Net Funding Amount: **$553,763.55**
>
> Funds Due from Title Co.:

|  | Borrower | Seller |
|---|---|---|
| Loan Origination (0.000%): |  |  |
| Origination Fee: |  |  |
| Loan Discount (1.500%): | $16,800.00 |  |
| Bond Fee: |  |  |
| Appraisal to: The Appraisal Place, Inc. | $1,000.00 |  |
| Second Appraisal Fee: | $1,000.00 |  |
| Credit Report to: CSC | $10.45 |  |
| Flood Cert to: Southwest Financial |  |  |
| Tax Service to: First American, Inc. | $72.00 |  |
| Processing Fee to: Fifth Third Mortgage - |  |  |
| Automated U/W to: |  |  |
| Underwriting Fee: |  |  |
| Extension Rate Lock Fee/Rate Break Fee: |  |  |
| Float Lock Fee: |  |  |
| Inspection(s) Fee/Construction Draw: | $800.00 |  |
| Construction Loan Fee: | $750.00 |  |
| Buydown Funds: |  |  |
| Interest from to @ |  |  |
| Upfront MIP/VA Funding Fee: |  |  |
| Final Inspection Fee: |  |  |
| Commitment Fee: |  |  |
| Redraw Fee: |  |  |
| GRH Commitment Fee: |  |  |
| Freshrate Participate Fee: |  |  |
| OHFA Commitment Fee: |  |  |
| Other Misc. Closing Costs: |  |  |
| Hazard Insurance First Year Premium: |  |  |
| Hazard Insurance Escrow: months @ |  |  |
| Mortgage Insurance Escrow: months @ |  |  |
| Flood Insurance Escrow: months @ |  |  |
| Tax Escrow: City Taxes: months @ |  |  |
| County Taxes: months @ |  |  |
| Assessments: months @ |  |  |
| Escrow Adjustment: |  |  |
| Curtailment Amount: |  |  |
| Application Deposit Fee Credit: |  |  |
| First Draw: |  |  |
| Lender Credit: |  |  |
| Completion Escrow to: |  |  |
| Construction L.I.P. Amount: | $545,650.00 |  |

*(handwritten)* Survey fee $150.00

✦ Contact Lender immediately if for any reason you cannot comply with these instructions or if you reschedule the closing date. As a closing agent you are liable for any loss resulting from your failure to follow these instructions.

✦ These instructions cannot be altered verbally. All alterations or amendments must be in writing and faxed, as necessary, with a confirmation of receipt.

✦ Any Lender approved changes to documents must be initiated by all signatories.

✦ All conditions required at closing must be faxed to Lender for review prior to Funding

✦ Borrowers must sign all loan documents exactly as their names are typed on documents, even if this is not their usual signatures. Please pay special attention to middle initials and middle names, Junior and Senior, trustee and co-trustee, and power of attorney. Do NOT add any additional parties to the Note.

✦ You are required to establish the identity of all parties executing closing documents. A witness jurat is not an acceptable means of identification

✦ A closing fee of $400.00 has been charged. Please notify Lender if this fee is different and/or changes.

Escrows: ☐ Requested   ☒ Required
         ☒ Taxes       ☒ Insurance
         ☐ PMI MIP     ☐ Flood

Account # 7911204993


THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY

SEP 2 7 2006

 Fifth Third Mortgage

# FUNDING NOTIFICATION

Fifth Third Mortgage Company funded the transaction by means of:

Wire Transfer:

Advice of Credit:    X

Official Check:

ACCOUNT NAME:      Continental Title

FAX:      (248) 203-2968

ACCOUNT NUMBER:      7911204993
(if advice of credit)

BANK NAME-ABA NUMBER
ACCOUNT NUMBER
(if wire transfer)

CHECK NUMBER:

RE: NAME:      Stephanie P Glover

LOAN NUMBER:      401216171

AMOUNT FUNDED:      $1,711,143.55

DATE FUNDED:      August 30, 2005

**Fifth Third Mortgage**

Date:   /26/2005
Closin_, Contact: Robin Vandenberg
Phone:   (248) 603-0435
Fax:   (248) 603-0681

To:   Continental Title
      39520 Woodward Avenue
      Bloomfield Hills, MI 48304

Phone: (248) 203-7804
Fax:   (248) 203-2968

Borrowers: Floyd Anderson III (Married)

**Return Closing Documents to:**

Fifth Third Mortgage - MI, LLC
1000 Town Center, STE 1600
Southfield, MI 48075

Affiliate #:   51
Loan Number:   400824272
FHA/VA Case Number:
Mortgage Amount:   $2,660,000.00
Sales Price:   $3,800,000.00
Property Type:   1 Unit, Single Family, Conv
Loan Type:   ARM
Loan Purpose:
Loan Term:   360 months
Principal & Interest Payment:   $16,813.01
Mortgage Insurance Co.:
First Payment Due Date:   07/01/06
Construction Term:   12 months
Interest Rate:   6.500%

Property Address:   4000 Overlea Ct
                    Bloomfield, MI 48302

Closing Date:   May 27, 2005
Funds Disbursement Date: May 27, 2005
Lock Expiration Date:   June 22, 2005

Disbursement: Loan proceeds will be net funded for all Lender
applicable fees, per diem interest and impound (escrow) reserves.

Net Funding Amount:   $1,253,403.55

Funds Due from Title Co.:

| | Borrower | Seller |
|---|---|---|
| Loan Origination (0.000%): | | |
| Origination Fee: | | |
| Loan Discount (0.000%): | | |
| Bond Fee: | | |
| Appraisal to: C. J. Appraisals, Ltd. | $3,500.00 | |
| Second Appraisal Fee: | | |
| Credit Report to: CSC | $10.45 | |
| Flood Cert to: Southwest Financial | | |
| Tax Service to: First American, Inc. | $72.00 | |
| Processing Fee to: Fifth Third Mortgage - | | |
| Automated U/W to: | | |
| Underwriting Fee: | | |
| Extension Rate Lock Fee/Rate Break Fee: | | |
| Float Lock Fee: | | |
| Inspection(s) Fee/Construction Draw: | $800.00 | |
| Construction Loan Fee: | $750.00 | |
| Buydown Funds: | | |
| Interest from   to   @ | | |
| Upfront MIP/VA Funding Fee: | | |
| Final Inspection Fee: | | |
| Commitment Fee: | | |
| Redraw Fee: | | |
| GRH Commitment Fee: | | |
| Freshrate Participate Fee: | | |
| OHFA Commitment Fee: | | |
| Other Misc. Closing Costs: | | |
| Hazard Insurance First Year Premium: | | |
| Hazard Insurance Escrow: months @ | | |
| Mortgage Insurance Escrow: months @ | | |
| Flood Insurance Escrow: months @ | | |
| Tax Escrow: City Taxes: months @ | | |
|       County Taxes: months @ | | |
|       Assessments: months @ | | |
| Escrow Adjustment: | | |
| Curtailment Amount: | | |
| Application Deposit Fee Credit: | | |
| First Draw: | | |
| Lender Credit: | | |
| Completion Escrow to: | | |
| Construction L.I.P. Amount: | $1,401,260.00 | |

◆ Contact Lender immediately if for any reason you
cannot comply with these instructions or if you
reschedule the closing date. As a closing agent
you are liable for any loss resulting from your
failure to follow these instructions.
◆ These instructions cannot be altered verbally. All
alterations or amendments must be in writing and
faxed, as necessary, with a confirmation of
receipt.
◆ Any Lender approved changes to documents must
be initialed by all signatories.
◆ All conditions required at closing must be faxed
to Lender for review prior to Funding.
◆ Borrowers must sign all loan documents exactly
as their names are typed on documents, even if
this is not their usual signatures. Please pay
special attention to middle initials and middle
names, Junior and Senior, trustee and co-trustee,
and power of attorney. Do NOT add any
additional parties to the Note.
◆ You are required to establish the identity of all
parties executing closing documents. A witness
jurat is not an acceptable means of identification.
◆ A closing fee of $400.00 has been charged.
Please notify Lender if this fee is different and/or
changes.

