**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

        Plaintiff,               Case No. 15-CR-20382

    v.                             Honorable Victoria A. Roberts
                                  Magistrate Judge Elizabeth Stafford

D-1 Paul Nicoletti,

        Defendant.
_____/

## Government's Response and Brief in Opposition to Defendant's Motion to Correct Amended Judgment (ECF No. 227)

The United States of America, by its undersigned counsel, respectfully requests that the Court deny Defendant Nicoletti's Motion to Correct Amended Judgment (ECF No. 227) because there is no authority permitting the Court to reopen the issue of restitution as Nicoletti requests.

Nicoletti, who stipulated to the restitution amount at sentencing, now seeks to attack the restitution order under the guise of "correcting" a clerical error. (ECF 179, PageID. 2884-2885: Sentencing Transcript; ECF No. 227, PageID. 3492: Defendant's Motion to Correct Amended Judgment Based on Clerical Error). But Nicoletti's motion has nothing to do with clerical errors. Rather, his bases are substantive challenges to the methods and manner of arriving at the final restitution figure, specifically arguing that this Court did not apply the correct sentencing

statute (ECF No. 227, PageID. 3494), included restitution for uncharged conduct (ECF No. 227, PageID. 3497), based the restitution figure on inaccurate loan amounts (ECF No. 227, PageID. 3499), failed to account for a civil settlement of a co-defendant (ECF No. 227, PageID. 3500), and failed to credit him with insurance settlements (ECF No. 227, PageID. 3500-3502). Thus, Rule 36 does not apply.

Fed. R. Crim. P. 36 provides in pertinent part that: ". . . the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The rule's scope is strictly limited:

> Although the federal rules do not define what constitutes a clerical error, this court has held that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug.15, 2000) (unpublished) (quoting *United States v. Burd*, 86 F.3d 285, 288 (2d Cir.1996)). Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court. See 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice & Procedure § 611 (3d ed. 2004) ("It is only a clerical error that may be corrected at any time under [Rule 36]. An error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of the rule.").

*United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004); *see also*: *United States v. Jones*, 608 F.2d 386 (9th Cir. 1979)(Rule 36 "intended to allow correction

of clerical errors, not to allow reassessment of the merits of an earlier decision after the time for reconsideration or appeal has elapsed); *United States v. Blackwell*, 81 F.3d 945 (10th Cir. 1996)(Rule 36 does not authorize substantive sentencing modification); *United States v. Llanos*, 59 Fed.Appx. 412, 2003 WL 1026003 (2d Cir. 2003), *cert. denied* 540 U.S. 857 (Rule 36 not appropriate vehicle for defendant seeking to modify presentence report).

    Now, nearly 18 months after sentence was imposed at a hearing in which he stipulated to the restitution amount, and after his direct appeal has been decided, Nicoletti seeks to relitigate restitution under Rule 36. As noted above, he does not base his motion on even one clerical error; rather, he challenges the restitution order substantively on various grounds. Neither Rule 36, nor any other authority known to the government, permits such a challenge. His motion should, accordingly, be denied.

                                Respectfully submitted,

                                Saima S. Mohsin
                                Acting United States Attorney

                                *s/Craig A. Weier*
                                Craig A. Weier (P33261)
                                Assistant United States Attorney
                                Eastern District of Michigan
                                211 W. Fort St., Suite 2001
                                Detroit, Michigan 48226
                                (313) 226-9678

## **CERTIFICATE OF SERVICE**

I certify that on June 25, 2021, I sent the foregoing document with attachments to the defendant by email to: pauljnicoletti@gmail.com, and will follow this notification by sending the same, by United States Mail, to: 7474 Port Austin Road, Caseville, MI 48725

s/Craig A. Weier
Craig A. Weier (P33261)
Assistant United States Attorney