UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 2:15CR20382
                                              Hon. Victoria A. Roberts

v

PAUL NICOLETTI,

        Defendant
_____/

## GOVERNMENT'S RESPONSE TO ORDER
## REQUIRING SUPPLEMENTAL BRIEFING

    Defendant Paul Nicoletti has been convicted of bank fraud, resulting in a loss to his victims of approximately $5,299,751.58. At sentencing, he was ordered to pay restitution in the amount of $5,478,751.58[1] and a special assessment of $400. To date, excluding the funds received from TOP, he has paid $92.80. Per standard procedure, in an effort to collect on the court-ordered restitution and the special assessment, Nicoletti was placed into the Treasury Offset Program (TOP), whereby government funds owed him, such as tax refunds, were subjected to offset. Those monies were forwarded to the Clerk of the Court for payment of restitution and the

---

[1] See, Government's Motion to Correct Clerical Error in Amended Judgment (ECR No. 214) Pursuant to Fed.R.Cr.P. 36 (ECF o. 225, PageID 3485-3489)

1

special assessment. On April 27, 2021 Nicoletti filed an emergency motion, complaining that he was wrongfully placed into the TOP, that his tax refund had been improperly sent to the Clerk of the Court, and that the refund should have gone, in large part, to his wife. Prior to receiving a response from the government, on April 30, 2021, the court entered an order directing the United States to return funds that had allegedly been recovered through the TOP (ECF 213), but thereafter, provided the government an opportunity to file a motion for reconsideration of that order.

On May 10, 2021 the government filed a motion for reconsideration, arguing that (1) the Clerk of the Court, not the Executive Branch, is holding the funds; (2) the Clerk must hold the funds for six months to prevent an inadvertent windfall to the defendant or his spouse; (3) because Nicoletti has claimed that the bulk of the funds being held by the Clerk are attributable to his wife's earnings, she has the ability to recover that portion of the refund by way of an administrative claim with the Internal Revenue Service; (4) the portion of the refund not attributable to Nicoletti's wife's earnings should be applied to the $400 special assessment and the restitution; (5) the TOP is a mandatory statutory program for the administrative collection of debt due the United States; and (6) Nicoletti has not shown that he's pursued the mandatory administrative review of his claim of wrongful offset.

After the filing of that motion for reconsideration, the court issued an order directing the government to produce the Administrative Offset Notice informing Nicoletti that federal payments may be subject to offset or confirm that Nicoletti received notice. (ECF No. 230; PageID 3549) This is the government's response to that order.

The issuance of the Administrative Offset Notice is an automated process handled by personnel located in Washington DC. The notice is generated and mailed based upon information input by that unit. Attached as "Exhibit A" is a copy of the U.S. Department of Justice Administrative Offset Notice, which notice was mailed, first class, to Nicoletti's trial counsel, James Howarth. Although it was not returned to the government, Howarth's office has informed the U.S. Attorney's Office that it has no record of receiving the notice. Moreover, by the time that the notice was sent, Howarth had withdrawn as Nicoletti's counsel.

However, the local Financial Litigation Unit also sends a letter to defendant, or defendant's retained counsel, after sentencing. Attached as "Exhibit B" is a copy of the letter, which letter was mailed, first class, to Nicoletti's current counsel Paul Stablein on or about March 13, 2020. This letter was not returned to the government. The letter informs counsel that the government intends to enforce the collection of the restitution, including the potential offset of future income tax refunds.

The appropriate remedy is not an order directing the Clerk to send the withheld funds to Nicoletti. Nicoletti received actual notice that the government intended to enforce the collection of the restitution, including but not limited to, the potential offset of future income tax refunds. On March 17, 2020 he filed his motion to amend the order of restitution to allow payment of restitution in installments. (ECF NO. 174, PageID 2770-2773) On July 1, 2020, pursuant to his request, the court entered an order requiring Nicoletti to immediately begin paying at least $168 per month (10% of his gross monthly income) until he reports to the Bureau of Prisons. (ECF No. 187, PageID 3180-3185) However, Nicoletti failed to pay any of the installments until *after* the government offset his income tax refund. He tendered his first payment, of $46.40, on June 14, 2021.

Nicoletti's challenge to the offset of his income tax refund should have been directed, in the first instance, to the United States Attorney. His failure to pursue his administrative remedies limits the Court's ability to provide him with the relief he seeks. *Bright v. United States Dep't of Treasury* 2018 U.S. Dist. LEXIS 174103 *3 (W.D. Mo.) (relying on *United States v. Beulke*, 892 F. Supp. 2d 1176 (D. S.D. 2012) (before seeking redress in federal court, a person who wishes to challenge his or her referral to TOP must first exhaust administrative remedies) A court order directing the Clerk to return the withheld funds at this juncture, however, would elevate form over substance at the expense of the victims of his fraud.

Finally, even if the court is disposed to evaluate Nicoletti's objection to his placement into the TOP on the merits, it should require him to make some showing that retaining the offset funds for application against the funds he owes toward restitution is improper.

                              SAIMA S. MOHSIN
                              Acting United States Attorney

By:   s/Jacqueline M. Hotz
       Assistant U.S. Attorney
       211 W. Fort St., Ste. 2001
       Detroit, Michigan 48226
       Phone: (313) 226-9108
       Email: Jackie.Hotz@usdoj.gov
       Mich Bar No.: P35219

## CERTIFICATE OF SERVICE

I certify that on July 27, 2021 I filed the foregoing United States Response to Order Requiring Supplemental Briefing with the Court's electronic filing system, which system will send notice of the filing to all counsel of record. I further certify that on July 27, 2021 I mailed a copy of the foregoing document by first class mail to Paul Nicoletti, at his address of record.

                              s/ Jacqueline M. Hotz
                              JACQUELINE M. HOTZ
                              Email:  Jackie.hotz@usdoj.gov