**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                              Plaintiff,          Case No:  2:15-cr-20382
                                                  Honorable Victoria Roberts
-v-                                               Magistrate Judge Elizabeth Stafford

D-1 PAUL NICOLETTI,

                              Defendant.

---

**DEFENDANT'S REPLY TO ECF NO. 231**

NOW COMES the Defendant, Paul Nicoletti, and states as follows with regard to ECF No. 231, filed by the Government on July 27, 2021.  The Government is once again attempting to utilize the "*Sloppy at Best*" argument as justification for lying to the court.  Attached as **Exhibit 1**, is a copy of the pleading filed by the Government clearly representing "The notice of administrative offset was sent to Nicoletti on or about February 20, 2020."  Fortunately, this court picked up on the lie and mandated disclosure of the February 20, 2020, notice of offset.  Note that the court merely wanted a copy of the notice, as the court did not request a five page Response.

The five page Response was in reality to soften the blow regarding the Government's admission of the fact that Nicoletti did not receive any notification dated February 20, 2020, as alleged by the Government for two reasons:  1) a Notice is attached at ECF No. 231-2, PageID 3556, dated February 19, 2020, as opposed to February 20, 2020, as stated; further, the Notice was sent to Nicoletti, Paul c/o James C. Howarth, 615 Griswold Suite 820, Detroit, MI 48226.  According to the Government, James Howarth informed the Government that he did not receive

the Notice, nor did he even represent Nicoletti at that point in time.  ECF No. 231, Page ID 3552.

2) Assuming the above mentioned February 19, 2020, Notice was not returned as undeliverable as represented by the Government, then why would the Government send another letter almost a month later, which this time was allegedly sent to Paul Stablein.  Notice that the Government fails to state whether Paul Stablein indicated whether he received the letter or not.  Insofar as the second letter dated March 13, 2020, it fails to contain any of the mandatory notice provisions or deadlines.

While Defendant gives the Government credit for trying to show compliance, not one of these issues were discussed or mentioned[1] by Jackie Hotz during the court's telephonic conference intended to hold the Government in contempt on May 10, 2021, at 10:00 a.m.  Notice requirements are set forth at 31 CFR 285.2(d)(2) and provide:

> **(2) *Pre-offset notice and consideration of evidence for past-due, legally enforceable debt.***
>
> **(i)** For purposes of paragraph (d)(1)(iii)(B) of this section, a <u>creditor agency</u> has made a reasonable attempt to notify the <u>debtor</u> if the <u>agency</u> uses the current address information contained in the <u>agency</u>'s records related to the <u>debt</u>. Agencies may, but are not required to, obtain address information from the <u>IRS</u> pursuant to <u>26 U.S.C. 6103(m)(2)</u>, (4), or (5).

The bottom line is that the Government failed to mail the required Notice to Nicoletti, as somehow they managed to send other information on April 16, 2021.  See attached **Exhibit 2**.  As it turns out, the Government's argument for keeping the Tax Refund is mooted by the fact that, in reality, there is no restitution due or payable to the victims of the Government, since the record demonstrates that an ***over-payment*** of more than $8,541,713.02 was made on Defendant's

---

[1] Note:  See ECF No. 231, Page ID.3551, where the Government itemizes six issues that may have been discussed, however, none mention the alleged 2/20/20 Notice.

behalf.  ECF No. 227, PageID.3498.  Nevertheless, until such time as the court formally adopts the over-payment figure, Defendant has routinely and regularly made monthly payments to the court despite the fact that he has been on medical disability[2] since March of 2021.  Contrary to the Government's representation, this court has never ordered that Defendant pay $168.00 per month.  The Government's response incorrectly implies the amount would possibly be $168.00 per month however, the court's order states "10% of his gross monthly income" See ECF No. 187, PageID 3180-3185.

In summary, Defendant wants to make it clear that Defendant has been making regular and timely monthly payments, despite the fact that he has zero gross monthly income.  The Government's intentional garnishment of Defendant's Joint Tax Refund, only makes it more difficult for Defendant to make a good faith effort to comply with this court's April 30, 2021, Amended Judgment.

