UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL NICOLETTI,

    Defendant.

_____/

Case No: 15-20382
Honorable Victoria A. Roberts

**ORDER:**
**[1] DENYING NICOLETTI'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY THE U.S. ATTORNEY SHOULD NOT BE HELD IN CONTEMPT FOR DELIBERATE VIOLATION OF DEFENDANT'S MOTION TO COMPEL [ECF No. 215];**
**[2] GRANTING THE GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING DEFENDANT'S MOTION FOR EMERGENCY RELIEF (213) [ECF No. 217];**
**[3] DENYING NICOLETTI'S MOTION TO COMPEL PRODUCTION OF VICTIM IMPACT STATEMENTS AND FOR AN ACCOUNTING AS TO RESTITUTION AMOUNT [ECF No. 223];**
**[4] GRANTING GOVERNMENT'S MOTION TO AMEND/CORRECT JUDGMENT [ECF No. 225]; and**
**[5] DENYING NICOLETTI'S MOTION TO CORRECT AMENDED JUDGMENT BASED ON CLERICAL ERROR [ECF No. 227]**

I.     **INTRODUCTION & BACKGROUND**

On June 23, 2015, the United States charged Paul Nicoletti in a four-count indictment for his involvement in a bank fraud conspiracy — one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and three

1

counts of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344(2). On May 5, 2019, a jury convicted Nicoletti on all four counts. The Court sentenced Nicoletti to 70 months imprisonment and ordered him to pay restitution in the amount of $5,478,751.88 to the financial institutions that he defrauded, due immediately.

Post-judgment, the Court recognized Nicoletti's decreased earnings and amended its judgment. [ECF No. 187]. The Court allowed Nicoletti to make monthly minimum restitution payments in lieu of a lump sum payment. *Id.* Due to error, the clerk did not docket the amended schedule of payments until recently.

In April 2021, Nicoletti filed a pro se motion to compel the clerk of the court to prepare and file an amended judgment regarding installment payments. [ECF No. 210]. He argued that the government wrongfully garnished his and his wife's joint tax return for $2,110.00. Nicoletti says that approximately 70% of the joint income tax return, or $1,477.00 belongs to his wife and should not have been applied to his restitution.

On April 30, 2021, the Court granted Nicoletti's motion and ordered the United States Attorney's Office, Financial Litigation Unit to "release the wrongfully garnished Joint Tax Refund in the amount of $2,110.00." [ECF

No. 213]. The Court also ordered the clerk to enter the amended schedule of payments on the docket. [ECF No. 214].

Before the Court are three pro se motions filed by Nicoletti:

- Emergency motion for an order to show cause as to why the U.S. Attorney should not be held in contempt for violation of Defendant's motion to compel [ECF No. 215];

- Motion to compel production of victim impact statements and for an accounting as to restitution amount [ECF No. 223]; and

- Motion to correct the amended judgment based on a clerical error [ECF No. 227].

The government filed two motions:

- For reconsideration of the order granting defendant's motion for emergency relief (213) [ECF No. 217]; and

- To alter/correct the amended judgment [ECF No. 225].

II. **DISCUSSION**

   **A. Government's Motion for Reconsideration of the Order Granting Defendant's Motion for Emergency Relief (213) [ECF No. 217]**

The government asks the Court to set aside the portion of the April 30 order that directs it to release Nicoletti's joint tax return because he and his wife failed to exhaust administrative remedies.

Local Rule 7.1(h)(3) provides the Court's standard of review for a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

The government argues that Nicoletti's entire restitution was due at sentencing and the amended judgment that allowed installment payments did not change that. Because the government believed the entire debt was due and it says Nicoletti had not made any restitution payments since his sentencing, it enrolled him into the Treasury Offset Program ("TOP").

TOP collects past-due debts that people owe to state and federal agencies. *United States v Campbell*, 245 F. App'x 505, 507 (6th Cir. 2007); 31 U.S.C. § 3716 and 31 C.F. R. § 285.5. TOP allows the "head of an executive, judicial, or legislative agency" to collect debts owed to the United States by 'administrative offset' after following certain procedures. 31 U.S.C. § 3716(a). One of the procedures requires the government to give sixty days notice prior to offset. 31 U.S.C. § 3720A. Another involves giving the debtor "an opportunity to make a written agreement with the head of the agency to

4

repay the amount of the claim." 31 U.S.C § 3716(a)(4). The offset statute allows debtors an opportunity for review of the offset within the agency that enrolled them. 31 US.C. § 3716(a)(3).

Nicoletti maintains that he never received notice of his TOP enrollment. He also argues that no restitution is due because the victims have been overpaid.

The creditor agency at issue is the United States Attorney's Office on behalf of the Department of Justice. The United States Department of Justice mailed Nicoletti a notice of intent to his trial counsel, James Howarth, on February 19, 2020, before Nicoletti filed his motion to amend/correct the payment schedule for restitution. [ECF No. 174]. But, Howarth withdrew as counsel by the time the United States Attorney's Office mailed the notice. Although the notice was not returned, Howarth's office says it never received the notice. The local Financial Litigation Unit for the United States Attorney's Office for the Eastern District of Michigan mailed Nicoletti's new counsel, Paul Stablein, a demand for Nicoletti's full restitution amount on March 13, 2020. That letter was not returned.

