UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Paul Nicoletti,

    Defendant.
_____/

Case No. 15-20382
Honorable Victoria A. Roberts

### ORDER DENYING DEFENDANT'S THIRD MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [ECF No. 247].

**I.    INTRODUCTION**

Paul Nicoletti, a licensed attorney for 14 years before his conviction for bank fraud, brings this motion to vacate, set aside, or correct his sentence. He argues that his trial, sentencing, and appellate attorneys engaged in ineffective assistance of counsel in violation of the Sixth Amendment.

Because Nicoletti fails to establish that his counsel's errors were so serious that they deprived him of a fair trial, the Court **DENIES** Nicoletti's motion with prejudice.

**II.    FACTUAL BACKGROUND**

In 2005, Nicoletti participated in a conspiracy to fraudulently obtain high-value mortgage loans from Fifth Third Mortgage Michigan using straw

buyers and falsified records. The scheme involved a Fifth Third Mortgage Michigan loan officer, real estate developers, and one of Nicoletti's former business partners. They sought out people with strong credit scores to be straw buyers, paid them to use their names and credit history to obtain mortgages, and promised them part of the expected profit from their "investment" in the property. Nicoletti's co-conspirators falsified documents to inflate the straw buyers' assets and income so they would qualify for higher mortgage loans. The loan applications falsely stated that the straw buyers planned to use the purchased properties as primary residences.

Nicoletti played several roles in the scheme. He brought an individual in as a straw buyer, served as the title agent on six fraudulent transactions, helped coordinate and close real estate closings, prepared fraudulent HUD1 settlement statements, and received and disbursed the proceeds of the mortgage loans through a checking account at Fifth Third Bank Michigan.

Once proceeds from each respective fraudulent loan entered the checking account, Nicoletti used the money to purchase cashier's checks from Fifth Third Bank Michigan in the name of the straw buyer of that transaction. Nicoletti deposited the cashier's checks back into the checking account to give the appearance of the straw buyer's down payment. When the conspiracy unraveled, Nicoletti advised a co-conspirator to destroy

2

evidence by wiping the laptop used to forge fraudulent loan documents.

This Court sentenced Nicoletti to 70 months, well below the 108-135-month guideline range. Nicoletti appealed, claiming the Court did not have jurisdiction to hear his case. While Nicoletti's appeal was pending, he filed two motions to vacate, set aside, or correct his sentence. The Court dismissed both motions as premature. Ultimately, the Sixth Circuit rejected Nicoletti's jurisdiction argument and affirmed the trial judgment.

Nicoletti now files his third motion to vacate, alleging errors of constitutional magnitude as a basis for relief. Nicoletti makes 24 individual claims of ineffective assistance of counsel. He alleges ineffective assistance of trial counsel, James Howarth, sentencing counsel, Paul Stablein, and appellate counsel, Tyler Yarbro. Because Nicoletti alleges 24 separate grounds for ineffective assistance (none of which has any bearing on the following analysis), the Court will not list each ground. However, the Court specifically addresses two bases for ineffective assistance: failure to argue lack of subject matter jurisdiction and failure to assert a statute of limitations defense.

### III. LEGAL STANDARD

An incarcerated person in custody under sentence of a federal court may move to vacate, correct, or set aside the sentence on grounds that "the

3

sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

To prevail on a section 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Conclusive allegations of wrongdoing, without credible facts to support them, are insufficient to entitle a petitioner to relief under section 2255. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

## IV. ANALYSIS

Nicoletti cannot prove an error of constitutional magnitude to support his § 2255 motion. To prevail on a Sixth Amendment ineffective assistance of counsel claim, a defendant must demonstrate that (1) his attorney's

4

performance was deficient, and (2) he was prejudiced because of the alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To satisfy the deficiency prong, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88. He must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result would have been different. *Id.* at 694. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy. *Id.*

### A. Nicoletti failed to establish that he was prejudiced because of counsel's alleged deficient performance.

Each of Nicoletti's 24 ineffective assistance claims fails the *Strickland* test because he cannot satisfy the prejudice prong in any of his claims.

A court need not determine whether counsel's performance was

5

deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id.* at 697. The object of an ineffectiveness claim is not to grade counsel's performance; if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Id.* ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

To satisfy the prejudice prong, *Strickland* required Nicoletti to demonstrate a "reasonable probability" that, but for counsel's unprofessional errors, the result of his trial would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* In other words, Nicoletti was required to show that counsel's errors were "so serious as to deprive [him] of a fair trial." *Id.* at 687. A court must also consider the totality of the evidence before the jury. *Id.* at 695. The defendant must "affirmatively prove" prejudice. *Id.* at 693.

