UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

                                          Case No. 15-20382
                                          Honorable Victoria A. Roberts

Paul Nicoletti,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE [ECF No. 264]

### I.    INTRODUCTION

In May 2019, Paul Nicoletti was convicted of fraudulently obtaining $8 million dollars' worth of mortgage loans using straw buyers and falsified records. The Court sentenced him to 70 months in prison. Nicoletti now moves for compassionate release based on his medical conditions and the COVID-19 pandemic. After reviewing the motion papers and applicable factors provided in 18 U.S.C. § 3553(a), the Court **DENIES** Nicoletti's motion.

### II.    RELEVANT LAW

The compassionate release statute allows the Court to release a defendant if, among other things, "extraordinary and compelling reasons warrant such a [release]," 18 U.S.C. § 3582(c)(1)(A)(i), and the applicable

factors in 18 U.S.C. § 3553(a) support release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). The COVID-19 pandemic, standing alone, is not sufficient to warrant immediate release. *United States v. Scarborough*, 821 F. App'x 598, 600 (6th Cir. 2020).

### III. ANALYSIS

Nicoletti says extraordinary and compelling reasons exist for his release because he has a high risk of contracting COVID-19 in prison and because he suffers from hemochromatosis (excess iron), hypertension (high blood pressure), hyperlipidemia (high cholesterol), cervical disc disorder (neck pain), and obesity, which make him more susceptible to COVID-19. The government contends that Nicoletti's medical conditions do not constitute an extraordinary or a compelling reason to grant release. The parties also dispute whether the § 3553(a) factors support Nicoletti's release.

**A. Nicoletti's Medical Conditions**

First, Nicoletti's hemochromatosis does not constitute an extraordinary and compelling reason for release. Though the Court acknowledges that the illness is serious and may lead to death if left untreated, Nicoletti's medical records demonstrate that the condition is being appropriately managed. Nicoletti himself states in his briefing that he is currently receiving phlebotomies, which even he asserts is the best possible treatment for

2

hemochromatosis. *See* [ECF No. 264, PageID.4376] ("Phlebotomies continue to this very date, with blood draws being less often than early on in the treatment."); *see also id.* at PageID.4377 ("There is no known cure for the rare blood disease, as the phlebotomy is the only available treatment for the disorder.") Because Nicoletti's hemochromatosis is being appropriately managed via the best treatment medically available, this illness does not constitute an extraordinary or compelling reason to grant compassionate release.

Nor does Nicoletti's obesity. According to Nicoletti himself, his BMI is 30.5. [ECF No. 270, PageID.4989]. 30.5 is just barely over the 30 threshold that indicates obesity. As the government articulates, "such a condition does pose some health risks, but is hardly extraordinary—some 41 percent of American adults are classified as obese according to the CDC . . . and Nicoletti is [on] the low end of those with that condition." [ECF No. 266, PageID.4417-8].

His medical records support that he is being adequately treated for his obesity. Further, given that the Sixth Circuit questions whether *morbid* obesity is an extraordinary and compelling reason, *see United States v. Bass*, No. 21-1094, 2021 WL 476467, at *1 (6th Cir. Feb. 5, 2021) ("Whether morbid obesity is an extraordinary and compelling reason supporting

3

compassionate release is questionable"), Nicoletti's *marginal* obesity surely cannot meet that standard.

Nicoletti's medical records equally support that his other illnesses are being appropriately managed as well. He attempts to overstate the nature of his illnesses. Though the multisyllabic medical terms for his ailments may invoke fear, in laymen's terms Nicoletti essentially suffers from high blood pressure, high cholesterol, and neck pain. These conditions are not "extraordinary" in any stretch of the imagination—as the government articulates, "Nicoletti presents as a fairly normal 63 year old male, with the chronic health conditions common to many in his population cohort." [ECF No. 266, PageID.4418].

The Court agrees with the government that Nicoletti's health issues are nothing more than the typical ailments of late middle age.

Nicoletti's depression, anxiety, and thyroid problems are also being appropriately monitored and medicated. His conditions are not sufficiently severe to warrant relief. Even if they were, Nicoletti fails to meet the 3553(a) factors to support relief.

### B. 3553(a) Factors

Considering the nature and circumstances of Nicoletti's offense – using his law license to fraudulently obtain over $8 million dollars – releasing

4

Nicoletti at this juncture would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. *See* § 3553(a)(1)-(2). Though the Court commends Nicoletti for his progress towards rehabilitation while incarcerated, this does not warrant relief. This Court already leniently sentenced Nicoletti to 70 months, well below his applicable 108-135-month guideline range. The Court finds that this sentence remains appropriate in light of the relevant § 3553(a) factors.

Because the applicable § 3553(a) factors weigh against Nicoletti's release, the Court **DENIES** his motion.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 24, 2023