Escrows: ☐ Requested   ☐ Required
         ☐ Taxes       ☐ Insurance
         ☐ PMI/MIP     ☐ Flood

Account # 791 1204993

THIS DOCUMENT IS SUBJECT TO A
PROTECTIVE ORDER ENTERED ON

SEP 2 7 2006

See Page 2 for Additional Fee Information.

 **Fifth Third Mortgage**

# FUNDING NOTIFICATION

Fifth Third Mortgage Company funded the transaction by means of:

Wire Transfer:

Advice of Credit:   X

Official Check:

ACCOUNT NAME:             Continental Title

FAX:                      (248) 203-2968

ACCOUNT NUMBER:           7911204993
(if advice of credit)

BANK NAME-ABA NUMBER
ACCOUNT NUMBER
(if wire transfer)

CHECK NUMBER:

RE: NAME:                 Chanzira Maples

LOAN NUMBER:              401463518

AMOUNT FUNDED:            $1,385,959.00

DATE FUNDED:              October 18, 2005

1

10/21/2005   15:51   2486038b8r          FIFTH THIRD EAST ʌI          PAGE 03/07

**Fifth Third Mortgage**

Date: 10/21/2005
Closing Contact: Robin Vandenberg
Phone:   (248) 603-0435
Fax:     (248) 603-0681

To:   Continental Title
      39520 Woodward Avenue
      Bloomfield Hills, MI 48304

Phone:  (248) 203-7804
Fax:    (248) 203-2968

Borrowers: Scott P Lucia (Married)

Return Closing Documents to:
Fifth Third Mortgage - MI, LLC
1000 Town Center, STE 1600
Southfield, MI 48075



Property Address:   Lone Pine Ct
                    Bloomfield Hills, MI 48304

Closing Date:                October 21, 2005
Funds Disbursement Date:     October 21, 2005
Lock Expiration Date:        November 10, 2005

Disbursement: Loan proceeds will be net funded for all Lender
applicable fees, per diem interest and impound (escrow) reserves.

Net Funding Amount:     $1,824,156.05

Funds Due from Title Co.:

| | Borrower | Seller |
|---|---|---|
| Loan Origination (1.000%): | $15,700.00 | |
| Origination Fee: | | |
| Loan Discount | $4,462.50 | |
| Bond Fee: | | |
| Appraisal to:  The Appraisal Place, Inc. | $1,500.00 | |
| Second Appraisal Fee: | $2,500.00 | |
| Credit Report to: CBC | $18.45 | |
| Flood Cert to: Southwest | $4.00 | |
| Tax Service to: Citizen's Mutual | $72.00 | |
| Processing Fee to: Fifth Third Mortgage | | |
| Automated U/W to: | | |
| Underwriting Fee: | | |
| Extension Rate Lock Fee/Rate Break Fee: | | |
| Float Lock Fee: | | |
| Inspection Fee/Construction Draw: | $900.00 | |
| Construction Loan Fee: | $750.00 | |
| Buydown Funds: | | |
| Interest from  to  @ | | |
| Upfront MIP/VA Funding Fee: | | |
| Final Inspection Fee: | | |
| Commitment Fee: | | |
| Redraw Fee: | | |
| GRH Commitment Fee: | | |
| Freshrate Participate Fee: | | |
| OHFA Commitment Fee: | | |
| OHFA Registration Fee: | | |
| Other Misc. Closing Costs: | | |
| Hazard Insurance First Year Premium: | | |
| Hazard Insurance Escrow: months @ | | |
| Mortgage Insurance Escrow:  months @ | | |
| Flood Insurance Escrow:  months @ | | |
| Tax Escrow: City Taxes:  months @ | | |
|   County Taxes:  months @ | | |
|   Assessments:  months @ | | |
| Escrow Adjustment: | | |
| Curtailment Amount: | | |
| Application/Deposit Fee Credit: | | |
| First Draw: | | |
| Lender Credit: | | |
| Completion Escrow to: | | |
| Construction L.T.P. Amount: | $10,786,520.00 | |

◆ Contact Lender immediately if for any reason you
  cannot comply with these instructions or if you
  reschedule the closing date.  As a closing agent
  you are liable for any loss resulting from your
  failure to follow these instructions.
◆ These instructions cannot be altered verbally.  All
  alterations or amendments must be in writing and
  faxed, as necessary, with a confirmation of
  receipt.
◆ Any Lender approved changes to documents must
  be initialed by all signatories.
◆ All conditions required at closing must be faxed
  to Lender for review prior to Funding.
◆ Borrowers must sign all loan documents exactly
  as their names are typed on documents, even if
  this is not their usual signature.  Please pay
  special attention to middle initials and middle
  names, Junior and Senior, trustee and co-trustee,
  and power of attorney.  Do NOT add any
  additional parties to the Note.
◆ You are required to establish the identity of all
  parties executing closing documents.  A witness
  just is not an acceptable means of identification.
  A closing fee of $400.00  has been charged.
◆ Please notify Lender if this fee is different and/or
  changes.

| Escrows: | | |
|---|---|---|
| ☒ Requested | ☐ Required | |
| ☒ Taxes | ☒ Insurance | |
| ☒ PMI/MIP | ☒ Flood | |

Account #  7911204993

3

DEFENSE
EXHIBIT  [JH000310]

# MUTUAL RELEASE AND SETTLEMENT AGREEMENT

THIS MUTUAL RELEASE AND SETTLEMENT AGREEMENT ("Agreement") is made this ___Fifth___ day of June, 2007, by and between the following parties:

TYRONE A. HOGAN and ROCKRIDGE HOLDINGS, INC., of 4940 Elmgate, Orchard Lake, Michigan 48324 (hereinafter collectively referred to as "Hogan"); and

FIFTH THIRD MORTGAGE-MI, LLC, a Delaware limited liability company, FIFTH THIRD MORTGAGE COMPANY, an Ohio corporation, and FIFTH THIRD BANK, a Michigan banking corporation (all collectively referred to herein as "Fifth Third"), with an address c/o Marc D. Brandt, Esq., Fifth Third Bank, Legal Department, ML 10AT76, 38 Fountain Square, Cincinnati, Ohio 45202.

WHEREAS, Fifth Third commenced suit against Hogan, among others, on or about November 16, 2005, which suit is presently pending in the Oakland County Circuit Court and designated as Case No. 2005-070592-CZ (the "Civil Action"). In the Civil Action, Fifth Third has alleged claims against Hogan in connection with certain mortgages obtained on properties known as Lot 88 Brookside Lane, Birmingham, Michigan, and 3320 Franklin, Bloomfield Hills, Michigan ("Mortgage Loans"); and

WHEREAS, it is the mutual desire and intention of the parties to this Agreement to settle and release any and all claims between them in connection with the Civil Action or the Mortgage Loans, upon the terms and conditions set forth herein.

NOW, THEREFORE, with the foregoing recitals being deemed an essential and integral part of this Agreement, in consideration of the mutual covenants hereinafter contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged and confessed, the Parties, intending to be legally bound hereby, agree as follows:

1.     Hogan shall pay to Fifth Third the sum of Two Million Two Hundred Thousand Dollars ($2,200,000) as follows:

a.     On or before June 30, 2007, the sum of Four Hundred Thousand Dollars ($400,000). Upon payment of said amount, Fifth Third shall discharge its mortgage on the property known as Lot 88 Brookside Lane, Birmingham, Michigan;

b.     On or before June 30, 2007, the sum of One Million Two Hundred Thousand Dollars ($1,200,000). Upon payment of said amount, Fifth Third shall discharge its mortgage on the property known as 3320 Franklin, Bloomfield Hills, Michigan;

c.     The sum of $100,000 on or before July 1, 2007;



THIS DOCUMENT IS SUBJECT TO A
PROTECTIVE ORDER ENTERED ON

SEP 2 7 2006



DEFENDANT'S
EXHIBIT
5

    d.  The sum of $150,000 on or before August 1, 2007;

    e.  The sum of $150,000 on or before September 1, 2007;

    f.  The sum of $150,000 on or before October 1, 2007; and

    g.  The sum of $50,000 on or before November 1, 2007.