Respectfully submitted,

Paul Nicoletti
Acting *In Pro Se*
7474 Port Austin Road
Caseville, Michigan 48725
(989) 550-5050
pauljnicoletti@gmail.com

Dated: July 29, 2021

---

[2] Note:  Medical Disability Insurance is not counted as monthly income and is exempt from garnishment according to 11 USC 522(d)(10) and MCL 600.5451(1)(j).

3

that is less than 120 days delinquent if the debt is past due in the amount stated by the creditor agency and otherwise legally enforceable. 31 C.F.R. § 285.5(d)(2). The Treasury regulations define "delinquent" or "past due" to mean a debt that has not been paid by the date specified in the agency's initial written demand for payment, or applicable agreement or instrument, unless other payment arrangements satisfactory to the creditor agency have been made.  31 C.F.R. § 285.5(b)

The creditor agency in this matter is the United States Attorney's Office, on behalf of the Department of Justice.  The Department of Justice has its own implementing regulations for the collection of claims owed the government and for participation in the Treasury Offset Program.  These regulations in turn define "past due" debts, specifically stating that "[j]udgment debts remain past due until paid in full." 28 C.F.R. § 11.11(b)  Thus the fact that the Court has allowed Nicoletti an opportunity to pay his restitution over time does not change the fact that the debt is past due and subject to participation in the Treasury Offset Program.

The notice of administrative offset was sent to Nicoletti on or about February 20, 2020.  It provided him with an opportunity to enter into a payment arrangement, satisfactory to the Department of Justice, for the payment of the restitution.  Shortly thereafter, Nicoletti filed his motion seeking a modification of lump sum payment terms with the Court. (ECF No. 174)  The Court entered its

EX.1



**U.S. Department of the Treasury**
Bureau of the Fiscal Service
P.O. Box 1686
Birmingham, AL 35201-1686

**PLEASE RETAIN FOR YOUR RECORDS**

04/16/21



PAUL J & MARY ANN NICOLETTI
3861 ESTATES CT
TROY, MI 48084-1144

## What Happened to My Payment?

The U.S. Department of the Treasury, Bureau of the Fiscal Service (Fiscal Service), applied all or part of your payment to delinquent debt that you owe. This action is authorized by federal law. Below is your payment information:

Payment From: Internal Revenue Service
Payee Name: PAUL J & MARY ANN NICOLETTI          Payment Date: 04/16/21
Original Payment:   $2110.00                                    Payment Type: CHECK

## Who Do I Owe?

We applied your payment to debt that you owe to the following agency:

U.S. ATTORNEY MICHIGAN - EASTERN          TOP Trace Number: 181466267
ATTN: FINANCIAL LITIGATION UNIT                        Account#: MIE 2012A03084008
211 W. FORT STREET                                  Applied to This Debt:    $2110.00
SUITE 2001                                               Type of Debt: Non-Tax Federal Debt
DETROIT, MI 48226
(313) 226-9102

*Dep of Justice 313-226-9102*

Please see additional pages for other debts, if any.

## What Should I Do Now?          *1800-829-1040*

If you agree that you owe the debt, you do not need to do anything. Your debt balance has been reduced. If you believe that your payment was applied in error, you would like to resolve your debt, or you have questions about your debt or outstanding balance, contact the agency listed under **Who Do I Owe.** Please have this notice available when you contact the agency.

Only an agency listed under **Who Do I Owe** has information about your debt. Before sending a debt to Fiscal Service, an agency must send notice to you at the address in its records. The notice explains the amount and type of debt you owe, the rights available to you, and the agency's intention to collect the debt by applying eligible federal payments made to you.

For questions about your debt, please call the agency listed under **Who Do I Owe.** If you have questions about the Treasury Offset Program, please visit our website at www.fiscal.treasury.gov/TOP or call 1-800-304-3107.

EX.2