Prior to seeking judicial relief, a debtor must exhaust administrative remedies through agency review. *See United States v. Mayer*, No. 04CR100-1-SM, 2010 WL 4916561 (D. N.H. Dec. 3, 2010); *United States v.*

5

*Beulke*, 892 F. Supp. 2d (D. S.D. Sep. 20, 2012).Although Nicoletti says that he did not receive notice of the intent to offset, "[t]he likelihood of actual receipt … is not the relevant standard" to determine whether the government met the notice requirement. *Kipple v. United States*, 105 Fed. Cl. 651, 656 (2012). Rather, relevant regulations provide that notification or a "reasonable attempt" to notify should be sent to the taxpayer. *See* 26 C.F.R. § 301.6402-6(c)(4), (d)(1) (2007) (stating that the IRS's last address on file would be reasonable). The Court finds that the government's notice to Paul Stablein was sufficient.

The government presents a palpable defect. It provides evidence that Nicoletti received sufficient notice of his TOP enrollment and failed to respond or exhaust his administrative remedies. Nicoletti must exhaust administrative remedies before he seeks redress in Court.

The Court **GRANTS** the government's motion for reconsideration.

### B. Nicoletti's Emergency Motion for An Order to Show Cause as to Why the U.S. Attorney Should Not Be Held in Contempt for Deliberate Violation of Defendant's Motion to Compel [ECF No. 215]

Nicoletti filed a motion to show cause as to why the U.S. Attorney should not be held in contempt for its deliberate violation of the Court's order requiring the government to return his joint tax return. [ECF No. 215].

After Nicoletti filed this motion, the Court held a telephone status conference. Based on the status conference, the Court allowed the government to file a combined motion for reconsideration of the April 30 order and response to Nicoletti's motion for an order to show cause. As discussed above, the Court grants the government's motion for reconsideration.

The Court **DENIES** Nicoletti's motion.

### C. Nicoletti's Motion to Compel Production of Victim Impact Statements and for an Accounting as to [the] Restitution Amount [ECF No. 223]

Nicoletti filed a motion to compel production of victim impact statements and for an accounting of the restitution amount. He asked probation to give him victim impact statements from Fifth Third Bank, Chubb Insurance, and First American Title Recovery, as well as an accounting of the restitution amounts, including payments made by his co-defendants. Probation passed the request to the U.S. Attorney's Office, which replied that it could not share that information. Nicoletti says that 18 U.S.C. § 3663 entitles him to review the sentencing information and the restitution balance for accuracy.

The government says Nicoletti is not entitled to victim impact statements because there were none from Fifth Third Bank or its insurers,

7

First American Title Recovery and Chubb; it says there were only a schedule of losses, recoveries from the sale of properties, and insurance payments. The government says it provided Nicoletti's counsel with this information prior to sentencing. It also attaches the schedule of losses to its motion response.

The Court cannot order the production of something that does not exist. Moreover, the government provided Nicoletti with several documents which confirm the restitution calculation and advises that Nicoletti can obtain an accounting of the restitution balance from the clerk's office.

The Court **DENIES** Nicoletti's motion.

### D. Government's Motion to Alter/Correct Amended Judgment [ECF No. 225]

The government claims that the $5,478,751.58 figure listed in the amended judgment as the total restitution amount is inaccurate due to a mathematical error, and that the Court should make the correction pursuant to Fed. R. Crim. P. 36. It says the correct total restitution amount is $5,299,751.58. Nicoletti denies this amount without any conceivable justification.

The Court reviewed the original loss suffered by Fifth Third Bank minus the profits received from the property sales, the money obtained through civil

8

litigation and the collection of judgments, and insurance payments. The Court agrees that the correct total restitution figure is $5,299,751.88.

The Court **GRANTS** the motion. The Clerk of the Court will enter a second amended judgment.

### E. Nicoletti's Motion to Correct Amended Judgment Based on Clerical Error [ECF No. 227]

Nicoletti moves for an order to correct the amended judgment to eliminate restitution payments. He claims that the government and the Court made several clerical errors that affected the total restitution amount; Nicoletti argues that the victims have been paid in full.

He also requests that the Court resentence him pursuant to Fed. R. Crim. P. 35 to correct the arithmetical, technical, or other clear errors.

Nicoletti makes three claims: (1) the Court failed to apply the correct sentencing statute at sentencing; he says the Court mistakenly cited 18 U.S.C. § 3663A, instead of 18 U.S.C. §3663(a); (2) the restitution amount failed to account for Tyrone Hogan's settlement; and (3) the amended judgment failed to report the civil litigation recoveries from Hogan, Chubb, and First American Title Recovery.

Fed. R. Crim. P. 35 addresses the bases on which district courts "may" correct or reduce a sentence. Under the rule, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical,

9

technical, or other clear error" or the Court may, upon motion of the government, reduce a sentence if the defendant provides "substantial assistance."

Nicoletti is well beyond fourteen days after his sentencing and the second section of Rule 35 requires a motion by the government based on substantial assistance. Neither section is applicable. Fed. R. Crim. P. 35.

The Court **DENIES** Nicoletti's motion.

### III. CONCLUSION

The Court:

- **GRANTS** the government's motion for reconsideration of the order granting Defendant's motion for emergency relief (ECF No. 213) [ECF No. 217];

- **DENIES** Nicoletti's motion to show cause as to why the U.S. Attorney should not be held in contempt for deliberate violation of Defendant's motion to compel [ECF No. 215];

- **DENIES** Nicoletti's motion to compel victim impact statements and for an accounting as to restitution amount [ECF No. 223];

- **GRANTS** the government's motion to correct clerical error in the amended judgment [ECF No. 225]; and

- **DENIES** Nicoletti's motion to correct the amended judgment based on clerical error [ECF No. 227].

**ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
Dated: 8/5/2021           United States District Judge