Looking at the totality of the evidence presented against Nicoletti, he cannot prove prejudice. Nicoletti does not establish that there was any probability, let alone a reasonable one, that the result of his trial would have differed had his counsel not "erred" as he says they did. In none of Nicoletti's 24 claims of ineffective assistance does he allege that there is a reasonable

probability that but for counsel's errors, the result of his trial and/or sentence would have been different. This alone is enough to deny his motion in full.

But there is more. As *Strickland* articulates, "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.* at 696. But there is "overwhelming record support" for Nicoletti's conviction; the Government presented substantial evidence of guilt. For example:

- Nicoletti admitted on the stand that he intended to fraudulently obtain bank property from Fifth Third Bank Michigan or Fifth Third Bank Ohio;
- Three separate co-conspirators testified against Nicoletti, outlining his involvement in the scheme;
- Much of Nicoletti's mortgage fraud was documented by his own signatures on false documents and false checks issued from his own title company;
- Nicoletti was caught on tape admitting that he knew the straw buyers were not bringing money to closing;
- Recorded statements of Nicoletti exist of him saying that he was destroying electronic documents and shredding paper documents relating to Fifth Third Bank; and
- Nicoletti instructed a co-conspirator to take his Fifth Third laptop, which he knew contained false documents related to the mortgage loan fraud, to another co-conspirator who owned a computer repair shop to have the laptop hard-drive erased.

This evidence is sufficient to demonstrate that Nicoletti was guilty beyond a reasonable doubt. Even if the Court entertained a theory that Nicoletti's counsel was deficient, the evidence of his guilt supports that Nicoletti was not prejudiced; his conviction was supported by the record.

7

Nicoletti fails to show that counsel's alleged errors were "so serious as to deprive [him] of a fair trial." To the contrary, Nicoletti's trial was fair and reliable.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Nicoletti's claims asserting failure to subpoena records, failure to object to certain evidence, and failure to engage in more aggressive cross-examination, among other assertions, had no effect on his judgment of conviction.

Moreover, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696. Despite Nicoletti's many arguments for ineffective assistance, his trial and sentence were fundamentally fair. Overwhelming evidence of Nicoletti's guilt notwithstanding, this Court still gave him a significant reduction in his sentence. Even though Nicoletti's guideline range was 108-135 months, the Court only sentenced him to 70 months—a term well below his applicable range. Nicoletti cannot say, in good faith, that he was deprived of a fair trial given the abundant evidence against him and the moderate sentence he received. Nicoletti's trial and resulting sentence were fundamentally fair.

A discussion of two of Nicoletti's ineffective assistance arguments is

warranted. First, to the extent that Nicoletti argues he was prejudiced due to counsel's failure to argue that his conduct did not constitute a federally actionable offense under 18 U.S.C. 1344, this claim is baseless. This issue of subject matter jurisdiction has been litigated and relitigated at length before the Court. Nicoletti argued the issue in a pre-trial motion to dismiss, and again during trial. Both times, the Court denied his motion. After trial, Nicoletti moved for acquittal, raising the same argument. For the third time, this Court rejected his argument.

Nicoletti brought the same subject matter jurisdiction argument to the Sixth Circuit on appeal; it also rejected it and affirmed his conviction.

Second, to the extent that Nicoletti argues he was prejudiced due to trial counsel's failure to argue that his charges were barred by a 5-year statute of limitations, this claim is also baseless. 18 U.S.C. § 3282(a) sets a five-year statute of limitations for any offense not capital—"except as otherwise expressly provided by law." 18 U.S.C. § 3282(a). 18 U.S.C. § 3293 expressly provides a ten-year statute of limitations for bank fraud in violation of 18 U.S.C. § 1344, which is Nicoletti's offense of conviction. *See* 18 U.S.C. § 3293. The substantive crime he stands convicted of is bank fraud, for which the statute of limitations is ten years. Nicoletti was not prejudiced by any failure to raise a statute of limitations defense.

9

Throughout his motion, Nicoletti merely states that his counsel was ineffective without substantiating these claims with concrete reasons why the result of his trial would have differed had counsel done what Nicoletti asserts they should have. A motion which merely states general conclusions of law, without corroborating factual allegations, is without legal merit. *See O'Malley*, 285 F.2d at 735.

Because Nicoletti cannot establish *Strickland*'s prejudice prong, there is no need to address the deficiency prong.

## V. CONCLUSION

The Court **DENIES** Nicoletti's third section 2255 motion with prejudice.

Nicoletti must obtain a certificate of appealability from this Court before appealing. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at 2253(c)(2). Nicoletti makes no such showing, and the Court declines to grant a certificate of appealability.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  November 22, 2022