All of the above payment must be paid to Fifth Third by cashier's check or other immediately available funds, payable to Fifth Third Bank, and shall be paid on or before its respective due date in care of Fifth Third's counsel, O'Reilly Rancilio P.C., 12900 Hall Road, Suite 350, Sterling Heights, Michigan 48313-1151.

Upon payment in full of the aforesaid $2,200,000, the parties shall execute and file a stipulated order of dismissal with prejudice and without costs of the Civil Action with respect to Tyrone A. Hogan and Rockridge Holdings, Inc., only. It is further understood and agreed that the payments by Hogan are in full accord and satisfaction of disputed claims and the payment and this Agreement are not to be construed as an admission of liability on the part of any party, and liability is hereby expressly denied on the part of the persons, firms, entities and corporations hereby released

## 2.  Consent Judgment and Default Provisions

If a default in payment by Hogan of any installment payment set forth above shall occur, Fifth Third, by its counsel, shall give written notice by regular mail of said default to Hogan's counsel, Frank J. Palazzolo, at 33830 Harper Avenue, Clinton Twp., MI 48035, and Hogan shall be entitled to a ten (10) day opportunity to cure the default, same to be calculated from the date of mailing of the default notice letter. If the default is not cured by the end of the grace/default-notice cure period, Fifth Third shall be entitled to file and enter the escrowed Consent Judgment referenced below in the Civil Action, with the supporting Affidavit of Fifth Third's counsel with respect to the amount then due after crediting all payments made pursuant to this Settlement Agreement, together with any interest and costs, after application of all payments previously paid by Hogan and without further notice to Hogan or Hogan's counsel. In such event, Fifth Third shall be entitled to recover from Hogan, in addition to the principal sum then owing, interest and costs, reasonable attorney fees incurred to give the notices required under this Agreement, prepare, file and enter the Consent Judgment, and to collect all the monies owed under the Consent Judgment.

Upon execution of this Agreement, Hogan and his counsel shall execute and deliver to Fifth Third a Consent Judgment in the form attached to this Agreement, in the principal amount of $2,200,000.00. Such Consent Judgment shall be held in escrow by Fifth Third and its counsel and shall be returned to Hogan upon payment in full by him of all installment payments set forth above. In the event of default in payment of any installment by Hogan, the Consent Judgment, following Hogan's failure to cure his default in payment(s), can be filed and entered by Fifth

I 5

2

THIS DOCUMENT IS SUBJECT TO A
PROTECTIVE ORDER ENTERED ON

SEP 2 7 2006

Fifth Third/Hance
FTB18843

Third in the Civil Action, without further notice to Hogan or Hogan's counsel. Hogan agrees that the Consent Judgment is and shall be predicated upon the allegations and causes of action for fraud set forth against Hogan in the Civil Action, and further agrees, and the Consent Judgment sets forth, that the Consent Judgment shall be non-dischargeable in any bankruptcy filed by Hogan.

### 3. Mutual Release

Upon execution and delivery of this Agreement signed by all parties, and completion of timely payment in full by Hogan to Fifth Third of all of the payments set forth in Paragraph 1 above, and in consideration of the mutual release hereby given by each party to all other parties, each party does by these presents hereby release and forever remise, acquit and discharge, for themselves, and their successors and assigns, each other party to this Agreement and all of their agents, attorneys, officers, employees, representatives, successors and assigns, from any and all liability, claims, obligations, causes of action, damages, losses, costs, expenses, contributions, judgments, demands and rights whatsoever, in law or in equity, known and unknown, now existing or directly or indirectly accruing prior to the date of this Agreement and arising out of the Mortgage Loans referenced in the Civil Action. It is further understood and agreed that these mutual releases are in full accord and satisfaction of disputed claims and this Agreement and are not to be construed as an admission of liability on the part of any party, and liability is hereby expressly denied on the part of the persons, firms, entities and corporations hereby released. This Release does include and encompass any and all claims by any party against any other party for interest, service charges, costs, including attorneys' fees, or other expenses or claims in connection with the Civil Action or this Agreement. Hogan acknowledges that Fifth Third alleges to have claims against Hogan and others in connection with other mortgage loans which are apart from, and not included in, the Civil Action and any such separate claims, if any, are not released by this Agreement.

### 4. Governing Law

This Agreement shall in all be governed, construed and interpreted in all respects, whether as to validity, construction, capacity, performance, breach or otherwise under, by and in accordance with the laws of the State of Michigan.

### 5. Voluntary Consent

The Parties hereby acknowledge and represent that they have read this Agreement in full and that they understand and voluntarily consent and agree to each and every provision contained herein after consultation with legal counsel. Hogan further represents that he has identified Frank J. Palazzolo, as his legal counsel representing him for all purposes in the Civil Action and execution of this Agreement.

### 6. Integration and Entire Agreement

The Parties hereby mutually declare and agree that they fully understand the terms of this settlement and Agreement, that the terms and conditions stated herein are the sole consideration

| 5

3

THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ENTERED ON

SEP 2 7 2006

Fifth Third/Hance
FTB18844

for this Agreement, and that they have voluntarily agreed and have accepted this Agreement for the purpose of making a full and final compromise and settlement of any and all claims of any party against any other party based upon transactions or events occurring through the date of execution of this Agreement. This Agreement constitutes and states the entire, full and final agreement of the Parties and supersedes and forever terminates all prior and contemporaneous oral or written representations, promises, commitments, writings, agreements, understandings and negotiations of the Parties regarding the subject matter hereof. No parol evidence or prior or contemporaneous agreements, understandings or negotiations shall govern or be used to construe or modify this Agreement.

## 7. No Third Party Beneficiary

Nothing expressed or implied in this Agreement is intended, or shall be construed, to confer upon or give any person or entity other than the Parties hereto and their respective estates, heirs, successors, or assigns, any rights or remedies under or by reason of this Agreement.

## 8. Successors Bound by Agreement

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective agents, attorneys, officers, employees, representatives, successors and assigns. The Parties agree for themselves, and their successors and assigns to do all acts necessary to carry out the intents and purposes of this Agreement.

## 9. Amendment of Agreement

No changes, amendments, supplements, or modifications of this Agreement shall be valid unless the same be in writing and signed by all Parties hereto.

## 10. Interpretation of Agreement

Where appropriate in this Agreement, words used in the singular shall include the plural, and words used in the masculine shall include the feminine and neuter. All headings which are used in this Agreement are for the convenience of the reader only and shall not be used to limit or construe any of the provisions hereof.

## 11. Counterparts

This Agreement may be executed by the Parties in one or more counterparts, each of which shall be an original and all of which, when taken together, shall constitute one and the same Agreement.

IN WITNESS WHEREOF, the undersigned have executed this Agreement effective on the day and year first above written.

[THIS SPACE INTENTIONALLY LEFT BLANK]

4

THIS DOCUMENT IS SUBJECT TO A
PROTECTIVE ORDER ENTERED ON

SEP 2 7 2006

Fifth Third/Hance
FTB18845

TYRONE A. HOGAN, individually and as
President of Rockridge Holdings, Inc.


FIFTH THIRD MORTGAGE-MI, LLC, a Delaware
limited liability company

By: _Therese Paul_

Its: _Vice President_


FIFTH THIRD MORTGAGE COMPANY, an Ohio
corporation

By: _Therese Paul_

Its: _Vice President_


FIFTH THIRD BANK, a Michigan banking
corporation

By: _____

Its: _V.P._


THIS DOCUMENT IS SUBJECT TO A
PROTECTIVE ORDER ENTERED ON

SEP 2 7 2006

5

Fifth Third/Hance
FTB18846

JOHN A. NITZ
CHARLES E. TURNBULL
LAWRENCE M. SCOTT
CRAIG S. SCHOENHERR, SR.
G. TIMOTHY MOORE
CLARK A. ANDREWS
ROBERT C. DAVIS
MATTHEW K. CASEY
SUSAN A. RANCILIO
BRUCE H. HOFFMAN
JEFFREY A. BAHORSKI
FRANK E. HENKE
DAVID W. MACDONALD
DAVID C. C. EBERHARD
ROSEMARY V. DAVIS
DONALD P. DeNAULT, JR.
WILLIAM N. LISTMAN
JOHN D. BARTLEY
RALPH COLASUONNO
KURT A. STEINKE
MARC D. KASZUBSKI
TRACY L. FRINK
CHERYL D. COOK
JAMES J. SARCONI

# O'REILLY RANCILIO P.C.
## ATTORNEYS AT LAW

KENNETH L. RANCILIO
1939 - 1998

PAUL J. O'REILLY
1940 - 2003

OF COUNSEL
GARY J. COLLINS
DAVID A. WIDLAK
LAWRENCE J. NAHAS

November 23, 2005

**RECEIVED BY**

**DEC 0 5 2005**

**HOME OFFICE CLAIMS**

DIRECT DIAL: (588) 997-6456
E-MAIL: cturnbull@orlaw.com

**Certified Mail, Return
Receipt Requested**

Federal Insurance Company
c/o CHUBB Group of Insurance Companies
Capital Center, 251 North Illinois, Suite 1100
Indianapolis, IN 46204-1927

RE:   Fifth Third Bancorp and Subsidiaries
      Bond Number: 81598950 (DFI) Issued to Fifth Third Bancorp

### NOTICE OF CLAIM

Dear Sir or Madam:

Please accept this letter as a notice of claim by and on behalf of Fifth Third Bancorp under the above referenced Financial Institution Bond, and/or any other applicable bonds or insurance policies, for an employee theft claim arising out of the conduct of Robert Hance. In addition, other employees of Fifth Third Bancorp are being investigated for possible involvement in activities giving rise to this claim.

Mr. Hance is believed to have engaged in acts of dishonesty, and/or other conduct for which insurance coverage exists under the Bond, involving fraudulent mortgage loan transactions including fraudulent documents, "straw purchasers" and disbursements to improper individuals and entities. Fifth Third Bancorp first discovered suspicious activity which might give rise to a loss on mortgage loan files reviewed by a Bank protection officer on November 8, 2005.

After this review was conducted, Mr. Hance was interviewed by Bank protection personnel on November 9, 2005 and admitted having received improper payments in the form of "kickbacks" for facilitating mortgage loans in connection with mortgage transactions.

The Bank's initial investigation has revealed twelve (12) loans which follow a similar pattern of apparent straw purchasers and fraudulent documents. The processing of the earliest of these loans appears to have commenced in March of 2005. The Bank has advanced approximately $20,000,000.00 in the aggregate on these loans. At this time, the Bank is not certain of the nature or value of the collateral for these loans.

PENGAD-Bayonne, N.J.

**DEFENDANT'S
EXHIBIT**

Federal Insurance Company
November 23, 2005
Page 2

The subject loans were originated by Fifth Third Bank's mortgage subsidiary, Fifth Third Mortgage-MI, LLC located in Birmingham, Michigan. Our firm has been retained by the Bank to aid in the investigation of the loans and to initiate civil proceedings for the recovery of funds.

On November 16, 2005, we filed a complaint in the Oakland County Circuit Court for the State of Michigan against Mr. Hance and other parties involved in one of the fraudulent mortgage loans, on behalf of the Bank's mortgage subsidiary, in order to obtain a Temporary Restraining Order freezing accounts at Comerica Bank which are under the control of Robert Hance and which appear to contain funds deposited in Comerica Bank from the fraudulent mortgage loan transaction which is the subject of the Complaint. We have been informed by Comerica Bank that the amount frozen in the accounts is approximately $125,000.00. A hearing with respect to the continuation of the Temporary Restraining Order has been scheduled for December 7, 2005. A copy of the Complaint and Temporary Restraining Order will be forwarded to you upon request.

Please provide written acknowledgement of receipt of this Notice of Claim and forward all items necessary for Fifth Third Bancorp to furnish Federal Insurance Company a proof of loss for this claim.

Fifth Third Bancorp further requests that Federal Insurance Company agree to reimburse Fifth Third Bank for the legal expenses incurred in pursuing this recovery.

Because of the time sensitive nature of the matters stated above, Fifth Third Bancorp requests an immediate response to this Notice of Claim.

Very truly yours,

Charles E. Turnbull

CET/mg

cc:  Mr. Marc D. Brandt, Fifth Third Bank (via electronic mail)
     W. Wilson Stewart, Vice President and Director of Insurance Risk Management
     (via electronic email)

CHB
5



JOHN A. NITZ
CHARLES E. TURNBULL
LAWRENCE M. SCOTT
CRAIG S. SCHOENHERR, SR.
G. TIMOTHY MOORE
CLARK A. ANDREWS
ROBERT C. DAVIS
MATTHEW K. CASEY
BRUCE H. HOFFMAN
JEFFREY A. BAHORSKI
FRANK E. HENKE
DAVID W. MACDONALD
DAVID C. C. EBERHARD
DONALD P. DeNAULT, JR.
WILLIAM N. LISTMAN
JOHN D. BARTLEY
RALPH COLASUONNO
KURT A. STEINKE
MARC D. KASZUBSKI
TRACY L. FRINK
CHERYL D. COOK
JAMES J. SARCONI
MICHELLE M. LUNDQUIST
DAVID S. MAQUERA

# O'REILLY RANCILIO P.C.
### ATTORNEYS AT LAW

KENNETH L. RANCILIO
1939 - 1998

PAUL J. O'REILLY
1940 - 2003

OF COUNSEL
GARY J. COLLINS
DAVID A. WIDLAK
LAWRENCE J. NAHAS

DIRECT DIAL: (586) 997-8466
E-MAIL: cturnbull@orlaw.com

June 1, 2006

**VIA E-MAIL AND**
**FIRST CLASS MAIL**
David D. Pardini, Esq.
Chubb Group of Insurance Companies
Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222-3008

Re:   Proof of Loss with Hance and Reed
      Fifth Third Mortgage-MI, LLC v Robert M. Hance, *et al*
      Oakland County Circuit Court Case No. 05-070592-CZ

Dear Mr. Pardini:

As I discussed with you, Fifth Third Bank has received an additional recovery since the filing of the Proof of Loss in the form of a payoff on the mortgage loan to Anthony Sleiman for the property at 609 Yarboro Drive in the amount of $982,345.90. I have updated the recovery schedule contained in the Proof of Loss and attached a copy to this letter.

On May 24, 2006, we filed the First Amended Complaint in the above action. I have attached a copy of the First Amended Complaint. A copy of the initial draft of this Complaint was contained in the Proof of Loss submission.

As we also discussed, the Bank has recently obtained information indicating that Robert Hance, along with Facilitating Party Tyrone Hogan, was involved in the origination of a fraudulent home equity loan dated July 25, 2005, the entire balance of which appears to be a loss. Copies of the relevant documents evidencing the loss will be forwarded to you under separate cover in order to supplement the Proof of Loss previously filed. We will be conducting discovery in the above lawsuit to obtain additional information with respect to this transaction.

We also discussed setting a meeting date at my office sometime during the month of June after the accountant retained by Chubb had an opportunity to review the Proof of

Sterling Town Center • 12900 Hall Road, Suite 350 • Sterling Heights, MI 48313
(586) 726-1000 • FAX (586) 726-1560 • www.orlaw.com

David D. Pardini
June 1, 2006
Page 2

Loss. Please let me know when such a meeting can be scheduled. Thank you for your
cooperation.

Very truly yours,

Charles E. Turnbull / lm

Charles E. Turnbull

CET/lm
Enclosure
cc/enc:  Marc D. Brandt, Esq. (via e-mail only)
        James D. Rechel (via e-mail only)
        Darrin Morgan (via e-mail only)

CHB
16



JOHN A. NITZ
CHARLES E. TURNBULL
LAWRENCE M. SCOTT
CRAIG S. SCHOENHERR, SR.
G. TIMOTHY MOORE
CLARK A. ANDREWS
ROBERT C. DAVIS
MATTHEW K. CASEY
BRUCE H. HOFFMAN
JEFFREY A. BAHORSKI
FRANK E. HENKE
DAVID W. MACDONALD
DAVID C. C. EBERHARD
DONALD P. DeNAULT, JR.
WILLIAM N. LISTMAN
JOHN D. BARTLEY
RALPH COLASUONNO
KURT A. STEINKE
MARC D. KASZUBSKI
TRACY L. FRINK
CHERYL D. COOK
JAMES J. SARCONI
MICHELLE M. LUNDQUIST
DAVID S. MAQUERA

# O'REILLY RANCILIO P.C.
### ATTORNEYS AT LAW

KENNETH L. RANCILIO
1939 - 1998

PAUL J. O'REILLY
1940 - 2003

OF COUNSEL
GARY J. COLLINS
DAVID A. WIDLAK
LAWRENCE J. NAHAS

DIRECT DIAL: (586) 997-6466
E-MAIL: cturnbull@orlaw.com

August 21, 2006

**VIA E-MAIL AND U.P.S.**
David D. Pardini, Esq.
Chubb Group of Insurance Companies
Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222-3008

   Re: Insured:    Fifth Third Bancorp
      Bond No.   8159-89-50/012
      Claim:    Robert Hance and Anthony Reed
      Controlling Company: Federal Insurance Company

Dear Mr. Pardini:

I have attached for your information, a copy of the Second Amended Complaint which was filed in the Hance lawsuit in Oakland County Circuit Court on August 9, 2006. As the exhibits are voluminous, I am forwarding a copy of the Second Amended Complaint with the exhibits via overnight mail rather than as an attachment to this letter. Answers to this Second Amended Complaint from the newly added defendants, or defendants against whom additional counts have been added, are due by August 30, 2006.

We are in the process of scheduling depositions with various defendants' counsel based upon court orders and stipulations entered into in this matter to date. Depositions of 16 current and former Fifth Third Bank and mortgage company employees are being scheduled to commence immediately after the Labor Day holiday. Other discovery, including numerous additional depositions, will be conducted in September and will intensify over the next few weeks.

In our last meeting, you indicated that Chubb, with its co-insurers, intended to propose a settlement of the insurance claim rather than paying the claim and taking over the litigation in this matter under its subrogation rights. Fifth Third is in agreement with this approach; however, it is imperative that a settlement be reached in the immediate future and finalized no later than September 1, 2006, so that our firm and Bank representatives can focus our efforts and resources on the litigation which will be intensifying over the next several weeks.

CHB
44

David D. Pardini
August 21, 2006
Page 2

It is my understanding you will be discussing this matter with co-insurer representatives either today or tomorrow. Please contact me with the results of your discussions as soon as possible.

Very truly yours,

Charles E. Turnbull

Enclosure
cc:    Fifth Third Bank (w/out enclosure and via e-mail)

CHB
45

JOHN A. NITZ
CHARLES E. TURNBULL
LAWRENCE M. SCOTT
CRAIG S. SCHOENHERR, SR.
G. TIMOTHY MOORE
CLARK A. ANDREWS
MATTHEW K. CASEY
JEFFREY A. BAHORSKI
BRUCE H. HOFFMAN
FRANK E. HENKE
DAVID W. MACDONALD
DAVID C. C. EBERHARD
DONALD P. DeNAULT, JR.
JOHN D. BARTLEY
RALPH COLASUONNO
KURT A. STEINKE
MARC D. KASZUBSKI
TRACY L. FRINK
CHERYL D. COOK  .
JAMES J. SARCONI
MICHELLE M. LUNDQUIST
DAVID S. MAQUERA

# O'REILLY RANCILIO P.C.
### ATTORNEYS AT LAW

KENNETH L. RANCILIO
1939 - 1998

PAUL J. O'REILLY
1940 - 2003

OF COUNSEL
GARY J. COLLINS
DAVID A. WIDLAK
LAWRENCE J. NAHAS

DIRECT DIAL: (586) 997-6466
E-MAIL: cturnbull@orlaw.com

September 6, 2006

**VIA E-MAIL**
David D. Pardini, Esq.
Chubb Group of Insurance Companies
Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222-3008

Re:  Insured:                      Fifth Third Bancorp
     Bond No. .                    8159-89-50/012
     Claim:                        Robert Hance and Anthony Reed
     Controlling Company:          Federal Insurance Company

Dear Mr. Pardini:

I have attached a revised and redlined copy of the Partial Release and Assignment which
you forwarded to me on August 31, 2006. The redlined copy contains some language
changes which I am suggesting. In addition, as we discussed on Friday, the method
used in determining the loss is not accurate.

The Bank is extremely disappointed that Chubb has failed to honor the Bank's claim
with respect to the Gillum and Newble loans and it is not clear to me why the additional
information requested, especially for the Gillum loan, should be necessary for Chubb to
honor this claim. We are in the process of compiling the additional requested
information for these loans and will forward to you shortly. In the meantime, however,
we need to address issues with the proposed assignment.

In prior correspondence to you, I have cited law which provides that the loss occurring
in connection with a fraudulent loan is the amount lent to borrower at the time of
disbursement and that amounts received by the Bank thereafter are recoveries. Your
draft of Partial Release and Assignment has netted out recoveries in determining the
amount of loss. The result is that the attorney fees and other expenses incurred in
obtaining the recoveries have not been deducted by Chubb in determining the amount of
the Bank's claim. Further, I have great concern with your comment to me in our phone
discussion Friday that you may question our firm's fees as expenses of recoveries given
that the recoveries resulted in "payoffs" on four of the mortgages.

It was my understanding that the attorney fee issue was put on hold solely to address the
issue of privilege as to the detailed information contained in our statements. At this
point, because it appears Chubb will be taking an assignment of the Bank's claims in

CHB
57

David D. Pardini, Esq.
September 6, 2006
Page 2

connection with these 10 loans, I would agree that the privilege issue may be resolved
and I will forward to you our statements so the fees may be deducted as expenses
against recoveries in determining the amount to be paid under the assignment.

I am also forwarding to you, by separate e-mail, copies of the document production
which commenced today consisting of the 60 binders containing over 17,000 pages of
materials requested by the defendants' counsel as well as recent motions which have
been filed and the deposition schedule of Bank employees which commence next
Tuesday, September 12.  Please advise me as soon as possible whether someone from
Chubb plans on attending these depositions or the document production or any of the
pending hearings.

We also need to determine whether Chubb intends to substitute in as plaintiff on this
lawsuit and the Partial Release and Assignment needs to address the allocation of fees
and expenses on an ongoing basis between the loans being assigned to Chubb and the
Gillum loan on which Chubb has refused to pay the Bank's claimed loss.

In this regard, we are working with the Bank's fraud investigation staff to provide you
with the additional requested information on the Gillum and Newble loans; however, we
will need to move forward with the litigation and assignment issues while this
information is being prepared.

Please contact me after reviewing the foregoing.

Very truly yours,

*Charles E. Turnbull /lm*

Charles E. Turnbull

CET/lm
Enclosure
cc/enc: Fifth Third Bank

David D Pardini /ChubbMail
11/21/2006 04:59 PM

To  cturnbull@orlaw.com

cc  anton.kidd@equijust.com, bill.parry@equijust.com,
carl.pearse@firstcity.com, "Leonard, Charles"
<Charles.Leonard@AIG.com>,
doug.annakin@hubinternational.com,
jeanna.king@firstcity.com, loleary@stpaultravelers.com,
"Wolin, Mark" <Mark.Wolin@AIG.com>,
mmaillet@chubb.com, paul.betts@firstcity.com

bcc

Subject  Fifth Third 8159-89-50 / 012 Hance - Reed

Chuck,

Pursuant to our discussions today, attached below is the revised Final Mutual Release. Thank you for
your attention to this matter and please contact me with any further concerns.

David D. Pardini
Fidelity Claims Attorney
Chubb Group of Insurance Companies
Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222-3008
(412) 456-8056 direct
(412) 456-8009 fax



DDP25OR #Fifth Third 8159-89-50#12 REVISED.doc

THIS DOCUMENT IS SUBJECT TO A
PROTECTIVE ORDER ENTERED IN

FEB 1 9 2008

TP – CHUBB DOCUMENTS
PER 2/19/08 ORDER 0079

David D Pardini /ChubbMail
11/06/2006 05:12 PM

To  cturnbull@orlaw.com

    AndySvi@aol.com, anton.kidd@equijust.com,
    asvinicki@paacpas.com, bill.parry@equijust.com,
    carl.pearse@firstcity.com, "Leonard, Charles"
    <Charles.Leonard@AIG.com>,

cc  doug.annakin@hubinternational.com, "Dairman, Fred"
    <Fred.Dairman@AIG.com>, jeanna.king@firstcity.com,
    loleary@stpaultravelers.com, marc.brandt@53.com, "Wolin,
    Mark" <Mark.Wolin@AIG.com>, mmaillet@chubb.com,
    paul.betts@firstcity.com

bcc

Subject  Fifth Third 8159-89-50 / 012 Hance - Reed

Mr. Turnbull,

Please accept this email in follow up to and confirmation of our discussions today whereby we agreed to a global settlement of any and all claims for the above referenced matter, inclusive of a waiver of any and all subrogation rights by the insurers, for $4,300,000. We will forward a draft of the Final Release document early next week with the full particulars. On behalf of all the insurers, I thank you and Mr. Brandt for your time, effort and reasonableness in resolving this matter amicably.

Sincerely,

David D. Pardini
Fidelity Claims Attorney
Chubb Group of Insurance Companies
Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222-3008
(412) 456-8056 direct
(412) 456-8009 fax

FEB 1 9 2008

TP – CHUBB DOCUMENTS
PER 2/19/08 ORDER 0072

## FINAL MUTUAL RELEASE

WHEREAS, Federal Insurance Company, St. Paul Mercury Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA., Lloyds Syndicate #1007, Lloyds Syndicate #2488, Lloyds Syndicate #2987, St Paul Mercury, Lexington Ins. Co., and Wurttembergische are the Insurers ("INSURERS") and FIFTH THIRD BANCORP ("FIFTH THIRD") is the Insured on Financial Institution Bond No. 8159-89-50 ("the Bond"), which provides coverage for, among other things, direct losses of money sustained by FIFTH THIRD caused by dishonest acts committed by any FIFTH THIRD employee, acting alone or in collusion with others; and

WHEREAS, the employee dishonesty coverage of the Bond has a limit of liability of $75,000,000 subject to a $5,000,000 deductible; and

WHEREAS, FIFTH THIRD has submitted a Proof of Loss to INSURERS representing that it has sustained a loss resulting directly from dishonest acts committed by ROBERT HANCE and ANTHONY REED (HANCE and REED), in collusion with others, while HANCE and REED were employees of FIFTH THIRD, in connection with a loan fraud scheme including, but not limited to, twelve first mortgage loans to Anthony Sleiman (two loans), Mercedes Turon, Floyd Anderson III, Robert Walston, Roselene Langhorne, Stephanie P. Glover, Michael Bossenberry, Chenzira Maples, Scott Lucia, Terri Gillum and Ira Newble, and two home equity line of credit loans issued to Marcus Lewis and Pamela Walston, made by FIFTH THIRD; and

WHEREAS, INSURERS have conducted an independent investigation into the facts which are the subject of the Proof of Loss described above; and

WHEREAS, INSURERS and FIFTH THIRD have agreed to settle and compromise the claim described above against Bond No. 8159-89-50.

NOW, THEREFORE, in consideration of the payment of $4,300,000 by INSURERS to FIFTH THIRD, and other good and valuable consideration, the sufficiency of which are hereby acknowledged:

1.    FIFTH THIRD, for itself and its successors and assigns, hereby forever releases and discharges INSURERS and their successors and assigns of and from any and all claims, liabilities and causes of action of any nature whatsoever which in any way arise out of or derive from any act or omission of HANCE and REED with respect to the referenced loan fraud scheme including, but not limited to, the identified 12 first mortgage loans and 2 home equity line of credit loans, or which are in any way whatsoever related to the facts which are the subject of the Proof of Loss described above ; and

FEB 1 9 2008

TP – CHUBB DOCUMENTS
PER 2/19/08 ORDER 0080

PAGE TWO OF THREE

    2.    INSURERS, for themselves and their successors and assigns, hereby forever waive and discharge any assignment, transfer or conveyance from FIFTH THIRD of any and all claims, rights and causes of action which FIFTH THIRD has or may have against HANCE and REED and/or any other person or entity which may be liable, in whole or in part, for the loss sustained by FIFTH THIRD as the result of the dishonesty of HANCE and REED; and

    3.    INSURERS, for themselves and their successors and assigns, hereby forever waive and discharge any and all lawful ways and means for the recovery of their payment of $4,300,000 to FIFTH THIRD; and

    4.    FIFTH THIRD and INSURERS hereby agree and acknowledge that this Final Mutual Release may be executed in any number of counterparts, each of which shall constitute an original and all of which taken together shall constitute one and the same instrument. Facsimile signatures shall be binding and reflect the signor's acceptance, however, original signatures may ultimately be exchanged by the parties; and

    5.    INSURERS hereby agree, provided FIFTH THIRD returns its executed counterpart of this Final Mutual Release to INSURERS by November 30, 2006, to pay their respective share as per the Bond's Co-Surety Endorsement of the $4,300,000 to FIFTH THIRD by delivery to FIFTH THIRD'S agents, including counsel O'Reilly Rancilio P.C. and brokers HUB International and FirstCity, on or before December 15, 2006.

    IN WITNESS WHEREOF, FIFTH THIRD and INSURERS have caused this Final Release to be executed this ___4th___ day of ___December___, 2006.

FIFTH THIRD BANCORP

By: _David L. Angle_

Title/date: _Executive Vice President 11/27/06_

FEDERAL INSURANCE COMPANY

By: _David D Post_

Title/date: _Claims Officer 12-4-6_

ST. PAUL MERCURY INSURANCE COMPANY

By: _Lynn Co Day_

Title/date: _Senior Claim Atty_

NOV 29 '06 19:21

FEB 1 9 2008

PAGE.03

TP – CHUBB DOCUMENTS
PER 2/19/08 ORDER 0085

Feb. 6. 2007 11:19am

PAGE THREE OF THREE

AIG DOMESTIC CLAIMS ON BEHALF OF NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA

By: _____

Title/date: _Complex Claims Director_ 12-7-06

LLOYDS SYNDICATE #1007

By: _____

Title/date: _MANAGER F1 CLAIMS_ NVA 807

LLOYDS SYNDICATE #2488

By: _____

Title/date: AH2 _Senior Claims Adjuster_

LLOYDS SYNDICATE #2987

By: _A Hemmings_

Title/date: _Senior Claims Adjuster_

ST. PAUL MERCURY

By: _____

Title/date: _Sr. Claims Atty._

LEXINGTON INS. CO.

By: _____

Title/date: _____

WURTTEMBERGISCHE

By: _M. L. JONES_

Title/date: _CLAIMS EXAMINER._ 7/2/6

NOV 28 '06 19:21

PAGE.04

TP – CHUBB DOCUMENTS
PER 2/19/08 ORDER 0086

FEB 1 9 2008

PAGE THREE OF THREE

AIG DOMESTIC CLAIMS, INC. ON BEHALF OF
NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA

By: _____

Title/date: _____

LLOYDS SYNDICATE #1007

By: _____

Title/date: _____

LLOYDS SYNDICATE #2488

By: _____

Title/date: _____

LLOYDS SYNDICATE #2987

By: _____

Title/date: _____

ST. PAUL MERCURY

By: _____

Title/date: _____

LEXINGTON INS. CO.

By: _Charles J. Leonard_

Title/date: _Sr. Examiner   12/7/06_

WURTTEMBERGISCHE

By: _____

Title/date: _____

FEB 19 2008

TP – CHUBB DOCUMENTS
PER 2/19/08 ORDER 0088

PAGE THREE OF THREE

AIG DOMESTIC CLAIMS ON BEHALF OF NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA

By: _____

Title/date: Complex Claims Director 12-7-06

LLOYDS SYNDICATE #1007

By: _____

Title/date: MANAGER FI CLAIM 1807

LLOYDS SYNDICATE #2488

By: _____  A. Hemmings

Title/date: _____ AH2 _____ Serior Claims Adjuster

LLOYDS SYNDICATE #2987

By: _____  A Hemmings

Title/date: _____  Serior Claims Adjuster

ST. PAUL MERCURY

By: _____

Title/date: _____

LEXINGTON INS. CO.

By: _____

Title/date: _____

WURTTEMBERGISCHE

By: M. L. Jones

Title/date: CLAIMS EXAMINER. 7/12/6

PAGE. 04
THE DOCUMENT IS COMPLETE
& CONTAINS ONE 1 PAGE

FEB 19 2008

TP – CHUBB DOCUMENTS
PER 2/19/08 ORDER 0090

## HANCE INVESTIGATION

### FUNDS RECEIVED TO DATE – APRIL 14, 2006

#### MORTGAGE LOAN PAYOFFS

| Borrower's Name | Address | Date | Source | Amount Rec'd |
|---|---|---|---|---|
| Michael Bossenbery | 1645 Lochridge | 01/06/06 | Westminster Title Agency, Inc. | $1,719,905.21 |
| Anthony Sleiman | 2610 Vhay Lane | 01/31/06 | Clear Title Agency, Inc. | $2,813,109.49 |
| | 609 Yarboro Dr. | 04/13/06 | | $ 982,345.90 |
| Robert Walston | 219 Lakewood | 03/06/06 | Patriot Title Agency, Inc. | $2,589,234.57 |

TOTAL                                                                $8,104,595.17

### CURRENT FUNDS HELD IN FIFTH THIRD ACCOUNTS

#### (Various individuals and entities)

TOTAL                                                                $ 253,832.61

### COMERICA BANK

#### ACCOUNTS HELD UNDER TEMPORARY RESTRAINING ORDER

| Account Name | Account Number | Balance |
|---|---|---|
| Robert M. Hance | 6812-58225-9 | $ 22,226.24 (11/18/05) |
| Executive Estate Builders | 1852-02850-3 | $133,407.78(10/31/05) |

TOTAL                                                                $155,634.02

CHB
17

## MORTGAGE LOANS OUTSTANDING

| Borrower's Name | Address | Disbursed | |
|---|---|---|---|
| Floyd Anderson | 4000 Overlea Ct. | $ 1,258,740 | *See 9/6/06 Ltr.* |
| Terri Gillum | 264 Lone Pine Ct. | ~~$ 2,000,000~~ | |
| Stephanie Glover | 3935 Quarton Rd. | ~~$ 1,754,380~~ | 1,711,143.55 |
| Roselene Langhorne | Lot 88, Brookside | ~~$ 574,350~~ | 553,763.55 |
| Scott Lucia | Lone Pine Court | ~~$ 1,861,080~~ | 1,824,156.05 |
| Chenzira Maples | 3941 Quarton Rd. | $ 1,374,380 | |
| ~~Anthony Sleiman~~ | ~~609 Yarboro Dr.~~ | ~~$ 975,000~~ | |
| Mercedes Turon | 3320 Franklin Rd. | ~~$ 1,620,000~~ | 1,615,000 |
| ~~Robert Walston~~ | ~~219 Lakewood Dr.~~ | ~~$ 2,560,000~~ | |
| TOTAL | | ~~$ 13,002,930~~ | |

2

2

CHB
18

## FTEM Mortgage Fraud – Principal, Interest and Fee Payments on Mortgages

| Order of Loans | Loan Number | Name | Principal Paid | Interest Paid | Escrow Paid In | Late Charges Paid In | Escrow Disbursements | Payoff Overage Retained | Payoff Fees Collected | Inspection Fees Collected | Balance Owed Due to NSF Payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1060771 | Newble | 221.8 | 76169.15 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 2 | 1163484 | Sleiman | 975,000.00 | 68,291.78 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 3 | 400743696 | Turon | 0 | 44,860.70 | 0.00 | 0 | 0 | 0 | 0 | 0 | 0 |
| 4 | 400824272 | Anderson | 1059.51 | 62,305.11 | 0.00 | 661.1 | 0 | 0 | 0 | 0 | 0 |
| 5 | 401163951 | Sleiman | 2800000 | 78283.31 | 0 | 0 | 0 | 0 | 30 | 0 | 0 |
| 6 | 401208970 | R. Walston | 2560000 | 74156.71 | 0 | 3181.25 | 0 | 246.16 | 30 | 0 | 0 |
| 7 | 401226253 | Gillum | | 99166.69 | 0 | 2666.64 | 0 | 0 | | 8.75 | 0 |
| 8 | 401211404 | Langhorn | 0 | 0.00 | 0.00 | 0 | 0 | 0 | 0 | 0 | 0 |
| 9 | 401216171 | Glover | 0 | 32,191.69 | 0.00 | 0 | 0 | 0 | 30 | 0 | 0 |
| 10 | 401443890 | Bossenbery | 1700000 | 30931.13 | 0 | 504.68 | 0 | 0 | 30 | 0 | 2476.22 |
| 11 | 401463518 | Maples | 0 | 19,467.24 | 0.00 | 0 | 0 | 0 | 0 | 0 | 0 |
| 12 | 401460811 | Lucia | 0 | 37,150.84 | 0.00 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Totals (Rounded)** | | | $ 8,036,281 | $622,974 | | $7,014 | | $ 246 | $ 90 | $ 9 | 2,476   $8,659,090 |

**FTEM Mortgage Fraud - HELOC Loans**

| Name | Account | Funding | Principal Paid | Interest Paid | Fees Paid |
|------|---------|---------|---------------|---------------|-----------|
| Marcus Lewis | 856871330 | 400,000.00 | 0.00 | 5667.21 | 0.00 |
| Pamela Walston | 859510349 | 400,000.00 | 0.00 | 8887.01 | 0.00 |

December 5, 2006

*Via DHL Overnight*

Charles E. Turnbull
O'Reilly Rancilio, P.C.
Sterling Town Center, Suite 350
12900 Hall Road
Sterling Heights, MI 48313-1151

> RE: Insured:     Fifth Third Bancorp
>     Bond No.:     8159-89-50 / 012
>     Claim:     Employee Dishonesty / Robert Hance – Anthony Reed
>     Controlling Company:     Federal Insurance Company

Dear Mr. Turnbull:

Enclosed please find our indemnity check payable to Fifth Third in the amount of $1,433,348.24 as per the Bond's Co-Surety Endorsement and the executed Final Mutual Release – a copy of which with my signature on behalf of Federal was sent via separate email this same day. Thank you again for your efforts in resolving this matter amicably and please do not hesitate to contact me with any final concerns.

Very truly yours,
Chubb & Son
A division of Federal Insurance Company

David D. Pardini, Esq.
Bond Claims Attorney
Northern Specialty Claims
Direct Dial: 412-456-8056
Fax: 412-456-8009
E-mail: dpardini@chubb.com

DDP/lac.591L

Enclosure

THIS DOCUMENT IS SUBJECT TO A
PROTECTIVE ORDER ENTERED ON

FEB 1 9 2008

TP – CHUBB DOCUMENTS
PER 2/19/08 ORDER 0048

DEFENDANT'S
EXHIBIT
7
PENGAD-Bayonne, N.J.

David D Pardini /ChubbMail
12/05/2006 09:51 AM

To   cturnbull@orlaw.com

anton.kidd@equijust.com, bill.parry@equijust.com,
carl.pearse@firstcity.com, "Leonard, Charles"
<Charles.Leonard@AIG.com>,
cc   doug.annakin@hubinternational.com,
jeanna.king@firstcity.com, loleary@stpaultravelers.com,
"Wolin, Mark" <Mark.Wolin@AIG.com>,
mmaillet@chubb.com, paul.betts@firstcity.com

bcc

Subject   Fifth Third 8159-89-50 / 012 Hance - Reed

Mr. Turnbull,

In follow up to my voice mail, attached below is a copy of the Final Mutual Release executed by myself on
behalf of Federal Insurance Company.  Our indemnity check ($1,433.342.24) is being sent to your
attention via DHL overnight and should arrive tomorrow. Thank you for everything and please do not
hesitate to contact me with any final concerns.

David
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
David D. Pardini
Fidelity Claims Attorney
Chubb Group of Insurance Companies
Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222-3008
(412) 456-8056 direct
(412) 456-8009 fax



Fifth Third Bnk - Hance - Signature page.pdf

TP – CHUBB DOCUMENTS
PER 2/19/08 ORDER 0083

FEB 1 9 2008

Court Explorer

✎ Register of Actions                                          ← Go Back

**Case Number**
2009-100219-CK
**Entitlement**
FIFTH THIRD BANK vs. FIRST AMERICAN TITLE INS CO
**Judge Name**
D. LANGFORD MORRIS
**Case E-Filed**
NO
**Case Filed**
04/23/2009
**Case Disposed**
05/25/2010

| Date | Code | Desc |
|------|------|------|
| 11/24/2010 | REA | ORDER FILED REASSIGNING /MCDONALD |
| 11/20/2010 | OJR | CASE REASSIGNED FROM JUDGE MCDONALD TO JUDGE LANGFORD M |
| 05/28/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 05/25/2010 | DIS | DISMISSAL GRANTED AS TO ALL PARTIES W/ PREJ W/O COSTS |
| 05/25/2010 | FDD | FINAL DISP-DISMISS |
| 05/25/2010 | STO | STIP/ORD FILED OF DISMISSAL |
| 04/20/2010 | MPR | MOTION PRAECIPE FILED FOR 05052010 JUDGE 13 |
| 04/19/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 04/19/2010 | NOH | NOTICE OF HEARING FILED |
| 04/14/2010 | MPR | MOTION PRAECIPE FILED FOR 04282010 JUDGE 13 |
| 04/01/2010 | OMA | CASE EVALUATION OUTCOME 02112010 REJECTED |
| 03/26/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 03/19/2010 | ADJ | ORDER OF ADJOURNMENT FILED TRIAL |
| 03/18/2010 | FMA | ALLOW FILING OF MOTIONS |

DEFENDANT'S
EXHIBIT
PENGAD-Bayonne, N.J.

| Date | Code | Desc |
| --- | --- | --- |
| 03/18/2010 | APC | ADJ-COUNSEL 04062010 TO 06072010 BY ORDER |
| 03/18/2010 | APR | DATE SET FOR TRIAL ON 06072010 01 30 PM Y 13 |
| 03/10/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 03/10/2010 | RES | RESPONSE FILED PLF/TO MTN FOR PARTIAL SUM DISP |
| 03/10/2010 | BRF | BRIEF FILED PLF/OPPOSE MTN FOR PARTIAL SUM DISP |
| 02/10/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 02/01/2010 | NOH | NOTICE OF HEARING FILED |
| 02/01/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 01/28/2010 | LET | LETTER FILED SCHEDULING |
| 01/26/2010 | BRF | BRIEF FILED DFT/SUPPT MTN FOR PART SUM DISP |
| 01/25/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 01/22/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 01/21/2010 | NOH | NOTICE OF HEARING FILED |
| 01/21/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 01/21/2010 | MTN | MOTION FILED PARTIAL SUM DISP/DFT |
| 01/20/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 01/14/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 01/08/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 01/07/2010 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 12/17/2009 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 12/11/2009 | ORD | ORDER FILED GRT DFT MTN TO MODFY SO |
| 12/11/2009 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 12/10/2009 | APM | ADJOURNED PER CASE EVALUATION CLERK FROM 01212010 |
| 12/10/2009 | APR | DATE SET FOR CASE EVAL ON 02112010 4 00 PM |
| 12/09/2009 | DM | DEFENSE MOTION MODIFY SCHEDULING-GRANTED |
| 12/02/2009 | MPR | MOTION PRAECIPE FILED FOR 12092009 JUDGE 13 |
| 12/02/2009 | MTN | MOTION FILED TO MODIFY SCHED ORDER/DFT |
| 12/02/2009 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 12/02/2009 | NOH | NOTICE OF HEARING FILED |
| 11/20/2009 | WLT | WITNESS LIST FILED FIRST AMERICAN TITLE |

| Date | Code | Desc |
|------|------|------|
| 11/20/2009 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 11/20/2009 | EXH | EXHIBIT LIST FILED FIRST AMERICAN TITLE |
| 11/19/2009 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 11/19/2009 | WLT | WITNESS LIST FILED & EXH/PLF |
| 11/19/2009 | WLT | WITNESS LIST FILED EXPERT/PLF |
| 11/06/2009 | APR | DATE SET FOR CASE EVAL ON 01212010 1:40 PM |
| 10/19/2009 | APM | ADJOURNED PER CASE EVALUATION CLERK FROM 01192010 |
| 10/19/2009 | APR | DATE SET FOR CASE EVAL ON 01212010 NO TIME SET |
| 07/27/2009 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 07/27/2009 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 07/14/2009 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 07/14/2009 | RES | RESPONSE FILED DFT/TO REQ FOR ADMISS |
| 07/09/2009 | SO | SCHEDULING ORDER FILED |
| 07/04/2009 | SOP | SCHEDULING ORDER WRITTEN |
| 07/04/2009 | | 11/20/2009 EXPERT DATE. |
| 07/04/2009 | | 01/19/2010 CASE EVALUATION DATE. |
| 07/04/2009 | | 11/20/2009 WITNESS DATE. |
| 07/04/2009 | | 02/18/2010 MOTION DATE. |
| 07/04/2009 | | 12/18/2009 DISCOVERY DATE. |
| 07/04/2009 | | 04/06/2010 TRIAL DATE. |
| 07/04/2009 | APR | DATE SET FOR TRIAL ON 04062010 08 30 AM |
| 06/16/2009 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 06/16/2009 | REQ | REQUEST FILED PLF/FOR ADMISS |
| 05/26/2009 | ATC | ANSWER TO COMPLAINT FILED FIRST AMERICAN/AFM |
| 05/26/2009 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 05/01/2009 | SUM | P/S ON SUMMONS FILED 04/28/09 |
| 04/23/2009 | C | COMPLAINT FILED |
| 04/23/2009 | SI | SUMMONS ISSUED |